| Fill in this Information to identify the case: | | |
|---|---|---|
| Debtor 1 | Bake-Line Group | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: _____ District of Delaware (State) | | |
| Case number: | 04-10104 | |

## APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS

### 1. Claim Information

For the benefit of the Claimant(s)[1] named below, application is made for the payment of unclaimed funds on deposit with the court. I have no knowledge that any other party may be entitled to these funds, and I am not aware of any dispute regarding these funds.

Note: If there are joint Claimants, complete the fields below for both Claimants.

| Amount: | 1781.27 |
|---|---|
| Claimant's Name: | JM Partners LLC, Assignee |
| Claimant's Current Mailing Address, Telephone Number, and Email Address: | 6800 Paragon Place, Ste 202<br>Richmond, VA 23230<br>804-285-0807<br>JMarshall@JMPartnersLLC.com |

### 2. Applicant Information

Applicant[2] represents that Claimant is entitled to receive the unclaimed funds because (check the statements that apply):

☐ Applicant is the Claimant and is the Owner of Record[3] entitled to the unclaimed funds appearing on the records of the court.

☒ Applicant is the Claimant and is entitled to the unclaimed funds by assignment, purchase, merger, acquisition, succession or by other means.

☐ Applicant is Claimant's representative (e.g., attorney or unclaimed funds locator).

☐ Applicant is a representative of the deceased Claimant's estate.

### 3. Supporting Documentation

☒ Applicant has read the court's instructions for filing an Application for Unclaimed Funds and is providing the required supporting documentation with this application.

---

[1] The Claimant is the party entitled to the unclaimed funds.
[2] The Applicant is the party filing the application. The Applicant and Claimant may be the same.
[3] The Owner of Record is the original payee.

Local Form 127

## 4. Notice to United States Attorney

☒ Applicant has sent a copy of this application and supporting documentation to the United States Attorney, pursuant to 28 U.S.C. § 2042, at the following address:

Office of the United States Attorney
District of Delaware
1313 N. Market Street
Wilmington, Delaware 19801

## 5. Applicant Declaration

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: 12/5/23

Signature of Applicant

Printed Name of Applicant: John Marshall / Marshall

Address: 6800 Paragon Pl Ste 220, Richmond, VA 23230

Telephone: 804-285-0807

Email: jmarshall@mpartnersllc.com

## 6. Notarization

STATE OF Virginia

COUNTY OF Henrico

This Application for Unclaimed Funds, dated 12/5/23 was subscribed and sworn to before me this 5 day of Dec, 20 23 by

who signed above and is personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument. WITNESS my hand and official seal.

(SEAL) Notary Public Ann C. Brown

My commission expires: 6.30.24

*Notary seal: ANN C. BROWN, NOTARY PUBLIC, REG # 7521150, COMMISSION EXPIRES 6-30-24, COMMONWEALTH OF VIRGINIA*

## 5. Co-Applicant Declaration (if applicable)

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: _____

Signature of Co-Applicant (if applicable)

Printed Name of Co-Applicant (if applicable)

Address: _____

Telephone: _____

Email: _____

## 6. Notarization

STATE OF _____

COUNTY OF _____

This Application for Unclaimed Funds, dated _____ was subscribed and sworn to before me this _____ day of _____, 20____ by

who signed above and is personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument. WITNESS my hand and official seal.

(SEAL) Notary Public _____

My commission expires: _____

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:  **Bake-Line Group, LLC**　　　　　Case # **04-10104**
　　　　Debtor　　　　　　　　　　　　　　Chapter **7**

## MOTION TO WITHDRAW UNCLAIMED FUNDS

**John Marshall, acting in my capacity as Managing Member of JM Partners LLC** ("Applicant") moves this Court for an order directing the Clerk to remit to the Applicant the sum of **$ 1781.27** which was deposited into the Court's Registry of Unclaimed Funds as unclaimed funds for **Linda Erwin** now due to the Applicant, and states as follows:

1. That the Trustee deposited **$ 1781.27** the "Unclaimed Funds") due to **Linda Erwin** into the Court Clerk's Unclaimed Funds Account.

2. That by evidence provided herewith, **Linda Erwin** has sold and assigned all rights in the Unclaimed Funds (and the underlying Claim itself, to the extent the funds arose from same) to the Applicant.

3. That further shown by the evidence herewith, the Applicant is the proper assignee, and has provided an appropriate Affidavit and all related evidence, and has submitted herewith proof of service upon the United States Trustee, the Debtor, the US Attorney, the case Trustee, and the original creditor.

WHEREFORE, the Applicant respectfully requests that the Court enter an Order Releasing the Unclaimed Funds to the Applicant, and for all other just and proper relief in the premises.

Dated: 6/6/23

John J. Marshall / Managing Member
JM Partners LLC
6800 Paragon Place, Suite 202
Richmond, VA 23230
Phone 804-285-0807

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| In re: **Bake-Line Group, LLC** | Case # **04-10104** |
| Debtor | Chapter **7** |

ORDER GRANTING MOTION TO WITHDRAW UNCLAIMED FUNDS

**ORDERED** on this _____ day of _____, 2023 that the Clerk of the United States Bankruptcy Court, District of Delaware, is directed to remit $ **1781.27** to **JM Partners LLC, Assignee, ATTN: John Marshall, 6800 Paragon Place, Suite 202, Richmond, VA 23230**, representing unclaimed funds being held by the Court's Treasury in the above captioned bankruptcy case.

Dated: _____

_____
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re: **Bake-Line Group, LLC**  
Debtor

Case # **04-10104**  
Chapter **7**

## CERTIFICATE OF SERVICE

**John Marshall, acting in my capacity as Managing Member of JM Partners LLC, the Claimant and Movant in this matter,** hereby certifies under the penalties of perjury that on the date noted below, he mailed by United State Postage, Prepaid, a copy of the Motion to Withdraw Unclaimed Funds along with a copy of the Notice of said Motion to each of the following parties:

*United States Attorney:*  
US Attorney District of DE  
1007 N. Orange Street Ste 700  
Wilmington, DE 19801

*U.S. Trustee:*  
Office of United States Trustee  
J. Caleb Boggs Federal Bldg  
844 King Street, Suite 2207  
Lockbox 35  
Wilmington, DE 19899-0035

*Original Creditor / Assignor:*  
Linda Erwin  
17252 Bowhunter Road  
Kingston, OK 73439  
Phone 580-564-6479

*Case Trustee:*  
George L. Miller  
1628 John F. Kennedy Blvd.  
Suite 950  
Philadelphia, PA 19103-2110

*Debtor:*  
Bake-Line Group, LLC  
17 W. 220 22nd Street  
Oakbrook Terrace, IL 60181

*Debtor's Counsel:*  
Laura Davis Jones  
Pachulski Stang Ziehl & Jones LLP  
919 N. Market Street, 17th Floor  
Wilmington, DE 19801

Respectfully submitted this 8th day of August, 2023

John J. Marshall

**Notary Public:**  
Sworn to and Subscribed before me this 8th day of August, 20 23.

_____ SEAL  
Signature of Notary Public  
State of **Virginia** – City/County of **Henrico**



KATHRYN T LUNSFORD  
NOTARY PUBLIC  
REG # 7521795  
COMMISSION EXPIRES 2/29/2024  
COMMONWEALTH OF VIRGINIA

**Evidence and Supporting Documents related to an Unclaimed Funds Recovery filing**

*INDEX TO ENCLOSURES*

**Unclaimed Funds Recovery**

**HOLDER: USBC Delaware**
**CASE # 04-10104 Bake-Line**
**CLAIMANT: JM Partners LLC, Assignee**

**Brief History Statement & Recap of Supporting Evidence:**

*Linda Erwin* was the original creditor ("Creditor") in this case. The Creditor did not receive their distribution for reasons unknown, but most likely due to a mailing error, leading to the unclaimed funds in this matter.

JM Partners LLC ("Claimant") located the Creditor, disclosed the full details of the account, and the Creditor sold and assigned the account and the underlying claim from which it arose to the Claimant accordingly.

Proper evidence of all these facts is included herewith. Thus, JM Partners LLC makes this application as the Assignee and Owner of the funds in question.

.

Prepared & Submitted by:

JM Partners LLC
ATTN: John Marshall / Managing Member
6800 Paragon Place Suite 202
Richmond, VA 23230
Phone 804-285-0807
JMarshall@JMPartnersLLC.com

| | |
|---|---|
| Evidence of Funds Deposit by Trustee | 1 |
| Complete Assignment Package | 2 |
| Affidavit of Assignee | 3 |
| | 4 |
| | 5 |
| | 6 |
| | 7 |
| | 8 |
| | 9 |
| | 10 |
| | 11 |
| | 12 |
| | 13 |
| | 14 |
| | 15 |

EXHIBIT "C"
CANNOT LOCATE

| CLAIM # | NAME & ADDRESS OF CLAIMANT | CLAIM AMOUNT | DIVIDEND AMOUNT | OTHER KNOWN NAME | OTHER KNOWN ADDRESS |
|---|---|---|---|---|---|
| 345B | P & J BROKERAGE<br>501 E 74TH ST<br>HUTCHINSON KS 67502 | 2,154.86 | 39.13 | N/A | |
| 410B<br>410C | SHARON A. GILBERT<br>10256 HATCH RD<br>JACKSONVILLE FL 32225 | 4,716.15<br>555.00 | 95.73 | N/A | |
| 443B | CHEEKS WEST COAST<br>8376 MT HOOD<br>RIVERSIDE CA 92504 | 15,121.42 | 274.62 | N/A | |
| 448B | PHOENIX FOODS, INC.<br>165 N NEW BOSTON ST<br>WOBURN MA 01801 | 24,164.30 | 438.85 | N/A | |
| 463B | LINDA ERWIN<br>HC 71 BOX 176<br>KINGSTON OK 73439 | 2,606.10 | 1,781.27 | N/A | The Funds |
| 470B | BARBARA HUGHES<br>409 SUMMIT<br>MARIETTA OK 73448 | 826.40 | 564.84 | N/A | |
| 530u | CHARLES MANNING<br>11115 EGERT LN<br>THACKERVILLE OK 73459 | 926.83 | 16.83 | N/A | |
| 552, 553,<br>554, 555 | HLT OF TENNESSEE<br>ATTN: LOCK BOX<br>P.O. BOX 309<br>Eaton, OH 45320 | 981.00<br>3.50<br>339.71<br>668.75 | 36.20 | N/A | |
| 605B | CLAUDE'S CANDY BROKERAGE, INC<br>1121 POPLAR VIEW LW #1<br>COLLIERVILLE TN 38017 | 1,000.00 | 18.16 | N/A | |
| 628A<br>628B | MELONIE BASINGER<br>RT 1 BOX 178<br>MARIETTA OK 73448 | 927.79<br>201.91 | 218.76 | N/A | |
| 639B | PEDRO FERNANDEZ<br>500 SE 2ND<br>MARIETTA OK 73448 | 2,780.00 | 50.49 | N/A | |
| 655B | BONNIE MCCARROLL<br>13030 AUDELIA ROAD., APT 1208<br>DALLAS TX 75243 | 1,239.60 | 15.39 | N/A | |
| 661B | ALONSO M. FERNANDEZ<br>500 SE 2ND ST<br>MARIETTA OK 73448 | 576.00 | 10.46 | N/A | |
| 666B | RUSSELL D. KRETZSCHMAR<br>PO BOX 12<br>THACKERVILLE OK 73459 | 1,014.75 | 693.59 | N/A | |
| 731B | BERDIA JONES<br>B NANDINA CIR APT 7<br>LITTLE ROCK AR 72210 | 2,183.92 | 39.66 | N/A | |
| 732B | DARIUS A. CROSS<br>2403 12TH AVE B<br>CHATTANOOGA TN 37407 | 1,320.56 | 902.61 | N/A | |
| 739B | MICHAEL CAMPBELL<br>586 MARSDEN RD<br>OVERBROOK OK 73453 | 799.20 | 9.92 | N/A | |
| 778A<br>778B | PEDRO M. FERNANDEZ<br>RT 2 BOX 313F<br>MARIETTA OK 73448 | 484.36<br>45.69 | 54.49 | N/A | |
| 812B | SANDRA L. FULLINGTON<br>190 HERITAGE TRAIL APT C<br>TRENTON GA 30752 | 567.00 | 387.55 | N/A | |
| 848A<br>848B | ROBERT C. BROWN<br>731 S MCDONALD RD SW<br>MCDONALD TN 37353 | 1,661.68<br>1,856.39 | 1,695.39 | N/A | |
| 858B | Donna S. Rychlik<br>PO BOX 242<br>BURNEYVILLE OK 73430 | 1,002.57 | 18.21 | N/A | |
| 862A<br>862B | SAN JUANITA J. FLORES<br>501 WASHINGTON ST LOT 9<br>MARIETTA OK 73448 | 296.32<br>52.16 | 57.54 | N/A | |

# Evidence and Supporting Documents related to an Unclaimed Funds Recovery filing

## INDEX TO ENCLOSURES

**Unclaimed Funds Recovery**

**HOLDER:** USBC Delaware
**CASE #** 04-10104 Bake-Line
**CLAIMANT:** JM Partners LLC, Assignee

| | |
|---|---|
| **Purchase & Assignment of Interest** | 1 |
| **Bill of Sale** | 2 |
| **Affidavit of Assignor** | 3 |
| **Photo ID of Assignor or it's Rep** | 4 |
| **Evidence of Linkage to Case/Claim** | 5 |
| | 6 |
| | 7 |
| | 8 |
| | 9 |
| | 10 |
| | 11 |
| | 12 |
| | 13 |
| | 14 |
| | 15 |

**Brief History Statement & Recap of Supporting Evidence:**

*Linda Erwin* was the original creditor ("Creditor") in this case. The Creditor did not receive their distribution for reasons unknown, but most likely due to a mailing error, leading to the unclaimed funds in this matter.

JM Partners LLC ("Claimant") located the Creditor, disclosed the full details of the account, and the Creditor sold and assigned the account and the underlying claim from which it arose to the Claimant accordingly.

Proper evidence of all these facts is included herewith. Thus, JM Partners LLC makes this application as the Assignee and Owner of the funds in question.

Prepared & Submitted by:

JM Partners LLC
ATTN: John Marshall / Managing Member
6800 Paragon Place  Ste 202
Richmond, VA 23230
Phone 804-285-0807
JMarshall@JMPartnersLLC.com

## PURCHASE AGREEMENT & ASSIGNMENT OF INTEREST

This **PURCHASE AGREEMENT & ASSIGNMENT OF INTEREST** (hereinafter "Agreement") is made and entered into as of **July 25, 2023** and between **Linda Erwin, 17252 Bowhunter Road, Kingston, OK 73439, Phone 580-564-6479** ("Seller") and **JM Partners LLC, ATTN: John Marshall / Managing Member, 6800 Paragon Place, Suite 202, Richmond, VA 23230-1656** (hereinafter "Buyer").

### RECITALS

A. Seller was / is a creditor in **Bankruptcy Case # 04-10104 (Bake-Line Group – Debtor)** as was filed in the **United States Bankruptcy Court for the District of Delaware** (hereinafter the "Bankruptcy Case"). In their capacity as creditor, Seller was entitled to that certain distribution of funds in the amount of **$ 1781.27** (hereinafter "Funds"), which remittance was attempted by the Trustee at the debtor's last known address. Such remittance was never negotiated, however, and pursuant to Federal Rule of Bankruptcy Procedure 3011 and 11 U.S.C. 347, the Trustee remitted the funds to the Clerk of the Court for payment on to the Registry of Unclaimed Funds. Such funds are subject to withdrawal as provided by 28 U.S.C. 2042.

B. Rather than attempting to collect the Funds - and in an effort to both save the expense of such a collection, as well as to expedite the liquidating of their interest in Funds - Seller desires to legally Sell and Assign his interest in such Funds, and Buyer desires to purchase and obtain such interest in Funds. Therefore, with both parties being of sound mind, and operating in the manner in which they deem to be in their mutual best interest, Seller shall convey all rights, title and interest that Seller has in the Funds and the Claim which generated same, and Buyer shall purchase all rights, title and interest that Seller has in the Funds and such Claim as generated same.

NOW, THEREFORE, in consideration of the mutual covenants, representations, and warranties contained in this Agreement, the parties agree as follows:

### ARTICLE 1 – PURCHASE, ASSIGNMENT AND SALE OF ASSETS

1.1 Assets to be assigned: Seller has sold to Buyer, and Buyer has purchased from Seller, any and all right, title, and interest of Seller in and to the following described Property: **THAT CERTAIN UNCLAIMED FUNDS** account in the amount of **$ 1781.27** as is held for the benefit of Seller, on the books and records known as the **Unclaimed Funds Registry of the Clerk of the Court, United States Bankruptcy Court for the District of Delaware,** and as is evidenced by the attachments hereto, as well as the Claim which generated such funds.

1.2 Assignment of Interest: Acceptance of this Agreement constitutes full verification of the Sellers intent, desire and notice to assign – and Buyers intent, desire, and notice to accept such assignment – of the Assets identified in paragraph 1.1 above. Both parties agree to fulfill their obligations as defined herein, or otherwise required by law, to affect the proper legal transfer of ownership of such assets on the books and records of all entities holding an interest in same, and all rights, title, and interest in the Funds shall become the property of Buyer immediately upon payment of the purchase price and execution of this Agreement.

1.3 The Purchase: The purchase price shall be **$ 1425.02** which sum shall be remitted via Check and provided in exchange for a valid execution of this Agreement (or, at the Sellers Option, shall be remitted via wire transfer immediately upon receipt of the executed documents validating the transaction), and the providing of all documents required to prove both ownership and assignment.

1.4 To the extent necessary under applicable law (but only to such extent), Seller hereby irrevocably appoints Assignee or John J. Marshall as its true and lawful attorney-in-fact to act in Assignor's stead, solely with respect to matters involving the asset(s) purchased herein, provided however that attorney shall bear all the costs of such actions.

### ARTICLE 2 – CLOSING

2.1 Time and Place of Closing. The closing for the purchase and sale of the Property (the "Closing") shall be completed immediately upon execution of the required documents. At Closing, Seller shall deliver to Buyer the original of this Assignment along with such other documentation as is required. Buyer shall deliver the payment referenced in 1.3 above immediately upon receipt of all such documents. Buyer shall have no rights to the Funds unless and until such documents are properly executed, and the payment is provided in exchange for same.

2.2 Expenses of Closing. The expenses of Closing shall be paid as follows: (a) Except as otherwise expressly provided in this Agreement, all other fees and costs of Closing, including, but not limited to, legal fees, accounting fees, consulting fees, and other incidental expenses in connection with the transactions contemplated by this Agreement shall be borne by the party that incurs the expenses.

### ARTICLE 3 - REPRESENTATIONS AND WARRANTIES

3.1 State of Title and AS IS Sale. Seller has not made, does not make and specifically negates and disclaims any representations, warranties, promises, covenants, agreements or guarantees of any kind or character, whether expressed or implied, oral or written, past, present or future, of, as to, concerning or with respect to the ultimate value of the Claim, or the legal requirements that Buyer shall have to collect same.

3.2 Buyer's Representations and Warranties. Buyer makes the following representations and warranties to Seller, each of which is true and correct as of the date of this Agreement and shall be true and correct as of the Closing Date:
(a) Buyer is an entity experienced in these matters, and is qualified to transact the business detailed in this Agreement.
(b) Buyer has full legal power and authority to enter into and perform this Agreement, and this Agreement constitutes the valid and binding obligation of Buyer, enforceable in accordance with its terms. (c) The execution and delivery of this Agreement does not conflict with, violate, or constitute a default under the terms, conditions, or provisions of any agreement or instrument to which Buyer is a party, or any law, judgment, or order of which Buyer is aware. (d) There is no action, proceeding, or Claim pending, or, to Buyer's knowledge, threatened, against Buyer that would affect Buyer's ability to consummate the transactions contemplated by this Agreement. (e) Except for the required approval of the court, as previously defined herein, no consent, approval, or authorization of or declaration, filing, or registration with any

governmental or regulatory authority is required in connection with the execution, delivery, and performance by Buyer of this Agreement or the consummation of the transactions contemplated by the Agreement.

3.3 Seller's Representations and Warranties. Seller makes the following representations and warranties to Buyer, each of which is true and correct as of the date of this Agreement, and will be true and correct as of the Closing Date: (a) Seller is the party defined as the Creditor who filed the Claim in the case referenced in RECITALS (A) above, and shall provide proper proof of that fact. (b) Seller has not previously assigned, sold or pledged the Claim to any third party, in whole or in part, and (c) Seller specifically represents that said Claim is a true, valid Claim, which will be deemed "allowed" (per USBC code definitions) in the amount as filed, and is not subject to any offset, levy, or preferential cross-claim from any party. Should there be any future challenge to the total amount of the Claim as filed which results in a reduction in the allowed amount of said claim and/or a reclassification of the claim which results in a lower percentage payout than that provided for by its originally designated class, the Seller agrees to refund a pro-rated portion of the purchase price based upon the percentage of any such reduction. Any such refund shall be made in full within seven (7) days of Sellers receipt of evidence confirming such reduction in the allowed amount of the Claim.

3.4 Correctness of Representations. No representation or warranty of Buyer or Seller in this Agreement or any other information furnished by Buyer or Seller pursuant to this Agreement contains any untrue statement of material fact or fails to state any fact necessary in order to make the statements not misleading in any material respect. All statements, representations, and other information provided by Seller and Buyer shall be true and correct on and as of the Closing Date as though made on that date.

## ARTICLE 4 - COVENANTS

4.1 Documentation to Effect Transfer. Buyer shall be responsible for and shall prepare, at his own expense, any and all legal documentation, and complete any process required in the bankruptcy court that may be subsequently required to effectuate the transfer of the Funds to Buyer – though Seller shall provide any and all cooperation, including the execution of any further documents that the court might require to complete the transfer, if not included in this Agreement and the attachments hereto.

## ARTICLE 5 - GENERAL PROVISIONS

5.1 Successors and Assigns. The terms and provisions of this Agreement shall be binding on and inure to the benefit of the successors and assigns of the parties.

5.2 Entire Agreement. This Agreement constitutes the entire agreement between the parties with respect to the subject matter of this Agreement and supersedes all prior agreements, oral and written, between the parties hereto with respect to the subject matter of this Agreement.

5.3 Fees and Expenses. Unless otherwise specifically provided for in this Agreement, Seller and Buyer shall both pay their own fees and expenses in connection with the negotiation and consummation of the transactions contemplated herein.

5.4 Notices. All notices, requests, demands, and other communications required by this Agreement shall be in writing and shall be (a) delivered in person or by courier (NOTE: If delivered personally or by courier, the date on which the notice, request, instruction, or document is delivered shall be the date on which the delivery is made, and if delivered by facsimile transmission or mail as aforesaid, the date on which the notice, request, instruction, or document is received shall be the date of delivery), (b) mailed by first class registered or certified mail, or (c) delivered by facsimile transmission with an authenticated receipt therefore, as follows, or to such other address as a party may designate in writing:

| IF TO SELLER: | IF TO BUYER: |
|---|---|
| Linda Erwin | JM Partners LLC |
| 17252 Bowhunter Road | ATTN: John Marshall / Managing Member |
| Kingston, OK 73439 | 6800 Paragon Place   Suite 202 |
| Phone 580-564-6479 | Richmond, VA  23230-1656 |
| | Phone 804-285-0807 |

5.5 Headings. All section headings contained in this Agreement are for convenience of reference only, do not form a part of this Agreement, and shall not affect in any way the meaning or interpretation of this Agreement.

5.6 Counterparts. This Agreement may not be executed in counterparts.

5.7 Severability. In the event any provision of this Agreement is deemed to be invalid, illegal, or unenforceable, all other provisions of the Agreement that are not affected by the invalidity, illegality, or unenforceability shall remain in full force and effect.

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed as of the day and year first written above.

_____  
Linda Erwin

_____  
John Marshall / Mng Mbr  
JM Partners LLC

# BILL OF SALE

| SELLER: | Linda Erwin<br>17252 Bowhunter Road<br>Kingston, OK 73439<br>Phone 580-564-6479 |
|---------|---------------------------------------------------------------------------------|

In consideration of the sum of:

<u>**One Thousand Four Hundred Twenty Five Dollars & 02/100**</u>
<u>**($ 1425.02)**</u>

I, <u>**Linda Erwin**</u> acting in my individual capacity (hereinafter "Seller"), do hereby sell, convey, and transfer all rights, title and interest to the below referenced Unclaimed Funds Account in the amount of **$ 1781.27** - and the corresponding portion of the claim that generated same in the US Bankruptcy Court to: **JM Partners LLC (hereinafter referred to as BUYER), ATTN: John Marshall / Managing Member, 6800 Paragon Place, Suite 202, Richmond, VA 23230-1656.**

### CLAIM INFORMATION / ITEM(S) BEING SOLD:

| Debtor: | Bake-Line Group LLC | Case # | 04-10104 |
|---------|---------------------|--------|----------|
| Court:  | US Bankruptcy Court for the District of Delaware | Chapter: | 7 |

| Type | Amount | Creditor |
|------|--------|----------|
| Unclaimed Funds | $ 1781.27 | Linda Erwin |

I hereby certify under the penalties of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

*/s/ Linda Erwin*
Linda Erwin

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

In re: **Bake-Line Group, LLC**　　　　　　Case # **04-10104**
　　　　　Debtor　　　　　　　　　　　　　Chapter **7**

## AFFIDAVIT AND IDENTIFICATION OF CREDITOR
## or its AUTHORIZED REPRESENTATIVE

　　　I, **Linda Erwin, acting in my individual capacity (hereinafter "Creditor") swear this Affidavit,** and declare as follows:

1) Creditor has been made aware of the fact that it is due certain funds - in the amount of **$ 1781.27** (the "Unclaimed Funds") - which the Trustee attempted to send to Creditor at the last known address, and as is referenced on the attached Report of Deposit of Unclaimed Funds. Creditor did not receive the check for reasons unknown to Creditor, but most likely due to a mailing error of some kind, leading to the deposit into the Unclaimed Funds Registry. We have supplied herewith evidence of our correct address, linkage to the case, other evidence and my own identification, as appropriate.

2) Creditor has not previously collected the Unclaimed Funds, nor does Creditor have any application pending for the recovery of the Unclaimed Funds, nor has Creditor contracted with any other party for the purpose of recovering the Unclaimed Funds. Creditor has not previously sold the Unclaimed Funds account, nor encumbered the Unclaimed Funds in any fashion, is still the owner of the Unclaimed Funds and entitled to payment. Creditor now sells all its rights and entitlement solely to **JM Partners LLC** (the "Assignee") as evidenced by the documents and applicable evidence as provided herewith. Creditor hereby agrees to provide any further court-required supporting evidence, or execute any other required forms that confirm this fact and/or are necessary for the full transfer of such interest, or the ultimate collection of the funds by the by the Assignee.

　　　I hereby certify under the penalties of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

_/s/ Linda Erwin_
**Linda Erwin**
Sworn to and Subscribed before me on this
3 day of August , 2023

_/s/ B Smiley_
NOTARY PUBLIC

State of OK　　City/County of Kingston/Marshall

SEAL / STAMP

```
B SMILEY
Notary Public
State of Oklahoma
Commission #19012680
Expires 12/23/2023
```