**Fill in this information to identify the case:**

Debtor 1    _Bake-Line Group, Llc_____

             First Name          Middle Name       Last Name

Debtor 2    _____

(Spouse, if filing) First Name     Middle Name       Last Name

United States Bankruptcy Court for the: _____ District of __**Delaware**___

                                                        (State)

Case number:   04-10104

---

## APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS

### 1. Claim Information

For the benefit of the Claimant(s)[1] named below, application is made for the payment of unclaimed funds on deposit with the court. I have no knowledge that any other party may be entitled to these funds, and I am not aware of any dispute regarding these funds.

Note: If there are joint Claimants, complete the fields below for both Claimants.

| | |
|---|---|
| Amount: | **$13,341.85** |
| Claimant's Name: | **WestRock Company** |
| Claimant's Current Mailing Address, Telephone Number, and Email Address: | Attn: Justin Lucero, 1000 Abernathy Road Ne, Atlanta, GA 30328 |

### 2. Applicant Information

Applicant[2] represents that Claimant is entitled to receive the unclaimed funds because (*check the statements that apply*):

☐     Applicant is the Claimant and is the Owner of Record[3] entitled to the unclaimed funds appearing on the records of the court.

☒     Applicant is the Claimant and is entitled to the unclaimed funds by assignment, purchase, merger, acquisition, succession or by other means.

☐     Applicant is Claimant's representative (*e.g.,* attorney or unclaimed funds locator).

☐     Applicant is a representative of the deceased Claimant's estate.

### 3. Supporting Documentation

☒     Applicant has read the court's instructions for filing an Application for Unclaimed Funds and is providing the required supporting documentation with this application.

---

[1] The Claimant is the party entitled to the unclaimed funds.

[2] The Applicant is the party filing the application. The Applicant and Claimant may be the same.

[3] The Owner of Record is the original payee.

Local Form 127

**4.  Notice to United States Attorney**

☒   Applicant has sent a copy of this application and supporting documentation to the United States Attorney, pursuant to 28 U.S.C. § 2042, at the following address:

Office of the United States Attorney
District of  Delaware
1313 N. Market Street
Wilmington, Delaware 19801

| **5. Applicant Declaration**<br>Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. | **5. Co-Applicant Declaration (if applicable)**<br>Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. |
|---|---|
| Date: February 1, 2024 | Date: _____ |
| _Signature_ | |
| Signature of Applicant | Signature of Co-Applicant (if applicable) |
| Justin Lucero  on behalf of WestRock Company | |
| Printed Name of Applicant | Printed Name of Co-Applicant (if applicable) |
| Address:  WestRock Company<br>Attn: Justin Lucero<br>1000 Abernathy Road Ne, Atlanta, GA | Address: |
| Telephone:   678-291-7262 | Telephone: _____ |
| Email:   us_aupclaims5@pwc.com | Email: _____ |
| **6. Notarization**<br>STATE OF _Georgia_<br>COUNTY OF _Fulton_ | **6. Notarization**<br>STATE OF _____<br>COUNTY OF _____ |
| This Application for Unclaimed Funds, dated _Justin Lucero_ was subscribed and sworn to before me this _1_ day of _February_, 20_24_ by | This Application for Unclaimed Funds, dated _____ was subscribed and sworn to before me this _____ day of _____, 20____by |
| who signed above and is personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument. WITNESS my hand and official seal.<br>(SEAL)   Notary Public _____<br>My commission expires: Feb/17/2026 | who signed above and is personally known to me (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument. WITNESS my hand and official seal.<br>(SEAL)   Notary Public_____<br>My commission expires: |



## OFFICER'S CERTIFICATE OF AUTHORITY

I Julia McConnell of WestRock Company, certify that Justin Lucero is the Vice President - Tax for WestRock Company and, as such, is authorized to execute and deliver all documents pertaining to the recovery of abandoned or unclaimed property, and to transfer, endorse, liquidate and receive unclaimed securities and related dividends owned by WestRock Company, its subsidiaries, affiliates, acquisitions, and predecessor companies. Such properties or securities may be held in WestRock Company's own name or in the names of its subsidiaries, affiliates, acquisitions, predecessor companies, brand names, F/K/As and A/K/As.

WestRock Company's subsidiaries, affiliates, acquisitions, predecessor companies, brand names, F/K/As, and A/K/As, include but are not limited to, those listed on the Exhibit A attached hereto.

I affirm that the foregoing is true, under the penalties of perjury this _14_ day of _March_, 2023.

| | | |
|---|---|---|
| Julia McConnell | Justin Lucero | **AFFIX** |
| SVP & Chief Accounting Officer | Vice President - Tax | **CORPORATE** |
| WestRock Company | WestRock Company | **SEAL** |
| 1000 Abernathy Road Ne, | 1000 Abernathy Road Ne, | |
| Atlanta, GA 30328 | Atlanta, GA 30328 | |

---

State of _Georgia_, County of _Fulton_

Before me, _Julia McConnell_, personally appeared, and proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument, the person or entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _GA_ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary's Signature

_Feby 17. 2026_
Commission Expires

---

State of _Georgia_, County of _Fulton_

Before me, Justin Lucero, Vice President - Tax, personally appeared and proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument, the person or entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _GA_ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Notary's Signature

_Feby 17. 2026_
Commission expires

**Julia McConnell**
SVP and Chief Accounting Officer

 **WestRock**

North Park Tower, Building 400, 8th Floor
1000 Abernathy Road NE | Atlanta, GA 30328
T: 770-448-2193 | M: 404-213-7360
julia.mcconnell@westrock.com | www.westrock.com



AT WESTROCK,
OUR VALUES ARE
THE FOUNDATION FOR
WINNING TOGETHER.

INTEGRITY
RESPECT
ACCOUNTABILITY
EXCELLENCE



Justin
Lucero



## *Legal Relationship*

Stone Container Corporation → Smurfit-Stone Container Enterprises, Inc. → Smurfit-Stone Container Corporation → RockTenn CP, LLC → WestRock CP, LLC → WestRock Company

| Owner | Address |
|---|---|
| Stone Container Corp | PO Box 2276, Alton, IL |

NOV-17-2004  12:51    CT CORPORATION    P.03/03



**PAGE 1**

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE CERTIFICATE OF MERGER, WHICH MERGES:

"JEFFERSON SMURFIT CORPORATION (U.S.)", A DELAWARE CORPORATION,

WITH AND INTO "STONE CONTAINER CORPORATION" UNDER THE NAME OF "SMURFIT-STONE CONTAINER ENTERPRISES, INC.", A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, WAS RECEIVED AND FILED IN THIS OFFICE THE FIRST DAY OF NOVEMBER, A.D. 2004, AT 1:40 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CORPORATION SHALL BE GOVERNED BY THE LAWS OF THE STATE OF DELAWARE.



2123437  8330

040802651

Harriet Smith Windsor, Secretary of State
AUTHENTICATION: 3461235

DATE: 11-08-04

TOTAL P.03

**State of Delaware**
**Secretary of State**
**Division of Corporations**
**Delivered 07:56 AM 06/30/2010**
**FILED 08:00 AM 06/30/2010**
**SRV 100702775 - 2123437 FILE**

CERTIFICATE OF MERGER

OF

SMURFIT-STONE CONTAINER CORPORATION

WITH AND INTO

SMURFIT-STONE CONTAINER ENTERPRISES, INC.

Pursuant to Section 1123(a)(5)(C) of the United States Bankruptcy Code and
Sections 251 and 303 of the Delaware General Corporation Law

SMURFIT-STONE CONTAINER ENTERPRISES, INC. ("SSCE"), a Delaware corporation, does hereby certify to the following facts relating to the merger (the "Merger") of SMURFIT-STONE CONTAINER CORPORATION ("SSCC"), a Delaware corporation, with and into SSCE:

FIRST: The name and state of incorporation of each of the constituent corporations to the Merger are as follows:

| NAME | STATE OF INCORPORATION |
|------|------------------------|
| Smurfit-Stone Container Corporation | Delaware |
| Smurfit-Stone Container Enterprises, Inc. | Delaware |

SECOND: An Agreement and Plan of Merger dated as of June 30, 2010, by and between Smurfit-Stone Container Corporation and Smurfit-Stone Container Enterprises, Inc. (the "Merger Agreement") has been approved by an order dated as of June 21, 2010, of the United States Bankruptcy Court for the District of Delaware confirming the Modified Joint Plan of Reorganization for Smurfit-Stone Container Corporation and its Debtor Subsidiaries and Plan of Compromise and Arrangement for Smurfit-Stone Container Canada Inc. and Affiliated Canadian Debtors (the "Plan") filed pursuant to Section 1121(a) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), and certified, executed and acknowledged by the constituent corporations in accordance with Section 1123(a)(5)(C) of the Bankruptcy Code and Sections 251 and 303 of the Delaware General Corporation Law. In light of the authorization of the Merger in the Plan pursuant to Section 1123(a)(5)(C) of the Bankruptcy Code, no approval of the Merger by the shareholders or board of directors of SSCE or SSCC is required.

THIRD: The surviving corporation of the Merger is Smurfit-Stone Container Enterprises, Inc., and upon the Merger becoming effective, its certificate of incorporation is amended to change its name to "Smurfit-Stone Container Corporation".

FOURTH: The Merger shall become effective on June 30, 2010, which is the Effective Date of the Plan (the "Effective Date").

# Delaware

PAGE 1

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE COURT ORDERED CERTIFICATE OF MERGER, WHICH MERGES:

"SMURFIT-STONE CONTAINER CORPORATION", A DELAWARE CORPORATION,

WITH AND INTO "SMURFIT-STONE CONTAINER ENTERPRISES, INC." UNDER THE NAME OF "SMURFIT-STONE CONTAINER CORPORATION", A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, AS RECEIVED AND FILED IN THIS OFFICE THE THIRTIETH DAY OF JUNE, A.D. 2010, AT 8 O'CLOCK A.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.

2123437   8100M

100702775

You may verify this certificate online
at corp.delaware.gov/authver.shtml

Jeffrey W. Bullock, Secretary of State

AUTHENTICATION: 8086789

DATE: 06-30-10

5426042

AK Entity #: 93202
Date Filed: 08/25/2011
State of Alaska, DCCED

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 10:32 AM 05/27/2011*
*FILED 10:32 AM 05/27/2011*
*SRV 110640812 - 4930125 FILE*

RECEIVED
JUNEAU

AUG 2 5 2011

Division of Corporations Business
and Professional Licensing

CC 25/375 dw.

## CERTIFICATE OF MERGER

### OF

### SMURFIT-STONE CONTAINER CORPORATION

a Delaware corporation

### INTO

### SAM ACQUISITION, LLC

a Delaware limited liability company

(Under Section 264 of the Delaware General Corporation Law and Section 18-209 of the Delaware Limited Liability Company Act)

Pursuant to provisions of Title 8, Section 264 of the Delaware General Corporation Law and Title 6, Chapter 18, Section 209 of the Delaware Limited Liability Company Act, Sam Acquisition, LLC, a Delaware limited liability company ("MergerSub"), executes and files this Certificate of Merger for the purpose of merging Smurfit-Stone Container Corporation ("Smurfit-Stone"), a Delaware corporation, with and into MergerSub and does hereby certify:

FIRST: The name and state of formation or organization of each of the constituent entries which is to merge are as follows:

| Name | Jurisdiction of Formation or Organization |
| --- | --- |
| Sam Acquisition, LLC | Delaware |
| Smurfit-Stone Container Corporation | Delaware |

SECOND: The name of the surviving Delaware limited liability company is Sam Acquisition, LLC.

THIRD: The name of the surviving Delaware limited liability company shall be changed to "RockTenn CP, LLC" at the effective time of the merger.

FOURTH: An Agreement and Plan of Merger dated as of January 23, 2011 (the "Merger Agreement") has been approved, adopted, certified, executed and acknowledged by each of the constituent entities pursuant to Title 8, Section 264(c) of the Delaware General

State of Alaska
Filing Changes 3 Page(s)



T112414409N

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
## WASHINGTON, D.C. 20549

## FORM 10-K

(Mark One)

☒ ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

**For the fiscal year ended September 30, 2019**

**OR**

☐ TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

**For the transition period from _____ to _____**

**Commission file number 001-38736**

# WESTROCK COMPANY
**(Exact Name of Registrant as Specified in Its Charter)**

| | |
|---|---|
| **Delaware** | **37-1880617** |
| **(State or Other Jurisdiction of Incorporation or Organization)** | **(I.R.S. Employer Identification No.)** |
| **1000 Abernathy Road NE, Atlanta, Georgia** | **30328** |
| **(Address of Principal Executive Offices)** | **(Zip Code)** |

**Registrant's Telephone Number, Including Area Code: (770) 448-2193**

**Securities registered pursuant to Section 12(b) of the Act:**

| Title of each class | Trading Symbol(s) | Name of each exchange on which registered |
|---|---|---|
| Common Stock, par value $0.01 per share | WRK | New York Stock Exchange |

**Securities registered pursuant to Section 12(g) of the Act: None**

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act. Yes ☒   No ☐

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act. Yes ☐   No ☒

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days. Yes ☒ No ☐

Indicate by check mark whether the registrant has submitted electronically every Interactive Data File required to be submitted pursuant to Rule 405 of Regulation S-T (§ 232.405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit such files).   Yes ☒   No ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, a smaller reporting company or an emerging growth company. See the definitions of "large accelerated filer," "accelerated filer," "smaller reporting company" and "emerging growth company" in Rule 12b-2 of the Act.

| | |
|---|---|
| Large accelerated filer ☒ | Accelerated filer ☐ |
| Non-accelerated filer ☐ | Smaller reporting company ☐ |
| Emerging growth company ☐ | |

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. ☐

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Act).   Yes ☐   No ☒

The aggregate market value of the common equity held by non-affiliates of the registrant as of March 31, 2019 (based on the closing price per share as reported on the New York Stock Exchange on such date), was approximately $9,706 million.

As of November 4, 2019, the registrant had 257,894,507 shares of Common Stock, par value $0.01 per share, outstanding.

## DOCUMENTS INCORPORATED BY REFERENCE

Portions of the definitive Proxy Statement for the Annual Meeting of Stockholders to be held on January 31, 2020 are incorporated by reference in Part III.

EXHIBIT 10.27(b)

*EXECUTION VERSION*

AMENDMENT NO. 1

AMENDMENT NO. 1, dated as of July 1, 2016 (this "**Amendment**"), among **WESTROCK COMPANY**, a Delaware corporation (the "Parent"), **WESTROCK CP, LLC** (f/k/a RockTenn CP, LLC), a Delaware limited liability company (together with its permitted successors, "WestRock CP"), **WESTROCK CONVERTING COMPANY**, (f/k/a Rock-Tenn Converting Company), a Georgia corporation (together with its permitted successors, "WestRock Converting"), **WESTROCK VIRGINIA CORPORATION** (f/k/a MeadWestvaco Virgina), a Delaware corporation (together with its permitted successors, "WestRock Virginia", and, together with WestRock CP and WestRock Converting, the "Borrowers"), the other Credit Parties, the Lenders party hereto, the Voting Participants party hereto and **COBANK, ACB**, as administrative agent for the Lenders (in such capacity, the "**Administrative Agent**") to the Credit Agreement dated as of July 1, 2015 (as amended, restated, amended and restated or otherwise modified from time to time, the "**Credit Agreement**"), by and among the Borrowers, the Guarantors from time to time party thereto, the Administrative Agent and the Lenders referred to therein.  Capitalized terms used and not otherwise defined herein shall have the meanings assigned to them in the Credit Agreement.

WHEREAS, pursuant to Section 9.1 of the Credit Agreement, the Credit Parties, the Required Lenders (including, for the avoidance of doubt, Voting Participants) and the Agent desire to amend the Credit Agreement as set forth herein to effect certain amendments.

NOW, THEREFORE, in consideration of the premises and covenants contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto, intending to be legally bound hereby, agree as follows:

**Section 1.**                    **Amendment.** The Credit Agreement is, effective as of the Effective Date (as defined below), hereby amended to delete the stricken text (indicated textually in the same manner as the following example: ~~stricken text~~) and to add the double-underlined text (indicated textually in the same manner as the following example: double-underlined text) as set forth in the pages of the Credit Agreement attached as Exhibit A hereto.

**Section 2.**                    **Representations and Warranties.** The Credit Parties represent and warrant to the Lenders and the Agent as of the date hereof and the Effective Date (as defined below) that:

(a)                    At the time of and immediately after giving effect to this Amendment, the representations and warranties of the Credit Parties set forth in the Credit Documents are true and correct in all material respects (except to the extent that any such representation or warranty is qualified by materiality, in which case such representation and warranty shall be true and correct) with the same effect as if made on the Effective Date, except to the extent such representations and warranties expressly relate to an earlier date.

(b)                    At the time of and immediately after giving effect to this Amendment, no Default or Event of Default has occurred and is continuing.

**Section 3.**                    **Conditions to Effectiveness.** This Amendment shall become effective on the date (the "**Effective Date**") on which:

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
WASHINGTON, D.C. 20549

FORM 10-K

**(Mark One)**

☒   ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934
For the fiscal year ended September 30, 2023
OR

☐   TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the transition period from _____ to _____
Commission file number 001-38736

**WESTROCK COMPANY**
(Exact Name of Registrant as Specified in Its Charter)

| Delaware | 37-1880617 |
|---|---|
| (State or Other Jurisdiction of Incorporation or Organization) | (I.R.S. Employer Identification No.) |
| 1000 Abernathy Road NE, Atlanta, Georgia | 30328 |
| (Address of Principal Executive Offices) | (Zip Code) |

Registrant's Telephone Number, Including Area Code: (770) 448-2193

Securities registered pursuant to Section 12(b) of the Act:

| Title of each class | Trading Symbol(s) | Name of each exchange on which registered |
|---|---|---|
| Common Stock, par value $0.01 per share | WRK | New York Stock Exchange |

Securities registered pursuant to Section 12(g) of the Act: None

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act. Yes ☒   No ☐

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act. Yes ☐   No ☒

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.   Yes ☒   No ☐

Indicate by check mark whether the registrant has submitted electronically every Interactive Data File required to be submitted pursuant to Rule 405 of Regulation S-T (§ 232.405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit such files). Yes ☒   No ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, a smaller reporting company or an emerging growth company. See the definitions of "large accelerated filer," "accelerated filer," "smaller reporting company" and "emerging growth company" in Rule 12b-2 of the Exchange Act.

| | |
|---|---|
| Large accelerated filer ☒ | Accelerated filer ☐ |
| Non-accelerated filer ☐ | Smaller reporting company ☐ |
| Emerging growth company ☐ | |

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. ☐

Indicate by check mark whether the registrant has filed a report on and attestation to its management's assessment of the effectiveness of its internal control over financial reporting under Section 404(b) of the Sarbanes-Oxley Act (15 U.S.C. 7262(b)) by the registered public accounting firm that prepared or issued its audit report. ☒

If securities are registered pursuant to Section 12(b) of the Act, indicate by check mark whether the financial statements of the registrant included in the filing reflect the correction of an error to previously issued financial statements. ☐[1]

Indicate by check mark whether any of those error corrections are restatements that required a recovery analysis of incentive-based compensation received by any of the registrant's executive officers during the relevant recovery period pursuant to § 240.10D-1(b). ☐[1]

> [1]   *Per SEC guidance, this blank checkbox is presented on this cover page, but no disclosure with respect thereto is required until issuers are required under applicable exchange listing standards to have a recovery policy in place.*

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Act).   Yes ☐   No ☒

The aggregate market value of the common equity held by non-affiliates of the registrant as of March 31, 2023 (based on the closing price per share as reported on the New York Stock Exchange on such date), was approximately $7,769 million.

As of November 3, 2023, the registrant had 256,469,100 shares of Common Stock, par value $0.01 per share, outstanding.

**DOCUMENTS INCORPORATED BY REFERENCE**
Portions of the definitive Proxy Statement for the Annual Meeting of Stockholders to be held on January 26, 2024 are incorporated by reference in Part III.

EX-21 10 wrk-ex21.htm EX-21

**EXHIBIT 21**

---

**WESTROCK COMPANY**
**SIGNIFICANT SUBSIDIARIES OF WESTROCK COMPANY**
**as of September 30, 2023**

---

| Name | State or Jurisdiction of Incorporation |
|---|---|
| WRKCo Inc | Delaware, USA |
| WestRock MWV, LLC | Delaware, USA |
| WestRock RKT, LLC | Georgia, USA |
| WestRock Coated Board, LLC | Alabama, USA |
| WestRock Timber Note Holding Company III | Delaware, USA |
| WestRock CP, LLC | Delaware, USA |
| WestRock Holding Company III | Georgia, USA |
| WestRock Paper and Packaging, LLC | Delaware, USA |
| WestRock Kraft Paper, LLC | Delaware, USA |
| WestRock Finco, LLC | Delaware, USA |
| WestRock Converting, LLC | Georgia, USA |
| WRK Finco Holdings LLC | Delaware, USA |
| Super Eagle Acquisition LLC | Delaware, USA |
| WRK Luxembourg, Sarl | Luxembourg |
| WRK International Holdings Sarl | Luxembourg |
| WestRock Luxembourg S.A.R.L. | Luxembourg |
| Stone Global Inc | Delaware, USA |
| WestRock Canada Holdings Inc | Georgia, USA |
| WestRock Holdings B.V. | The Netherlands |

Entered on Docket
September 07, 2012
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1 | John Kennedy (SBN 156009)
LINER GRODE STEIN YANKELEVITZ
2 | SUNSHINE REGENSTREIF & TAYLOR LLP
1100 Glendon Avenue, 14th Floor
3 | Los Angeles, California 90024-3503
Telephone:     (310) 500-3500
4 | Facsimile:     (310) 500-3501
(jkennedy@linerlaw.com)
5 |
Joseph D. Frank (IL Bar No. 6216085)
6 | *admitted pro hac vice*
Jeremy C. Kleinman (IL Bar No. 6270080)
7 | *admitted pro hac vice*
FRANKGECKER LLP
8 | 325 North LaSalle Street, Suite 625
Chicago, Illinois  60654
9 | Telephone:     (312) 276-1400
Facsimile:     (312) 276-0035
10 | (jfrank@fgllp.com)
(jkleinman@fgllp.com)
11 |
*Counsel for CFB Liquidating Corporation,*
12 | *f/k/a Chicago Fire Brick Company,*
*and WFB Liquidating Corporation, f/k/a*
13 | *Wellsville Firebrick Company*

**The following constitutes
the order of the court. Signed September 7, 2012**

Roger L. Efremsky
U.S. Bankruptcy Judge

14 |          **IN THE UNITED STATES BANKRUPTCY COURT**

15 |          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

16 |                    **OAKLAND DIVISION**

17 | **In re**                                          Case No. 01-45483 RLE

18 | **CFB LIQUIDATING CORPORATION,**                   Chapter 11
19 | **f/k/a CHICAGO FIRE BRICK CO., an**
**Illinois Corporation,** *et al.,*                     Jointly Administered
20 |
                             **Debtors.**              Honorable Roger L. Efremsky
21 |

22 |                                                    **ORDER CONFIRMING THE JOINT**
                                                       **CHAPTER 11 PLAN OF CFB**
23 |                                                    **LIQUIDATING CORPORATION, F/K/A**
                                                       **CHICAGO FIRE BRICK COMPANY,**
24 |                                                    **AND WFB LIQUIDATING**
                                                       **CORPORATION, F/K/A WELLSVILLE**
25 |                                                    **FIRE BRICK COMPANY, AS**
                                                       **MODIFIED**
26 |

27 |     This matter came before the Court for hearing on September 6, 2012 (the "Confirmation

28 | Hearing"), on the request of CFB Liquidating Corporation f/k/a Chicago Fire Brick Company

*(left margin)* FRANKGECKER LLP  325 NORTH LASALLE STREET, SUITE 625  CHICAGO, ILLINOIS 60654

Peoples Gas Light and Coke Co.
130 East Randolph Drive
Chicago, IL 60601-6207

Peter Jacobs
572 Lantern Walk
Valparaiso, IN 46385-2980

Pitney Bowes Credit Corporation
Recovery Services
267 Waterview Drive, Third Floor
Shelton, CT 06484-4301

R&D Logistics LLC
3057 William Flynn Highway
Slippery Rock, PA 16057-5037

Richard McAvaddy
c/o Lynch Martin
1168 How Lane
North Brunswick, NJ 08901-1792

Richard W. Moore
8116 South McVicker
Burbank, IL 60459-1901

Rose Enterprise Co.
1809 West North Avenue
Chicago, IL 60622-1307

Shelby J. Cruz
No. 001007
3056 North Troy
Chicago, IL 60618-6909

Speedway SuperAmerica LLC
P.O. Box 1590
Springfield, OH 45501-1590

Stone Container Corporation
P.O. Box 2276
Alton, IL 62002-9005

Stuart D. Kramer
4426 West Avenue
Lincolnwood, IL 60712-2228

Sunbelt Industries, Inc.
P.O. Box 584
Little Fall, NY 13365-0584

Toyota Motor Credit Corporation
P.O. Box 8026
Cedar Rapids, IA 52408-8026

Toyota Motor Credit Corporation
19001 South Western Avenue
P.O. Box 2958
Torrance, California 90501

Toyota Motor Credit Corporation
Roger L. Efremsky
Law Offices of Efremsky & Nagel
5776 Stoneridge Mall Road, No. 360
Pleasanton, CA 94588

Tri State Scale Systems Inc.
19418 South 97th Avenue
Mokena, IL 60448-8943

Triangle Employment Service Inc.
731 Larry Power Road
Bourbonnais, IL 60914-4491

United States Plastic Corp.
1390 Newbrecht Road
Lima, OH 45801-3196

United Parcel Service
P.O. Box 5126
Timonium, MD 21094-5126

Weld Rite Service, Inc.
6715 West 73rd Street
Bedford Park, IL 60638-6006

Wingfield Callahan Land Associates
c/o Barbara Gordon
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111-4078

Lawrence L. Hicks
7688 Sprenkle Court
Henrico, VA 23228

{CHGOFIRE/001/00015347.DOC/3}