# LIMITED CORPORATE POWER OF ATTORNEY

**Joshua Tucker, a Partner at Clearwater Recovery Partners LLP** (the "Agent"), acting

on its behalf hereby state as such, I am authorized to:

- Pursue unclaimed, undistributed, or undelivered funds that are due on behalf of **Clearwater Recovery Partners LLP** (the "Unclaimed Funds");

- Communicate with the necessary parties involved in the releases of the Unclaimed Funds;

- Convey to the holding authority what address the refund for the Unclaimed Funds is to be mailed;

- Prepare any paperwork required for the release of the Unclaimed Funds that are due;

- File applications, affidavits, and/or motions for recovery of the Unclaimed Funds;

- Execute necessary release documents for the release of the Unclaimed Funds; and

- Recover the Unclaimed Funds which are held by local and federal governmental agencies.

This Power of Attorney is enforceable and limited to the recovery of the Unclaimed Funds

in the amount of $1,033,929.82 for the Proofs of Claim filed by GSC Partners CDO Fund Limited,

GSC Partners CDO Fund II Limited, and GSC Partners CDO Fund III Limited and assigned claim

numbers 283, 287, 290 in the Bake-Line Group, LLC bankruptcy (Bankr. D. Del. Case No. 04-

10104) that are held by a governmental agency.

Photocopies of this signed Power of Attorney are to be treated as original counterparts.

234450DC-CBDA-4DFC-9A68-15A78FA939AA — 2024/09/24 14:13:51 -5:00 — Remote Notary

This instrument is to be construed and interpreted as a limited power of attorney. This limited power of attorney shall not be affected by disability of the principal/agent, except as provided by statute.

Signed this 24th day of September 2024.

By: 
        Joshua Tucker

Commonwealth of Pennsylvania  :
                             :ss
County of Philadelphia           :

On this, the 24th day of September, 2024, before me, Lisa Whiteley, the undersigned officer,

personally appeared Joshua Tucker, known to me (or satisfactorily proven) to be the person

whose name is subscribed to the within instrument (and holding the position therein designated),

and acknowledged that he executed the same for the purposes therein contained.

In witness whereof, I hereunto set my hand and official seal.



Notary Public

Commonwealth of Pennsylvania - Notary Seal
LISA WHITELEY, Notary Public
Philadelphia County
My Commission Expires Nov 15, 2027
Commission Number 1178196

Notarial act performed by audio-visual communication

234450DC-CBDA-4DFC-9A68-15A78FA939AA — 2024/09/24 14:13:51 -5:00 — Remote Notary

DocVerify ID: 234450DC-CBDA-4DFC-9A68-15A78FA939AA
www.docverify.com

Page 2 of 2    215A78FA939AA



**Explanation of Supporting Documentation**
**for**
**Application for Payment of Unclaimed Funds**

Claimants, GSC Partners CDO Fund, GSC Partners CDO Fund II Limited, and GSC Partners CDO Fund III Limited ("GSC Claimants"), did not receive dividend checks in the bankruptcy of Bake-Line Group, LLC (04-10104-CSS).

GSC Claimants' unclaimed funds and its claims have been assigned to Clearwater Recovery Partners LLP ("Clearwater") as evidenced by Transfers of Claim filed on April 5, 2024 with Docket Nos. 1205, 1206, and 1207.

The following documents have been included in support of this application:

1. Proof of Claim filed on May 5, 2004 by GSC Partners CDO Fund II Limited and assigned Claim Number 283.

2. Proof of Claim filed on May 5, 2004 by GSC Partners CDO Fund Limited and assigned Claim Number 287.

3. Proof of Claim filed on May 5, 2004 by GSC Partners CDO Fund III Limited and assigned Claim Number 290.

4. Motion to Deposit Unclaimed Funds, Docket No. 1018, filed on July 23, 2021.

5. Exhibit D of Motion to Deposit Unclaimed Funds, Docket No. 1018, filed on July 23, 2021

6. Transfer of GSC Partners CDO Fund II Limited's Claim No. 283 to Clearwater pursuant to Bankruptcy Rule 3001(e)(2), Docket No. 1205 filed on April 5, 2024.

7. Transfer of GSC Partners CDO Fund Limited's Claim No. 287 to Clearwater pursuant to Bankruptcy Rule 3001(e)(2), Docket No. 1206 filed on April 5, 2024.

8. Transfer of GSC Partners CDO Fund III Limited's Claim No. 290 to Clearwater pursuant to Bankruptcy Rule 3001(e)(2), Docket No. 1207 file on April 5, 2024.

9. Purchase agreement whereby Clearwater purchased all of GSC Claimant's pre-petition claim or claims, including filed Proofs of Claim Nos. 283, 287, and 290, against Bake-Line Group, LLC and all affiliated debtors.

10. Cayman Islands company registry search confirming GSC Partners CDO Fund II Limited is dissolved.

11. Cayman Islands company registry search confirming GSC Partners CDO Fund Limited is dissolved.

12. Cayman Islands company registry search confirming GSC Partners CDO Fund III Limited is dissolved.

# EXHIBIT 1

| United States Bankruptcy Court for the District of Delaware | *110* | **PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor **Bake-Line Group, LLC** | Case Number **04-10104** | |
|---|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

Name of Creditor (The person or entity to whom the debtor owes money or property):
**GSC Partners CDO Fund II, Limited**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and Address where notices should be sent:

Gerald C. Bender, Esq.

Stroock & Stroock & Lavan LLP

180 Maiden Lane

New York, NY 10038

Tel: 212-806-5562

Fax: 212-806-2526

Email: gbender@stroock.com

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here if this claim  ☐ replaces  ☐ amends   a previously filed claim, dated: _____

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☒ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other

- ☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS#: _____
  Unpaid compensation for services performed
  from _____ to _____
       (date)      (date)

**2. Date debt was incurred:** 1/14/03

**3. If court judgment, date obtained:**

**4.** Total Amount of Claim at Time Case Filed:   $20,702,152.78 plus contingent and unliquidated amounts
   (unsecured)   (total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral: ☐ Real Estate   ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6.** Unsecured Nonpriority Claim $20,702,152.78 plus contingent and unliquidated amounts
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
- ☐ Wages, salaries or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan   11 U.S.C. § 507(a)(4).
- ☐ Up to $2,100* of deposits toward purchase, lease or rental of property or services for personal, family or household use – 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and a copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 4/29/04 | Thomas E. Libassi / Authorized Signatory |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | |
| Bake-Line Group, LLC, *et al.* | ) | Case No. 04-10104 (MFW) |
| | ) | Jointly Administered |
| | ) | |
| | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| | ) | |

## RIDER TO PROOFS OF CLAIM

1.  GSC Partners CDO Fund, Limited; GSC Partners CDO Fund II, Limited; and GSC Partners CDO Fund III, Limited (each, a "Creditor" and collectively, the "Creditors"), and Bake-Line Group, LLC ("Bake-Line") are parties to a Note Purchase Agreement, dated as of April 30, 2002 (as amended, the "Note Purchase Agreement").

2.  Atlantic Baking Group, Inc. and J.A. Real Properties, LLC (together with Bake-Line, the "Debtors") issued a Guaranty Agreement (the "Guaranty"), dated as of April 30, 2002, which guarantees Bake-Line's liabilities and obligations in connection with the Note Purchase Agreement.

3.  Pursuant to the terms of the Note Purchase Agreement, Creditors are currently owed the following amounts (including accrued but unpaid interest as of the Debtors' petition date):[1]

| CREDITOR: | PRINCIPAL: | INTEREST: |
|---|---|---|
| GSC Partners CDO Fund, Limited | $20,500,000.00 | $202,152.78 |
| GSC Partners CDO Fund II, Limited | $20,500,000.00 | $202,152.78 |
| GSC Partners CDO Fund III, Limited | $15,375,000.00 | $151,614.58 |

4.  Creditors also assert an unliquidated claim for (i) losses or damages resulting from the fraud, manipulation or other illegal or wrongful activity by, or omissions of, the Debtors, their affiliates or agents or for which Debtors are responsible; and (with no limitation of the claims stated above) (ii) fees, expenses and costs of collection incurred in connection with the recovery of any and all claims against the Debtors.

---

[1] Separate proofs of claim are being filed by each Creditor against each of the Debtors.

5. Creditors further reserve the right to amend this proof of claim to, inter alia, (i) include additional amounts which may have been inadvertently omitted; (ii) submit additional supporting documents, if any; or (iii) adjust the amount to take into account certain offsets, if any, to which Creditors may be entitled. Creditors further reserve all rights of setoff or recoupment which they may have under the Bankruptcy Code or applicable law.

6. This proof of claim is intended neither as a consent to nor a waiver of the right to challenge the jurisdiction of the United States Bankruptcy Court including, without limitation, the jurisdiction of the Court to adjudicate non-core matters, which right Creditors reserve without prejudice.

7. The Note Purchase Agreement, Guaranty, and related documents are too voluminous to attach to this proof of claim, are believed to be in possession of the Debtors, and are available for examination upon request.

# EXHIBIT 2

| United States Bankruptcy Court for the District of Delaware | | **PROOF OF CLAIM** |
|---|---|---|

| | |
|---|---|
| Name of Debtor **Bake-Line Group, LLC** | Case Number 04-10104 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

| Name of Creditor (The person or entity to whom the debtor owes money or property):<br>**GSC Partners CDO Fund, Limited** | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| Name and Address where notices should be sent:<br>Gerald C. Bender, Esq.<br>Stroock & Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, NY 10038<br>Tel: 212-806-5562<br>Fax: 212-806-2526<br>Email: gbender@stroock.com | ☐ Check box if you have never received any notices from the bankruptcy court in this case.<br>☐ Check box if the address differs from the address on the envelope sent to you by the court. |

THIS SPACE IS FOR COURT USE ONLY

| Account or other number by which creditor identifies debtor: | Check here ☐ replaces<br>if this claim ☐ amends   a previously filed claim, dated: _____ |
|---|---|

**1. Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☒ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of SS#: _____
  Unpaid compensation for services performed
  from _____ to _____
       (date)        (date)

**2.** Date debt was incurred: 1/14/03

**3.** If court judgment, date obtained:

**4.** Total Amount of Claim at Time Case Filed: $20,702,152.78 plus contingent and unliquidated amounts
(unsecured)   (total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral: ☐ Real Estate   ☐ Motor Vehicle
☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6.** Unsecured Nonpriority Claim $20,702,152.78 plus contingent and unliquidated amounts
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
- ☐ Wages, salaries or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3).
- ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(4).
- ☐ Up to $2,100* of deposits toward purchase, lease or rental of property or services for personal, family or household use – 11 U.S.C. § 507(a)(6).
- ☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
- ☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)( _____ ).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9. Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10. Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and a copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date<br>4/29/04 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br><br>Thomas V. Libassi, Authorized Signatory |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | |
| Bake-Line Group, LLC, *et al.* | ) | Case No. 04-10104 (MFW) |
| | ) | Jointly Administered |
| | ) | |
| | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| | ) | |

## RIDER TO PROOFS OF CLAIM

1. GSC Partners CDO Fund, Limited; GSC Partners CDO Fund II, Limited; and GSC Partners CDO Fund III, Limited (each, a "Creditor" and collectively, the "Creditors"), and Bake-Line Group, LLC ("Bake-Line") are parties to a Note Purchase Agreement, dated as of April 30, 2002 (as amended, the "Note Purchase Agreement").

2. Atlantic Baking Group, Inc. and J.A. Real Properties, LLC (together with Bake-Line, the "Debtors") issued a Guaranty Agreement (the "Guaranty"), dated as of April 30, 2002, which guarantees Bake-Line's liabilities and obligations in connection with the Note Purchase Agreement.

3. Pursuant to the terms of the Note Purchase Agreement, Creditors are currently owed the following amounts (including accrued but unpaid interest as of the Debtors' petition date):[1]

| CREDITOR: | PRINCIPAL: | INTEREST: |
|---|---|---|
| GSC Partners CDO Fund, Limited | $20,500,000.00 | $202,152.78 |
| GSC Partners CDO Fund II, Limited | $20,500,000.00 | $202,152.78 |
| GSC Partners CDO Fund III, Limited | $15,375,000.00 | $151,614.58 |

4. Creditors also assert an unliquidated claim for (i) losses or damages resulting from the fraud, manipulation or other illegal or wrongful activity by, or omissions of, the Debtors, their affiliates or agents or for which Debtors are responsible; and (with no limitation of the claims stated above) (ii) fees, expenses and costs of collection incurred in connection with the recovery of any and all claims against the Debtors.

---

[1] Separate proofs of claim are being filed by each Creditor against each of the Debtors.

5.  Creditors further reserve the right to amend this proof of claim to, <u>inter alia</u>, (i) include additional amounts which may have been inadvertently omitted; (ii) submit additional supporting documents, if any; or (iii) adjust the amount to take into account certain offsets, if any, to which Creditors may be entitled.  Creditors further reserve all rights of setoff or recoupment which they may have under the Bankruptcy Code or applicable law.

6.  This proof of claim is intended neither as a consent to nor a waiver of the right to challenge the jurisdiction of the United States Bankruptcy Court including, without limitation, the jurisdiction of the Court to adjudicate non-core matters, which right Creditors reserve without prejudice.

7.  The Note Purchase Agreement, Guaranty, and related documents are too voluminous to attach to this proof of claim, are believed to be in possession of the Debtors, and are available for examination upon request.

# EXHIBIT 3

*114*

| United States Bankruptcy Court for the District of Delaware | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor  Bake-Line Group, LLC | Case Number 04-10104 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. §503.

Name of Creditor (The person or entity to whom the debtor owes money or property):
**GSC Partners CDO Fund III, Limited**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Name and Address where notices should be sent:
Gerald C. Bender, Esq.
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
Tel: 212-806-5562
Fax: 212-806-2526
Email: gbender@stroock.com

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

Check here if this claim  ☐ replaces  ☐ amends  a previously filed claim, dated: _____

**1. Basis for Claim**
☐ Goods sold
☐ Services performed
☒ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of SS#: _____
Unpaid compensation for services performed
from _____ to _____
(date)        (date)

**2.** Date debt was incurred: 1/14/03

**3.** If court judgment, date obtained:

**4.** Total Amount of Claim at Time Case Filed:  $15,526,614.58 plus contingent and unliquidated amounts
(unsecured)    (total)
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 7 below.
☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other _____
Value of Collateral: $_____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $_____

**6. Unsecured Nonpriority Claim** $15,526,614.58 plus contingent and unliquidated amounts
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**7. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(4).
☐ Up to $2,100* of deposits toward purchase, lease or rental of property or services for personal, family or household use – 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child – 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**8.** Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**9.** Supporting Documents: *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.
DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**10.** Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and a copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

Date  4/29/04
Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
Thomas V. Libassi, Authorized Signatory

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| Bake-Line Group, LLC, *et al.* | ) | Case No. 04-10104 (MFW) |
| | ) | Jointly Administered |
| | ) | |
| | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| | ) | |

## RIDER TO PROOFS OF CLAIM

1. GSC Partners CDO Fund, Limited; GSC Partners CDO Fund II, Limited; and GSC Partners CDO Fund III, Limited (each, a "Creditor" and collectively, the "Creditors"), and Bake-Line Group, LLC ("Bake-Line") are parties to a Note Purchase Agreement, dated as of April 30, 2002 (as amended, the "Note Purchase Agreement").

2. Atlantic Baking Group, Inc. and J.A. Real Properties, LLC (together with Bake-Line, the "Debtors") issued a Guaranty Agreement (the "Guaranty"), dated as of April 30, 2002, which guarantees Bake-Line's liabilities and obligations in connection with the Note Purchase Agreement.

3. Pursuant to the terms of the Note Purchase Agreement, Creditors are currently owed the following amounts (including accrued but unpaid interest as of the Debtors' petition date):[1]

| CREDITOR: | PRINCIPAL: | INTEREST: |
|---|---|---|
| GSC Partners CDO Fund, Limited | $20,500,000.00 | $202,152.78 |
| GSC Partners CDO Fund II, Limited | $20,500,000.00 | $202,152.78 |
| GSC Partners CDO Fund III, Limited | $15,375,000.00 | $151,614.58 |

4. Creditors also assert an unliquidated claim for (i) losses or damages resulting from the fraud, manipulation or other illegal or wrongful activity by, or omissions of, the Debtors, their affiliates or agents or for which Debtors are responsible; and (with no limitation of the claims stated above) (ii) fees, expenses and costs of collection incurred in connection with the recovery of any and all claims against the Debtors.

---

[1] Separate proofs of claim are being filed by each Creditor against each of the Debtors.

5. Creditors further reserve the right to amend this proof of claim to, <u>inter alia</u>, (i) include additional amounts which may have been inadvertently omitted; (ii) submit additional supporting documents, if any; or (iii) adjust the amount to take into account certain offsets, if any, to which Creditors may be entitled. Creditors further reserve all rights of setoff or recoupment which they may have under the Bankruptcy Code or applicable law.

6. This proof of claim is intended neither as a consent to nor a waiver of the right to challenge the jurisdiction of the United States Bankruptcy Court including, without limitation, the jurisdiction of the Court to adjudicate non-core matters, which right Creditors reserve without prejudice.

7. The Note Purchase Agreement, Guaranty, and related documents are too voluminous to attach to this proof of claim, are believed to be in possession of the Debtors, and are available for examination upon request.

# EXHIBIT 4

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| IN RE:<br><br>Bake-Line Group, LLC<br><br>Debtor(s) | CASE NO. 04-10104 (CSS)<br><br>CHAPTER 7<br><br>**Objection Deadline: August 13, 2021 at 4:00 p.m.**<br>**Hearing Date: September 15, 2021 at 11:15 a.m.** |

**MOTION TO DEPOSIT UNCLAIMED FUNDS**

Pursuant to Federal Rule 3011, the Trustee in the above-captioned case hereby submits this Motion for permission to turn over to the Clerk of the Bankruptcy Court unclaimed dividends in the amount of $1,206,571.45.

**BACKGROUND**

1.      On September 22, 2020, the Trustee filed the Trustee's Final Report and Account of the Administration of the Estate (the "Final Report").

2.      On October 28, 2020, the Court entered an Order approving the Final Report and authorizing the Trustee to distribute the funds in the Debtor's bankruptcy estate in accordance therewith, and the Trustee made the distribution to creditors in accordance with the Final Report.

3.      The distribution included several checks made payable to various creditors (the "Claimants").  The checks were mailed to the addresses listed in the Final Report, which were the addresses provided in the Proofs of Claim filed by the Claimants.

4.      The Claimants were listed in the Final Report; the Claimants did not object to the Final Report or to the addresses listed for distribution.

5.      Exhibit "A" represents Claimants that are deceased.  The Trustee seeks to deposit $778.59 for Claimants that are deceased.

6.      Exhibit "B" represents companies that, upon information and belief, the Trustee determined are closed.  The Trustee seeks to deposit $26,945.53 for Claimants whose companies are closed.

7.      Exhibit "C" represents Claimants the Trustee cannot locate after reasonable investigation.  The Trustee seeks to deposit $134,512.98 for Claimants the Trustee cannot locate.

8.      Exhibit "D" represents Claimants the Trustee has contacted and whose checks were received and not deposited by the Claimants.  The Claimants have received at least two distribution checks each.  The Trustee has requested the Claimants deposit the distribution checks and have failed to do so.  The Trustee seeks to deposit $1,043,587.02 for Claimants who have failed to deposit their checks.

9.      Exhibit "E" represents Claimants whose claims have been satisfied and the resulting redistribution of funds would result in di minimis amounts to Claimants.  These funds would ultimately be deposited with the Court Registry.  The Trustee seeks to deposit $747.33 representing all Claimants whose claims are satisfied.

   a.    By way of further explanation, claims #1009, #1010, #1012, #1013, #1014, #1015, and #1016 were filed by C. Kenneth Still, Trustee, on behalf of various debtors who filed for bankruptcy in the Eastern District of Tennessee (the "Tennessee Bankruptcy Cases").  The distribution checks were sent to C. Kenneth Still's counsel.

**RELIEF REQUESTED**

10.     The Trustee hereby requests that the Court enter an Order authorizing the deposit of the Unclaimed Funds, totaling $1,206,571.45 in the Court Registry.

11.     Pursuant to Section 347 of the Bankruptcy Code, "[n]inety days after the final distribution under section 726, 1226, or 1326 of this title in a case under chapter 7, 12, or 13 of this title, as the case may be, the trustee shall stop payment on any check remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28." 11 U.S.C. § 347.

12.     Ninety days have passed since the Trustee made final distribution in this case and the Trustee has voided the Unclaimed Funds.

13.     The Trustee believes that the Unclaimed Funds should be paid to the Court Registry at this time.

14.     Pursuant to Federal Rule of Bankruptcy Procedure 7067(a), a Court Order must be entered before funds may be deposited with the Court.

15.     In accordance with Federal Rule of Bankruptcy Procedure 3011, attached hereto as Exhibits A through E are lists of all known names and addresses for the Claimants to which the Unclaimed Funds were distributed.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Trustee respectfully requests that this Court enter an Order authorizing the deposit of Unclaimed Funds into the Court Registry and for such other and further relief as is just and proper.

Dated: July 23, 2021

*/s/ George L. Miller*

George L. Miller, Trustee
1628 John F. Kennedy Blvd.
Suite 950
Philadelphia, PA 19103
Tele:  (215) 561-0950
Fax:  (215) 561-0330

# EXHIBIT 5

EXHIBIT "D"
UNRESPONSIVE

| CLAIM # | NAME & ADDRESS OF CLAIMANT | CLAIM AMOUNT | DIVIDEND AMOUNT | OTHER KNOWN ADDRESS |
|---|---|---|---|---|
| 62 | COFACE NORTH AMERICA<br>50 Millstone Rd Bldg 100360<br>East Windsor NJ 08520 | 410,486.58 | 7,454.90 | 650 College Rd East<br>Suite 2005<br>Princeton, NJ 08540 |
| 283 | GSC Partners CDO Fund LP, II<br>Attn:  Gerald C. Bender, Esq.<br>Stroock Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, NY 10038 | 20,702,152.78 | 375,974.48 | UNRESPONSIVE ; COUNSEL INSTRUCTED TO AMEND CLAIMS; HAS BEEN UNRESPONSIVE |
| 287 | GSC Partners CDO Fund LP<br>Attn:  Gerald C. Bender, Esq.<br>Stroock Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, NY 10038 | 20,702,152.78 | 375,974.48 | UNRESPONSIVE ; COUNSEL INSTRUCTED TO AMEND CLAIMS; HAS BEEN UNRESPONSIVE |
| 290 | GSC Partners CDO Fund LP III<br>Attn:  Gerald C. Bender, Esq.<br>Stroock Stroock & Lavan LLP<br>180 Maiden Lane<br>New York, NY 10038 | 15,526,614.58 | 281,980.86 | UNRESPONSIVE ; COUNSEL INSTRUCTED TO AMEND CLAIMS; HAS BEEN UNRESPONSIVE |
| 305 | CERIDIAN CORPORATION<br>BANKRUPTCY PROCESSING<br>9150 SOUTH HILLS BLVD 100<br>BROADVIEW HTS OH 44147 | 1,597.84 | 29.02 | 9100 S Hills Blvd Ste 280<br>Broadview Heights, OH, 44147-3516 |
| 307 | HILLCREST ANESTHESIA<br>PO BOX 678229<br>DALLAS TX 75267 | 480.00 | 8.72 | 12890 HILLCREST RD STE 203, DALLAS, TX, 75230 |
| 329 | STANDARD TOOL & DIE<br>4027-A S ACCESS RD<br>CHATTANOOGA TN 37406 | 507.50 | 9.22 | |
| 332 | IGA, INC<br>8725 W HIGGINS RD<br>CHICAGO IL 60631 | 11,500.00 | 208.85 | 8745 W Higgins Rd #350, Chicago, IL 60631 |
| 339 | DIXIE INDUSTRIAL SERVICE INC<br>2108 E MAIN ST<br>CHATTANOOGA TN 37404-0645 | 902.89 | 16.40 | |
| 346 | BILLY D COX LEASING<br>PO BOX 541235<br>DALLAS TX 75354 | 18,235.66 | 331.18 | 10606 Goodnight Lane<br>Dallas TX 75220 |
| 474 | FISHER & PHILLIPS LLP<br>945 E PACES FERRY RD<br>ATLANTA GA 30326 | 589.80 | 10.71 | 1075 Peachtree St NE # 3500, Atlanta, GA 30309 |
| 580 | AWC PAINT CENTER<br>PO BOX 4147<br>BATON ROUGE LA 70821 | 326.50 | 5.93 | 11050 Airline Hwy<br>Baton Rouge, LA 70816 |
| 677 | ARAMARK (UNIFORMS)<br>PO BOX 7177<br>ROCKFORD IL 61126-7177 | 33,658.53 | 611.28 | 215 18th Ave, Rockford, IL 61104 |
| 803 | LIBERTY MUTUAL INSURANCE GROUP<br>PO BOX 7202<br>IMS FINANCIAL OPERATIONS<br>PORTSMOUTH NH 03802 | 34,395.00 | 624.65 | 15 Rye St Ste 210, Portsmouth, NH 03801 |
| 900 | KRAFT FOODS INC<br>PO BOX 398<br>MEMPHIS TN 38101 | 4,150.00 | 75.37 | 5812 Distribution Dr, Memphis, TN 38141 |

**EXHIBIT "D"**

**UNRESPONSIVE**

| CLAIM # | NAME & ADDRESS OF CLAIMANT | CLAIM AMOUNT | DIVIDEND AMOUNT | OTHER KNOWN ADDRESS |
|---|---|---|---|---|
| 910 | BURDETTE-BECKMAN<br>5856 JOHNSON ST<br>HOLLYWOOD FL 33021 | 1,341.40 | 24.36 | 5851 Johnson St, Hollywood, FL 33021 |
| 928 | FORMERS OF HOUSTON,INC<br>3533 PRESTON RD<br>PASADENA TX 77505 | 994.55 | 18.06 | 3333 Watters Rd, Pasadena, TX 77504 |
| 973 | Medical Arts Clinic (Mercy Accounts Payable)<br>921 FOURTEENTH AVE NW<br>ARDMORE OK 73401 | | 15.71 | |
| 1000 | HILLTOP TRANSPORTATION, INC<br>805 CLEVELAND AVE<br>COLUMBUS OH 43201 | 3,515.00 | 63.84 | 1299 Boltonfield St, Columbus, OH 43228 |
| 1101 | THURMAN BRYANT ELECTRIC SUPPLY<br>PO BOX 11145<br>CHATTANOOGA TN 37401 | 3,074.18 | 55.83 | 309 W 21st St Chattanooga, TN 37408 |
| 1119 | INDUSTRIAL SPECIALTY CHEMICALS, INC<br>PO BOX 122<br>HAZEL CREST IL 60429 | 3,584.85 | 65.10 | 410 W 169th St, South Holland, IL 60473 |
| 1269 | J. B. HUNT<br>PO BOX 1067<br>CHARLOTTE NC 28201-1067 | 642.42 | 11.67 | 10720 Metromont Pkwy, Charlotte, NC 28269 |
| 1276 | CORTNEY P. KEASLER<br>8333 MIDDLE VALLEY RD<br>HIXSON TN 37343 | 187.64 | 2.33 | UNRESPONSIVE - CREDITOR REQUESTED DI MINIMIS AMOUNT TO BE SENT TO HIM.  CREDITOR DID NOT CASH HIS CHECK. |
| 1404 | NIGHT HAWK SECURITY<br>PO BOX 26705<br>BIRMINGHAM AL 35260-0705 | 775.00 | 14.07 | 4342 Springhill Dr. Owensboro, KY 42303 |
| | | | 1,043,587.02 | |

# EXHIBIT 6

RECEIVED
2024 APR -5 PM 12: 09

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BAKE-LINE GROUP, LLC, et al., | ) | Case No. No. 04-10104 |
| | ) | |
| Debtors. | ) | |

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee

**Clearwater Recovery Partners LLP**

Name and Address where notices to transferee should be sent:

Clearwater Recovery Partners LLP
PO Box 841951
Boston
MA 02284-1951
USA

Tel: +1 973 954 4505
Email: ops@clearwaterllp.com

Name of Transferor

**GSC Partners CDO Fund II, Limited**

Court Claim # (if known): 283
Amount of Claim: $20,702,152.78
Date Claim Filed: 05/05/04

Gerald C. Bender, Esq.
Stroock Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
USA

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____          Date: 3 April 2024
      Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

Local Form 138

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| BAKE-LINE GROUP, LLC, et al., | ) | Case No. 04-10104 |
|  | ) |  |
| Debtors. | ) |  |

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. 283 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on April 3, 2024.

Name of Alleged Transferor:

GSC Partners CDO Fund II, Limited

Name of Transferee:

Clearwater Recovery Partners LLP

Address of Alleged Transferor:

Gerald C. Bender, Esq.
Stroock Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
USA

Address of Transferee:

Clearwater Recovery Partners LLP
PO Box 841951
Boston
MA 02284-1951
USA

### ~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

_____
**CLERK OF THE COURT**

# UNITED STATES BANKRUPTCY COURT
## District of Delaware
## 824 Market Street, 3rd Floor
## Wilmington, DE 19801

| | |
|---|---|
| **In Re:**<br>Bake–Line Group, LLC | **Chapter:** 7 |
| **EIN:** 04–3641930<br>Biscuit Acquisition LLC | **Case No.:** 04–10104–CSS |
| | Claim No.* (if known): 283<br>Amount (if known): $20702152.78 |

### NOTICE OF  TRANSFER OF CLAIM

To GSC Partners CDO Fund II, Limited Claimant/Transferor:

YOU ARE HEREBY NOTIFIED that on 4/5/2024 a  Transfer of Claim was filed with this Court purporting to transfer to GSC Partners CDO Fund II, Limited Transferee, a claim previously filed by you.

Any objection to this Transfer must be in writing and filed with the Clerk at the address below within (21) days of the date of this Notice, and a copy served on the Transferee. If no objection is timely received by the Court, the Transferee will be substituted as the original claimant without further order of the Court.

| | |
|---|---|
| Clerk of Court<br>United States Bankruptcy Court<br>District of Delaware<br>824 Market Street<br>Wilmington, DE 19801 | Transferee<br><br>Clearwater Recovery Partners LLP<br>PO Box 841951<br>Boston, MA 02284–1951 |

Dated: 4/7/2024

*Una O'Boyle*

Una O'Boyle, Clerk of Court

*\*Claim no. as assigned by the Court, which may be different from the claim no. as assigned by the Trustee.*

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0311−1 | User: admin | Date Created: 4/5/2024 |
| Case: 04−10104−CSS | Form ID: trclaim | Total: 1 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

19004641    GSC Partners CDO Fund II, Limited        Gerald C. Bender, Esq.        Stroock Stroock & Lavan LLP        180
                 Maiden Lane        New York, NY 10038

                                                                                                          TOTAL: 1

# EXHIBIT 7

RECEIVED

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE    2024 APR 5  PM 12: 09

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BAKE-LINE GROUP, LLC, et al., | ) | Case No. No. 04-10104 |
| | ) | |
| Debtors. | ) | |

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee | Name of Transferor |
|---|---|
| **Clearwater Recovery Partners LLP** | **GSC Partners CDO Fund, Limited** |

Name and Address where notices to transferee should be sent:

Court Claim # (if known): 287
Amount of Claim: $20,702,152.78
Date Claim Filed: 05/05/04

Clearwater Recovery Partners LLP
PO Box 841951
Boston
MA 02284-1951
USA

Gerald C. Bender, Esq.
Stroock Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
USA

Tel: +1 973 954 4505
Email: ops@clearwaterllp.com

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____    Date:  3 April 2024
        Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

Local Form 138

US_ACTIVE\126548882\V-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| BAKE-LINE GROUP, LLC, et al., | ) | Case No. 04-10104 |
|  | ) |  |
| Debtors. | ) |  |

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. 287 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on April 3, 2024.

Name of Alleged Transferor:

Name of Transferee:

GSC Partners CDO Fund, Limited

Clearwater Recovery Partners LLP

Address of Alleged Transferor:

Address of Transferee:

Gerald C. Bender, Esq.
Stroock Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
USA

Clearwater Recovery Partners LLP
PO Box 841951
Boston
MA 02284-1951
USA

| ~~DEADLINE TO OBJECT TO TRANSFER~~ |
|---|

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

_____
**CLERK OF THE COURT**

Local Form 138A

# UNITED STATES BANKRUPTCY COURT
## District of Delaware
## 824 Market Street, 3rd Floor
## Wilmington, DE 19801

**In Re:**
Bake–Line Group, LLC

**Chapter:** 7

**EIN:** 04–3641930
Biscuit Acquisition LLC

**Case No.:** 04–10104–CSS

Claim No.* (if known): 287
Amount (if known): $20702152.78

### NOTICE OF  TRANSFER OF CLAIM

To GSC Partners CDO Fund, Limited Claimant/Transferor:

    YOU ARE HEREBY NOTIFIED that on 4/5/2024 a  Transfer of Claim was filed with this Court purporting to transfer to GSC Partners CDO Fund, Limited Transferee, a claim previously filed by you.

    Any objection to this Transfer must be in writing and filed with the Clerk at the address below within (21) days of the date of this Notice, and a copy served on the Transferee. If no objection is timely received by the Court, the Transferee will be substituted as the original claimant without further order of the Court.

Clerk of Court
United States Bankruptcy Court
District of Delaware
824 Market Street
Wilmington, DE 19801

Transferee

Clearwater Recovery Partners LLP
PO Box 841951
Boston, MA 02284–1951

Dated: 4/7/2024

*Una O'Boyle*

Una O'Boyle, Clerk of Court

*Claim no. as assigned by the Court, which may be different from the claim no. as assigned by the Trustee.*

# Notice Recipients

District/Off: 0311−1                 User: admin                      Date Created: 4/5/2024
Case: 04−10104−CSS                   Form ID: trclaim                 Total: 1

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
19004641    GSC Partners CDO Fund II, Limited        Gerald C. Bender, Esq.        Stroock Stroock & Lavan LLP        180
            Maiden Lane        New York, NY  10038

                                                                                        TOTAL: 1

# EXHIBIT 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| BAKE-LINE GROUP, LLC, et al., | ) | Case No. No. 04-10104 |
| | ) | |
| Debtors. | ) | |

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Name of Transferee | Name of Transferor |
|---|---|
| **Clearwater Recovery Partners LLP** | **GSC Partners CDO Fund III, Limited** |

Name and Address where notices to transferee should be sent:

Court Claim # (if known): 290
Amount of Claim: $15,526,614.58
Date Claim Filed: 05/05/04

Clearwater Recovery Partners LLP
PO Box 841951
Boston
MA 02284-1951
USA

Gerald C. Bender, Esq.
Stroock Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
USA

Tel: +1 973 954 4505
Email: ops@clearwaterllp.com

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____     Date:  3 April 2024
        Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

Local Form 138

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| BAKE-LINE GROUP, LLC, et al., | ) | Case No. 04-10104 |
|  | ) |  |
| Debtors. | ) |  |

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. 290 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on April 3, 2024.

Name of Alleged Transferor:

GSC Partners CDO Fund III, Limited

Name of Transferee:

Clearwater Recovery Partners LLP

Address of Alleged Transferor:

Gerald C. Bender, Esq.
Stroock Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
USA

Address of Transferee:

Clearwater Recovery Partners LLP
PO Box 841951
Boston
MA 02284-1951
USA

### ~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____

_____
**CLERK OF THE COURT**

Local Form 138A

# UNITED STATES BANKRUPTCY COURT
## District of Delaware
## 824 Market Street, 3rd Floor
## Wilmington, DE 19801

**In Re:**
Bake–Line Group, LLC

**Chapter:** 7

**EIN:** 04–3641930
Biscuit Acquisition LLC

**Case No.:** 04–10104–CSS

Claim No.* (if known): 290
Amount (if known): $15526614.58

### NOTICE OF  TRANSFER OF CLAIM

To GSC Partners CDO Fund III, Limited Claimant/Transferor:

   YOU ARE HEREBY NOTIFIED that on 4/5/2024 a  Transfer of Claim was filed with this Court purporting to transfer to GSC Partners CDO Fund III, Limited Transferee, a claim previously filed by you.

   Any objection to this Transfer must be in writing and filed with the Clerk at the address below within (21) days of the date of this Notice, and a copy served on the Transferee. If no objection is timely received by the Court, the Transferee will be substituted as the original claimant without further order of the Court.

Clerk of Court
United States Bankruptcy Court
District of Delaware
824 Market Street
Wilmington, DE 19801

Transferee

Clearwater Recovery Partners LLP
PO Box 841951
Boston, MA 02284–1951

Dated: 4/7/2024

*Una O'Boyle*

Una O'Boyle, Clerk of Court

*Claim no. as assigned by the Court, which may be different from the claim no. as assigned by the Trustee.*

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0311−1 | User: admin | Date Created: 4/5/2024 |
| Case: 04−10104−CSS | Form ID: trclaim | Total: 1 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | | |
|---|---|---|---|---|
| 19004641 | GSC Partners CDO Fund II, Limited | Gerald C. Bender, Esq. | Stroock Stroock & Lavan LLP | 180 |
| | Maiden Lane | New York, NY 10038 | | |

TOTAL: 1

# EXHIBIT 9

*REDACTED IN ITS ENTIRETY*

# EXHIBIT 10

*Companies*
*Trusts*
*Partnerships*
*Trade Unions*
*Building Societies*
*Friendly Societies*



*Births, Deaths and*
*Marriages*
*Patents and Trademarks*
*Public Records*
*Co-operatives*

CAYMAN ISLANDS

| | |
|---|---|
| **Request Date** | **August 15th, 2024** |
| **Card Authorization Number** | **CORIS** |
| **Amount Charged** | **$36.59 USD** |
| **Roc #** | 105308 |
| **Entity Searched:** | **GSC PARTNERS CDO FUND II, LIMITED** |
| **Registration Date** | **October 25, 2000** |
| **Status** | **Dissolved** |
| **Date Dissolved** | **April 16, 2015** |
| **Share Capital** | **$11,152 KYD** |
| **New name:** | *N/A* |
| **Previous Registered Office** | **Deutsche Bank (Cayman) Limited** |

# EXHIBIT 11

*Companies*
*Trusts*
*Partnerships*
*Trade Unions*
*Building Societies*
*Friendly Societies*



*Births, Deaths and*
*Marriages*
*Patents and Trademarks*
*Public Records*
*Co-operatives*

CAYMAN ISLANDS

| | |
|---|---|
| **Request Date** | **August 15th, 2024** |
| **Card Authorization Number** | **CORIS** |
| **Amount Charged** | **$36.59 USD** |
| **Roc #** | 95747 |
| **Entity Searched:** | **GSC PARTNERS CDO FUND, LIMITED** |
| **Registration Date** | **January 10, 2000** |
| **Status** | **Dissolved** |
| **Date Dissolved** | **March 5, 2015** |
| **Share Capital** | **$41,000 KYD** |
| **New name:** | N/A |
| **Previous Registered Office** | **Deutsche Bank (Cayman) Limited** |

# EXHIBIT 12



**CAYMAN ISLANDS**

# Search Report

---

**Entity Name :**    GSC Partners CDO Fund III, Limited

**Jurisdiction :**    Cayman Islands

**Registration Number :**    112548

**Registration Date :**    29 August 2001

**Entity Type :**    EXEMPT

**Registered Office :**    MAPLESFS LIMITED
P. O. Box 1093
Queensgate House
113 South Church Street
Grand Cayman   KY1-1102
Cayman Islands

**Status :**    DISSOLVED-VOLUNTARY

---

- INFORMATION REGARDING THE CORPORATE RECORDS AND REGISTERS ARE NOT AVAILABLE FOR PUBLIC INSPECTION

- THIS REPORT DOES NOT CONFIRM THE ENTITY IS IN GOOD STANDING

Authorisation Code : 985139252292
www.verify.gov.ky
25 January 2023



**Clearwater**
Recovery Partners LLP

Tel: +44 20 7993 2091
ops@clearwaterllp.com
www.clearwaterllp.com

## LIST OF AUTHORISED SIGNATORIES FOR CLEARWATER RECOVERY PARNTERS LLP

**NAME OF ENTITY:** <u>CLEARWATER RECOVERY PARTNERS LLP (OC432221)</u> (the "Client")
**EFFECTIVE AS FROM:** 31 March 2024

| Name of Authorised Signatory | Signatory / Position | Wet Ink Signature (scanned version acceptable) | Electronic Signature | Direct Tel. No | E-mail Address |
|---|---|---|---|---|---|
| **Joshua Roland Amador Tucker** | Ivory Tower Partners LLP / Partner | | | +44 20 3004 9577 | jt@clearwaterllp.com |
| **James Luke Holdsworth** | Ravenrose Family Partnership LLP / Partner | | | +44 20 7993 2091 | jh@clearwaterllp.com |

We hereby certify that:
- (i) the signatures contained on this form are authentic and are true copies of those named;
- (ii) any signatory listed above is duly authorised to sign any and all documentation (as required) for and on behalf of the Client and that the persons listed above have full authority to bind the Client in accordance with the Client's internal corporate governance or board approvals; and
- (iii) This list of authorised signatories replaces and supersedes the previous list of authorised signatories for the Client dated 9 June 2022
- (iv) We are authorised signatory on behalf of the Client and have the relevant authority (delegated or otherwise) to complete this form for and on behalf of the Client.

Signed .......................................................

Name:  Joshua Tucker
Title:    LLP Designated Member Representative

**Authorised Signatory of Ivory Tower Partners LLP & Clearwater Recovery Partners LLP**

Signed .......................................................

Name:  James Holdsworth
Title:    LLP Designated Member Representative

**Authorised Signatory of Ravenrose Family Partnership LLP & Clearwater Recovery Partners LLP**

1

I, Neil William Alan Robertson confirm that this is a true copy of the original document which I have seen. I confirm that I have met James Holdsworth in person and that the photograph is a true likeness of him.

_____

**NEIL WILLIAM ALAN ROBERTSON**
**Managing Director - BGC Brokers L.P.**
Financial Conduct Authority Reg: NWR01011

BGC Brokers L.P
Financial Conduct Authority Reg: 454814

Priors Court
Churchmere Road
Sutton Courtenay
Abingdon
OX14 4AQ
United Kingdom

Tel: +44 20 7786 3701 / +44 78 7657 5102

**Date: 8 July 2024**



THIS PAGE IS RESERVED FOR OFFICIAL OBSERVATIONS
CETTE PAGE EST RESERVEE AUX OBSERVATIONS OFFICIELLES (11)

THERE ARE NO OFFICIAL OBSERVATIONS

HOLDER'S SIGNATURE/SIGNATURE DU TITULAIRE

UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND

| PASSPORT PASSEPORT | Type/Type P | Code/Code GBR | |
|---|---|---|---|
| | Surname/Nom (1) HOLDSWORTH | | |
| | Given names/Prénoms (2) JAMES LUKE | | |
| | Nationality/Nationalité (3) BRITISH CITIZEN | | |
| | Sex/Sexe (5) M | Place of birth/Lieu de naissance (6) HONG KONG | |
| | Date of issue/Date de délivrance (7) 23 FEB /FEV 17 | Authority/Autorité (8) HMPO | |
| | Date of expiry/Date d'expiration (9) 23 FEB /FEV 27 | Holder's signature/Signature du titulaire (10) SEE PAGE ABOVE | |

WWD1421



We The People

Of the United States,
in Order to form a more perfect Union,
establish Justice, insure domestic Tranquility,
provide for the common defence,
promote the general Welfare, and secure
the Blessings of Liberty to ourselves and
our Posterity, do ordain and establish this
Constitution for the United States of America.

SIGNATURE OF BEARER / SIGNATURE DU TITULAIRE / FIRMA DEL TITULAR

3

PASSPORT
PASSEPORT
PASAPORTE

USA

UNITED STATES OF AMERICA

Type / Type / Tipo    Code / Code / Código    Passport No / No du Passeport / No de Pasaporte
P        USA

Surname / Nom / Apellidos
TUCKER

Given Names / Prénoms / Nombres
JOSHUA ROLAND AMADOR

Nationality / Nationalité / Nacionalidad
UNITED STATES OF AMERICA

Place of birth / Lieu de naissance / Lugar de nacimiento
UNITED KINGDOM

Sex / Sexe / Sexo
M

Date of issue / Date de délivrance / Fecha de expedición
14 May 2018

Authority / Autorité / Autoridad
United States
Department of State

Date of expiration / Date d'expiration / Fecha de caducidad
13 May 2028

Endorsements / Mentions Spéciales / Anotaciones
SEE PAGE 51

USA

| Form **W-8IMY** | **Certificate of Foreign Intermediary, Foreign Flow-Through Entity, or Certain U.S. Branches for United States Tax Withholding and Reporting** | |
|---|---|---|
| (Rev. October 2021) | ▶ Section references are to the Internal Revenue Code. | OMB No. 1545-1621 |
| Department of the Treasury<br>Internal Revenue Service | ▶ Go to *www.irs.gov/FormW8IMY* for instructions and the latest information.<br>▶ Give this form to the withholding agent or payer. Do not send to the IRS. | |

| **Do not use this form for:** | **Instead, use Form:** |
|---|---|
| • A beneficial owner solely claiming foreign status or treaty benefits (other than a qualified intermediary (QI) acting as a qualified derivatives dealer (QDD)) . . . . . . . . . . . . . . . . . . . . . . . | W-8BEN or W-8BEN-E |
| • A hybrid entity claiming treaty benefits on its own behalf (other than a QI acting as a QDD) . . . . . . . . . | W-8BEN-E |
| • A foreign person claiming that income is effectively connected with the conduct of a trade or business in the United States . . . . . | W-8ECI |
| • A disregarded entity with a single foreign owner that is the beneficial owner (other than a QI acting as a QDD) of the income to which this form relates. Instead, the single foreign owner should use . . . . . . . . . . . . | W-8BEN, W-8ECI, or W-8BEN-E |
| • A foreign government, international organization, foreign central bank of issue, foreign tax-exempt organization, foreign private foundation, or government of a U.S. possession claiming the applicability of section(s) 115(2), 501(c), 892, 895, or 1443(b) . . . . . . . . . | W-8EXP |
| • U.S. entity or U.S. citizen or resident . . . . . . . . . . . . . . . . . . . . . . . . . . | W-9 |
| • A foreign person documenting itself for purposes of section 6050W . . . . . . . . . . | W-8BEN, W-8BEN-E, or W-8ECI |

## Part I — Identification of Entity

**1** Name of organization that is acting as intermediary
Clearwater Recovery Partners LLP

**2** Country of incorporation or organization
United Kingdom

**3** Name of disregarded entity (if applicable), see instructions

**4** Chapter 3 Status (entity type) (Must check one box only.):
- ☐ QI (including a QDD). Complete Part III.
- ☐ Nonqualified intermediary. Complete Part IV.
- ☐ Territory financial institution. Complete Part V.
- ☐ U.S. branch. Complete Part VI.
- ☐ Withholding foreign partnership. Complete Part VII.
- ☐ Withholding foreign trust. Complete Part VII.
- ☑ Nonwithholding foreign partnership. Complete Part VIII.
- ☐ Nonwithholding foreign simple trust. Complete Part VIII.
- ☐ Nonwithholding foreign grantor trust. Complete Part VIII.

**5** Chapter 4 Status (FATCA status) (See instructions for details and complete the certification below for the entity's applicable status.) (Must check one box only.):
- ☐ Nonparticipating foreign financial institution (FFI) (including an FFI related to a Reporting IGA FFI other than a deemed-compliant FFI, participating FFI, or exempt beneficial owner). Complete Part IX (if applicable).
- ☐ Participating FFI.
- ☐ Reporting Model 1 FFI.
- ☐ Reporting Model 2 FFI.
- ☐ Registered deemed-compliant FFI (other than a reporting Model 1 FFI, sponsored FFI, or nonreporting IGA FFI covered in Part XIX).
- ☐ Territory financial institution. Complete Part V.
- ☐ Sponsored FFI (other than a certified deemed-compliant sponsored, closely held investment vehicle). Complete Part X.
- ☐ Certified deemed-compliant nonregistering local bank. Complete Part XII.
- ☐ Certified deemed-compliant FFI with only low-value accounts. Complete Part XIII.
- ☐ Certified deemed-compliant sponsored, closely held investment vehicle. Complete Part XIV.
- ☐ Certified deemed-compliant limited life debt investment entity. Complete Part XV.
- ☐ Certain investment entities that do not maintain financial accounts. Complete Part XVI.
- ☐ Owner-documented FFI. Complete Part XI.
- ☐ Restricted distributor. Complete Part XVII.
- ☐ Foreign central bank of issue. Complete Part XVIII.
- ☐ Nonreporting IGA FFI. Complete Part XIX.
- ☐ Exempt retirement plans. Complete Part XX.
- ☐ Excepted nonfinancial group entity. Complete Part XXI.
- ☐ Excepted nonfinancial start-up company. Complete Part XXII.
- ☐ Excepted nonfinancial entity in liquidation or bankruptcy. Complete Part XXIII.
- ☐ Publicly traded NFFE or NFFE affiliate of a publicly traded corporation. Complete Part XXIV.
- ☐ Excepted territory NFFE. Complete Part XXV.
- ☐ Active NFFE. Complete Part XXVI.
- ☑ Passive NFFE. Complete Part XXVII.
- ☐ Direct reporting NFFE.
- ☐ Sponsored direct reporting NFFE. Complete Part XXVIII.

**6** Permanent residence address (street, apt. or suite no., or rural route). **Do not use a P.O. box or in-care-of address** (other than a registered address).
Office 7, 64-66 Wingate Square

| City or town, state or province. Include postal code where appropriate. | Country |
|---|---|
| Clapham, London, SW4 0AF | United Kingdom |

**7** Mailing address (if different from above)
28 Old Park Avenue

| City or town, state or province. Include postal code where appropriate. | Country |
|---|---|
| London, SW12 8RH | United Kingdom |

**8** U.S. taxpayer identification number, if required ▶ ███████████
☐ QI-EIN ☐ WP-EIN ☐ WT-EIN ☑ EIN

**9a** GIIN (if applicable) ▶

**b** Foreign taxpayer identification number, if required ▶

**10** Reference number(s) (see instructions)

| For Paperwork Reduction Act Notice, see separate instructions. | Cat. No. 25402Q | Form **W-8IMY** (Rev. 10-2021) |
|---|---|---|

| **Part II** | **Disregarded Entity or Branch Receiving Payment.** (Complete only if a disregarded entity with a GIIN or a branch of an FFI in a country other than the FFI's country of residence. Do not complete Part II for QDD branches. See instructions.) |
|---|---|

**11**    Chapter 4 Status (FATCA status) of disregarded entity or branch receiving payment.

☐ Branch treated as nonparticipating FFI.    ☐ Reporting Model 1 FFI.    ☐ U.S. Branch.

☐ Participating FFI.    ☐ Reporting Model 2 FFI.

**12**    Address of branch (street, apt. or suite no., or rural route). **Do not use a P.O. box or in-care-of address** (other than a registered address).

City or town, state or province. Include postal code where appropriate.      Country

**13**    GIIN (if any) ▶

# Chapter 3 Status Certifications

| **Part III** | **Qualified Intermediary** |
|---|---|

**All Qualified Intermediaries**

**14**    ☐ I certify that the entity identified in Part I (or branch, if relevant):

• Is a QI with respect to the accounts identified on line 10 or in a withholding statement associated with this form (as required) that is one or more of the following:

**(i)**    Not acting for its own account;

**(ii)**    A QDD receiving payments on underlying securities and/or potential section 871(m) transactions;

**(iii)**    A QI assuming primary withholding responsibility for payments of substitute interest, as permitted by the QI Agreement.
• Has provided or will provide a withholding statement (as required) for purposes of chapters 3 and 4, and section 1446(a), or section 1446(f), subject to the certifications made on this form.

• To the extent it acts as a disclosing QI for purposes of section 1446(a) or (f) for  payments associated with this form, the QI is to provide the required payee documentation to associate with an amount realized or an amount subject to withholding on a PTP distribution.

**Qualified Intermediaries When Not Acting As Qualified Derivatives Dealers (check all that apply)**

**15a**    ☐ I certify that the entity identified in Part I of this form assumes primary withholding responsibility for purposes of chapters 3 and 4 for each account identified on a withholding statement attached to this form (or, if no withholding statement is attached to this form, for all accounts).

**b**    ☐ I certify that the entity identified in Part I of this form assumes primary withholding and reporting responsibility for each payment of an amount realized from the sale of an interest in a publicly traded partnership under section 1446(f) associated with each account identified on a withholding statement attached to this form for receiving such amounts (or, if no withholding statement is attached to this form, for all accounts).

**c**    ☐ I certify that the entity identified in Part I of this form assumes primary withholding as a nominee under Regulations section 1.1446-4(b)(3) for each distribution by a publicly traded partnership associated with each account identified on a withholding statement attached to this form for receiving such distributions (or, if no withholding statement is attached to this form, for all accounts).

**d**    ☐ I certify that the entity identified in Part I of this form is a QI acting as a qualified securities lender assuming primary withholding and reporting responsibilities with respect to payments that are U.S. source substitute dividends received from the withholding agent associated with each account identified on a withholding statement attached to this form (or, if no withholding statement is attached to this form, for all accounts).

**e**    ☐ I certify that the entity identified in Part I of this form assumes primary withholding responsibility for purposes of chapters 3 and 4 and primary Form 1099 reporting and backup withholding responsibility for all payments of U.S. source interest and substitute interest associated with this form, as permitted by the QI Agreement.

**f**    ☐ I certify that the entity identified in Part I of this form assumes primary Form 1099 reporting and backup withholding responsibility or reporting responsibility as a participating FFI or registered deemed-compliant FFI with respect to accounts that it maintains that are held by specified U.S. persons as permitted under Regulations sections 1.6049-4(c)(4)(i) or (c)(4)(ii) in lieu of Form 1099 reporting for each account identified on a withholding statement attached to this form (or, if no withholding statement is attached to this form, for all accounts).

**g**    ☐ I certify that the entity identified in Part I of this form does not assume primary Form 1099 reporting and backup withholding responsibility for each account identified on a withholding statement attached to this form (or, if no withholding statement is attached to this form, for all accounts).

**h**    ☐ (Complete only to the extent the entity identified in Part I of this form does not assume primary Form 1099 reporting and backup withholding responsibility.) If the entity identified in Part I of this form has allocated or will allocate a portion of a payment to a chapter 4 withholding rate pool of U.S. payees on a withholding statement associated with this form, I certify that the entity meets the requirements of Regulations section 1.6049-4(c)(4)(iii) with respect to any account holder of an account that is included in such a withholding rate pool.

**i**    ☐ (Complete only to the extent the entity identified in Part I of this form does not assume primary Form 1099 reporting and backup withholding responsibility.) If the entity identified in Part I of this form has allocated or will allocate a portion of a payment to a chapter 4 withholding rate pool of U.S. payees on a withholding statement associated with this form, to the extent the U.S. payees are account holders of an intermediary or flow-through entity receiving a payment from the entity, I certify that the entity has obtained, or will obtain, documentation sufficient to establish each such intermediary or flow-through entity status as a participating FFI, registered deemed-compliant FFI, or FFI that is a QI.

**Qualified Derivatives Dealers**

16a ☐ I certify that each QDD identified in Part I of this form or on a withholding statement associated with this form meets the requirements to act as a QDD (including approval by the IRS to so act) and assumes primary withholding and reporting responsibilities under chapters 3, 4, and 61 and section 3406 with respect to any payments it makes with respect to potential section 871(m) transactions.

  b Entity classification of QDD: ☐ Corporation   ☐ Partnership   ☐ Disregarded Entity

### Part IV   Nonqualified Intermediary

**Check all that apply.**

17a ☐ (All nonqualified intermediaries and QIs that are not acting in their capacity as such check here.) I certify that the entity identified in Part I of this form is not acting as a QI with respect to each account(s) for which this form is provided and is not acting for its own account.

  b ☐ I certify that the entity identified in Part I of this form is using this form to transmit withholding certificates and/or other documentation and has provided, or will provide, a withholding statement, as required. **Note:** If this form is provided for purposes of the entity's interest in a publicly traded partnership, see the instructions for Part IV before checking this **box.**

  c ☐ I certify that the entity identified in Part I of this form meets the requirements of Regulations section 1.6049-4(c)(4)(iii) with respect to any account holder of an account it maintains that is included in a withholding rate pool of U.S. payees provided on a withholding statement associated with this form (excluding a distribution from a publicly traded partnership).

  d ☐ I certify that the entity identified in Part I of this form is acting as a qualified securities lender (other than a QI) assuming primary withholding and reporting responsibilities with respect to payments associated with this form that are U.S. source substitute dividends received from the withholding agent.

  e ☐ To the extent the entity identified in Part I of this form  is providing an alternative withholding statement described in Regulations section 1.1441-1(e)(3)(iv)(C)(3) for any payments associated with the form, the entity represents that the information on all of the withholding statements associated with this withholding certificate have been (or will be) verified for inconsistency with any other account information the entity has for the beneficial owners for determining the rate of withholding with respect to each payee (applying the standards of knowledge under section 1441 or section 1471, as applicable).

### Part V   Territory Financial Institution

18a ☐ I certify that the entity identified in Part I is a financial institution (other than an investment entity that is not also a depository institution, custodial institution, or specified insurance company) that is incorporated or organized under the laws of a territory of the United States.

**Check the box on line 18b or 18c, whichever applies.**

  b ☐ I further certify that the entity identified in Part I is using this form as evidence of its agreement with the withholding agent to be treated as a U.S. person for purposes of chapters 3 and 4 with respect to any reportable amounts and withholdable payments associated with this withholding certificate.

  c ☐ I further certify that the entity identified in Part I:
    • Is using this form to transmit withholding certificates and/or other documentation for the persons for whom it receives a payment of a reportable amount or a withholdable payment; **and**
    • Has provided or will provide a withholding statement, as required.

**Check the boxes on lines 18d, and 18e or 18f, as applicable.**

  d ☐ I certify that the entity identified in Part I agrees to be treated as a U.S. person under Regulations section 1.1446(f)-4(a)(2)(i)(B) with respect to amounts realized on sales of interests in publicly traded partnerships.

  e ☐ I certify that the entity identified in Part I agrees to be treated as a U.S. person (as described in Regulations section 1.1441-1(b)(2)(iv)(A)) and as a nominee under Regulations section 1.1446-4(b)(3) with respect to distributions by publicly traded partnerships, **or**

  f ☐ Is not acting as a nominee for distributions from publicly traded partnerships and is providing withholding statements for the distributions. **Note:** If this form is provided for an amount realized, see the instructions for Part V before providing a withholding statement for an amount realized when the entity does not check the box on line 18d.

### Part VI   Certain U.S. Branches

19a ☐ I certify that the entity identified in Part I is a U.S. branch receiving reportable amounts or withholdable payments that are not income effectively connected with the conduct of a trade or business in the United States, distributions from publicly traded partnerships, or amounts realized on sales of interests in publicly traded partnerships.

**Check the box on line 19b or 19c, whichever applies.**

  b ☐ I certify that the entity identified in Part I is a U.S. branch of a foreign bank or insurance company described in Regulations section 1.1441-1(b)(2)(iv)(A) that is using this form as evidence of its agreement with the withholding agent to be treated as a U.S. person with respect to any reportable amounts or withholdable payments associated with this withholding certificate.

  c ☐ I certify that the entity identified in Part I:
    • Is using this form to transmit withholding certificates and/or other documentation for the persons for whom the branch receives a payment of a reportable amount;
    • Has provided or will provide a withholding statement, as required; **and**
    • In the case of a withholdable payment, is applying the rules described in Regulations section 1.1471-4(d)(2)(iii)(C).

**Check the boxes on lines 19d, and 19e or 19f, as applicable.**

  d ☐ I certify that the entity identified in Part I is a U.S. branch (as described in Regulations section 1.1446(f)-4(a)(2)(i)(B)) that is acting as a U.S. person with respect to amounts realized on the sales of interests in publicly traded partnerships,

  e ☐ I certify that the entity identified in Part I is a U.S. branch (as described in Regulations section 1.1441-1(b)(2)(iv)(A)) that is treated as a U.S. person and as a nominee with respect to distributions by publicly traded partnerships under Regulations section 1.1446-4(b)(3), or

  f ☐ Is not acting as a nominee for distributions from publicly traded partnerships and is providing withholding statements for the distributions. **Note:** If this form is provided for an amount realized, see the instructions for Part VI before providing a withholding statement for an amount realized when the U.S. branch does not check the box on line 19d.

| Part VII | Withholding Foreign Partnership (WP) or Withholding Foreign Trust (WT) |

**20** ☐ I certify that the entity identified in Part I is a withholding foreign partnership or a withholding foreign trust that is compliant with the terms of its WP or WT agreement.

| Part VIII | Nonwithholding Foreign Partnership, Simple Trust, or Grantor Trust |

**Check all that apply.**

**21a** ☑ I certify that the entity identified in Part I:

- Is a nonwithholding foreign partnership, a nonwithholding foreign simple trust, or a nonwithholding foreign grantor trust and is providing this form for payments that are not effectively connected, or are not treated as effectively connected, with the conduct of a trade or business in the United States; **and**

- Is using this form to transmit withholding certificates and/or other documentation and has provided or will provide a withholding statement, as required for purposes of chapters 3 and 4, that is subject to the certifications made on this form.

**b** ☐ I certify that the entity identified in Part I is a foreign partnership or foreign grantor trust that is a partner in a lower-tier partnership and is providing this Form W-8IMY for purposes of section 1446(a).

**c** ☐ I certify that the entity identified in Part I is a foreign partnership receiving an amount realized on the transfer of an interest in a partnership for purposes of section 1446(f).

**d** ☐ I certify that the entity identified in Part I is a foreign partnership providing a withholding statement for a modified amount realized from the transfer (check, when applicable, only if box 21c is checked).

**e** ☐ I certify that the entity identified in Part I is a foreign grantor trust providing the form on behalf of each grantor or other owner of the trust under Regulations section 1.1446(f)-1(c)(2)(vii) that is transmitting withholding certificates and providing a withholding statement to allocate the amount realized to each grantor or other owner.

**f** ☐ To the extent the entity identified in Part I of this form is providing an alternative withholding statement described in Regulations section 1.1441-1(e)(3)(iv)(C)(3) for any payments associated with the form, the entity represents that the information on all of the withholding certificates associated with the withholding statement may be relied on based on the standards of knowledge under section 1441 or section 1471 applicable to the entity.

# Chapter 4 Status Certifications

| Part IX | Nonparticipating FFI with Exempt Beneficial Owners |

**22** ☐ I certify that the entity identified in Part I is using this form to transmit withholding certificates and/or other documentation and has provided or will provide a withholding statement that indicates the portion of the payment allocated to one or more exempt beneficial owners.

| Part X | Sponsored FFI |

**23a** Name of sponsoring entity: ▶

**Check the box on line 23b or 23c, whichever applies.**

**b** ☐ I certify that the entity identified in Part I:
- Is an investment entity;
- Is not a QI, WP (except to the extent permitted in the withholding foreign partnership agreement), or WT; **and**
- Has agreed with the entity identified above (that is not a nonparticipating FFI) to act as the sponsoring entity for this entity.

**c** ☐ I certify that the entity identified in Part I:
- Is a controlled foreign corporation as defined in section 957(a);
- Is not a QI, WP, or WT;
- Is  wholly owned, directly or indirectly, by the U.S. financial institution identified above that agrees to act as the sponsoring entity for this entity; **and**
- Shares a common electronic account system with the sponsoring entity (identified above) that enables the sponsoring entity to identify all account holders and payees of the entity and to access all account and customer information maintained by the entity including, but not limited to, customer identification information, customer documentation, account balance, and all payments made to account holders or payees.

| Part XI | Owner-Documented FFI |

**Note:** This status only applies if the U.S. financial institution, participating FFI, reporting Model 1 FFI, or reporting Model 2 FFI to which this form is given has agreed that it will treat the FFI as an owner-documented FFI. The owner-documented FFI must make the certifications below.

**24a** ☐ I certify that the FFI identified in Part I:
- Does not act as an intermediary;

- Does not accept deposits in the ordinary course of a banking or similar business;

- Does not hold, as a substantial portion of its business, financial assets for the account of others;
- Is not an insurance company (or the holding company of an insurance company) that issues or is obligated to make payments with respect to a financial account;
- Is not affiliated with an entity (other than an FFI that is also treated as an owner-documented FFI) that accepts deposits in the ordinary course of a banking or similar business, holds, as a substantial portion of its business, financial assets for the account of others, or is an insurance company (or the holding company of an insurance company) that issues or is obligated to make payments with respect to a financial account; **and**
- Does not maintain a financial account for any nonparticipating FFI**.**

| **Part XI** | **Owner-Documented FFI** *(continued)* |
|---|---|

**Check the box on line 24b or 24c, whichever applies.**

**b** ☐ I certify that the FFI identified in Part I:

- Has provided, or will provide, an FFI owner reporting statement (including any applicable owner documentation) that contains:

   **(i)** The name, address, TIN (if any), chapter 4 status, and type of documentation provided (if required) of every individual and specified U.S. person that owns a direct or indirect equity interest in the owner-documented FFI (looking through all entities other than specified U.S. persons);

   **(ii)** The name, address, TIN (if any), chapter 4 status, and type of documentation provided (if required) of every individual and specified U.S. person that owns a debt interest in the owner-documented FFI (including any indirect debt interest, which includes debt interests in any entity that directly or indirectly owns the payee or any direct or indirect equity interest in a debt holder of the payee) that constitutes a financial account in excess of $50,000 (disregarding all such debt interests owned by participating FFIs, registered deemed-compliant FFIs, certified deemed-compliant FFIs, excepted NFFEs, exempt beneficial owners, or U.S. persons other than specified U.S. persons); **and**

   **(iii)** Any additional information the withholding agent requests in order to fulfill its obligations with respect to the entity.

**c** ☐ I certify that the FFI identified in Part I:

- Has provided, or will provide, an auditor's letter, signed no more than 4 years prior to the date of payment, from an independent accounting firm or legal representative with a location in the United States stating that the firm or representative has reviewed the FFI's documentation with respect to all of its owners and debt holders identified in Regulations section 1.1471-3(d)(6)(iv)(A)(2) and that the FFI meets all the requirements to be an owner-documented FFI. The FFI identified in Part I has also provided, or will provide, an FFI owner reporting statement and Form W-9, with applicable waivers, as described in Regulations section 1.1471-3(d)(6)(iv).

| **Part XII** | **Certified Deemed-Compliant Nonregistering Local Bank** |
|---|---|

**25** ☐ I certify that the FFI identified in Part I:

- Operates and is licensed solely as a bank or credit union (or similar cooperative credit organization operated without profit) in its country of incorporation or organization;

- Engages primarily in the business of receiving deposits from and making loans to, with respect to a bank, retail customers unrelated to such bank and, with respect to a credit union or similar cooperative credit organization, members, provided that no member has a greater than 5% interest in such credit union or cooperative credit organization;

- Does not solicit account holders outside its country of organization;

- Has no fixed place of business outside such country (for this purpose, a fixed place of business does not include a location that is not advertised to the public and from which the FFI performs solely administrative support functions);

- Has no more than $175 million in assets on its balance sheet and, if it is a member of an expanded affiliated group, the group has no more than $500 million in total assets on its consolidated or combined balance sheets; **and**

- Does not have any member of its expanded affiliated group that is an FFI, other than an FFI that is incorporated or organized in the same country as the FFI identified in Part I and that meets the requirements set forth in this Part XII.

| **Part XIII** | **Certified Deemed-Compliant FFI With Only Low-Value Accounts** |
|---|---|

**26** ☐ I certify that the FFI identified in Part I:

- Is not engaged primarily in the business of investing, reinvesting, or trading in securities, partnership interests, commodities, notional principal contracts, insurance or annuity contracts, or any interest (including a futures or forward contract or option) in such security, partnership interest, commodity, notional principal contract, insurance contract, or annuity contract;

- No financial account maintained by the FFI or any member of its expanded affiliated group, if any, has a balance or value in excess of $50,000 (as determined after applying applicable account aggregation rules); **and**

- Neither the FFI nor the FFI's entire expanded affiliated group, if any, has more than $50 million in assets on its consolidated or combined balance sheet as of the end of its most recent accounting year.

| **Part XIV** | **Certified Deemed-Compliant Sponsored, Closely Held Investment Vehicle** |
|---|---|

**27a** Name of sponsoring entity: ▶

**b** ☐ I certify that the FFI identified in Part I:

- Is an FFI solely because it is an investment entity described in Regulations section 1.1471-5(e)(4);

- Is not a QI, WP, or WT;

- Will have all of its due diligence, withholding, and reporting responsibilities (determined as if the FFI were a participating FFI) fulfilled by the sponsoring entity identified on line 27a; **and**

- 20 or fewer individuals own all of the debt and equity interests in the entity (disregarding debt interests owned by U.S. financial institutions, participating FFIs, registered deemed-compliant FFIs, and certified deemed-compliant FFIs and equity interests owned by an entity that owns 100% of the equity interests in the FFI identified in Part I and is itself a sponsored FFI).

| **Part XV** | **Certified Deemed-Compliant Limited Life Debt Investment Entity** |
|---|---|

**28** ☐ I certify that the FFI identified in Part I:

- Was in existence as of January 17, 2013;

- Issued all classes of its debt or equity interests to investors on or before January 17, 2013, pursuant to a trust indenture or similar agreement; **and**

- Is certified deemed-compliant because it satisfies the requirements to be treated as a limited life debt investment entity (such as the restrictions with respect to its assets and other requirements under Regulations section 1.1471-5(f)(2)(iv)).

**Part XVI**  **Certain Investment Entities That Do Not Maintain Financial Accounts**

29  ☐  I certify that the entity identified in Part I:
- Is a financial institution solely because it is an investment entity described in Regulations section 1.1471-5(e)(4)(i)(A); **and**
- Does not maintain financial accounts.

**Part XVII**  **Restricted Distributor**

30a  ☐  (All restricted distributors check here.) I certify that the entity identified in Part I:
- Operates as a distributor with respect to debt or equity interests of the restricted fund with respect to which this form is furnished;

- Provides investment services to at least 30 customers unrelated to each other and less than half of its customers are related to each other;

- Is required to perform AML due diligence procedures under the anti-money laundering laws of its country of organization (which is a FATF-compliant jurisdiction);

- Operates solely in its country of incorporation or organization, has no fixed place of business outside of that country, and has the same country of incorporation or organization as all members of its affiliated group, if any;

- Does not solicit customers outside its country of incorporation or organization;

- Has no more than $175 million in total assets under management and no more than $7 million in gross revenue on its income statement for the most recent accounting year;

- Is not a member of an expanded affiliated group that has more than $500 million in total assets under management or more than $20 million in gross revenue for its most recent accounting year on a combined or consolidated income statement; **and**

- Does not distribute any debt or securities of the restricted fund to specified U.S. persons, passive NFFEs with one or more substantial U.S. owners, or nonparticipating FFIs.

**Check the box on line 30b or 30c, whichever applies.**

I further certify that with respect to all sales of debt or equity interests in the restricted fund with respect to which this form is furnished that are made after December 31, 2011, the entity identified in Part I:

b  ☐  Has been bound by a distribution agreement that contained a general prohibition on the sale of debt or securities to U.S. entities and U.S. resident individuals and is currently bound by a distribution agreement that contains a prohibition of the sale of debt or securities to any specified U.S. person, passive NFFE with one or more substantial U.S. owners, or nonparticipating FFI.

c  ☐  Is currently bound by a distribution agreement that contains a prohibition on the sale of debt or securities to any specified U.S. person, passive NFFE with one or more substantial U.S. owners, or nonparticipating FFI and, for all sales made prior to the time that such a restriction was included in its distribution agreement, has reviewed all accounts related to such sales in accordance with the procedures identified in Regulations section 1.1471-4(c) applicable to preexisting accounts and has redeemed or retired any securities which were sold to specified U.S. persons, passive NFFEs with one or more substantial U.S. owners, or nonparticipating FFIs, or will transfer the securities to a distributor that is a participating FFI, reporting Model 1 FFI, or reporting Model 2 FFI.

**Part XVIII**  **Foreign Central Bank of Issue**

31  ☐  I certify that the entity identified in Part I is treated as the beneficial owner of the payment solely for purposes of chapter 4 under Regulations section 1.1471-6(d)(4).

**Part XIX**  **Nonreporting IGA FFI**

32  ☐  I certify that the entity identified in Part I:
- Meets the requirements to be considered a nonreporting financial institution pursuant to an applicable IGA between the United States and _____ . The applicable IGA is a ☐ Model 1 IGA or a ☐ Model 2 IGA; and is treated as a _____ under the provisions of the applicable IGA or Treasury regulations (if applicable, see instructions); **and**
- If you are a trustee documented trust or a sponsored entity, provide the name of the trustee or sponsor _____ .
The trustee is: ☐ U.S.  ☐ Foreign

**Part XX**  **Exempt Retirement Plans**

**Check the box on line 33a, b, c, d, e, or f, whichever applies.**

33a  ☐  I certify that the entity identified in Part I:
- Is established in a country with which the United States has an income tax treaty in force;

- Is operated principally to administer or provide pension or retirement benefits; **and**

- Is entitled to treaty benefits on income that the fund derives from U.S. sources (or would be entitled to benefits if it derived any such income) as a resident of the other country which satisfies any applicable limitation on benefits requirement.

b  ☐  I certify that the entity identified in Part I:
- Is organized for the provision of retirement, disability, or death benefits (or any combination thereof) to beneficiaries that are former employees of one or more employers in consideration for services rendered;

- No single beneficiary has a right to more than 5% of the FFI's assets;
- Is subject to government regulation and provides annual information reporting about its beneficiaries to the relevant tax authorities in the country in which the fund is established or operated; **and**

| Part XX | Exempt Retirement Plans *(continued)* |
|---|---|

**(i)** Is generally exempt from tax on investment income under the laws of the country in which it is established or operates due to its status as a retirement or pension plan;

**(ii)** Receives at least 50% of its total contributions from sponsoring employers (disregarding transfers of assets from other plans described in this part, retirement and pension accounts described in an applicable Model 1 or Model 2 IGA, other retirement funds described in an applicable Model 1 or Model 2 IGA, or accounts described in Regulations section 1.1471-5(b)(2)(i)(A));

**(iii)** Either does not permit or penalizes distributions or withdrawals made before the occurrence of specified events related to retirement, disability, or death (except rollover distributions to accounts described in Regulations section 1.1471-5(b)(2)(i)(A) (referring to retirement and pension accounts), to retirement and pension accounts described in an applicable Model 1 or Model 2 IGA, or to other retirement funds described in this part or in an applicable Model 1 or Model 2 IGA); **or**

**(iv)** Limits contributions by employees to the fund by reference to earned income of the employee or may not exceed $50,000 annually.

**c** ☐ I certify that the entity identified in Part I:

• Is organized for the provision of retirement, disability, or death benefits (or any combination thereof) to beneficiaries that are former employees of one or more employers in consideration for services rendered;

• Has fewer than 50 participants;

• Is sponsored by one or more employers, each of which is not an investment entity or passive NFFE;

• Employee and employer contributions to the fund (disregarding transfers of assets from other plans described in this part, retirement and pension accounts described in an applicable Model 1 or Model 2 IGA, or accounts described in Regulations section 1.1471-5(b)(2)(i)(A)) are limited by reference to earned income and compensation of the employee, respectively;

• Participants that are not residents of the country in which the fund is established or operated are not entitled to more than 20% of the fund's assets; **and**

• Is subject to government regulation and provides annual information reporting about its beneficiaries to the relevant tax authorities in the country in which the fund is established or operates.

**d** ☐ I certify that the entity identified in Part I is formed pursuant to a pension plan that would meet the requirements of section 401(a), other than the requirement that the plan be funded by a trust created or organized in the United States.

**e** ☐ I certify that the entity identified in Part I is established exclusively to earn income for the benefit of one or more retirement funds described in this part or in an applicable Model 1 or Model 2 IGA, accounts described in Regulations section 1.1471-5(b)(2)(i)(A) (referring to retirement and pension accounts), or retirement and pension accounts described in an applicable Model 1 or Model 2 IGA.

**f** ☐ I certify that the entity identified in Part I:

• Is established and sponsored by a foreign government, international organization, central bank of issue, or government of a U.S. possession (each as defined in Regulations section 1.1471-6) or an exempt beneficial owner described in an applicable Model 1 or Model 2 IGA to provide retirement, disability, or death benefits to beneficiaries or participants that are current or former employees of the sponsor (or persons designated by such employees); **or**

• Is established and sponsored by a foreign government, international organization, central bank of issue, or government of a U.S. possession (each as defined in Regulations section 1.1471-6) or an exempt beneficial owner described in an applicable Model 1 or Model 2 IGA to provide retirement, disability, or death benefits to beneficiaries or participants that are not current or former employees of such sponsor, but are in consideration of personal services performed for the sponsor.

| Part XXI | Excepted Nonfinancial Group Entity |
|---|---|

**34** ☐ I certify that the entity identified in Part I:

• Is a holding company, treasury center, or captive finance company and substantially all of the entity's activities are functions described in Regulations section 1.1471-5(e)(5)(i)(C) through (E);

• Is a member of a nonfinancial group described in Regulations section 1.1471-5(e)(5)(i)(B);

• Is not a depository or custodial institution (other than for members of the entity's expanded affiliated group); **and**

• Does not function (or hold itself out) as an investment fund, such as a private equity fund, venture capital fund, leveraged buyout fund, or any investment vehicle with an investment strategy to acquire or fund companies and then hold interests in those companies as capital assets for investment purposes.

| Part XXII | Excepted Nonfinancial Start-Up Company |
|---|---|

**35** ☐ I certify that the entity identified in Part I:

• Was formed on (or in the case of a new line of business, the date of board resolution approving the new line of business) _____ (date must be less than 24 months prior to date of payment);

• Is not yet operating a business and has no prior operating history or is investing capital in assets with the intent to operate a new line of business other than that of a financial institution or passive NFFE; **and**

• Does not function (or hold itself out) as an investment fund, such as a private equity fund, venture capital fund, leveraged buyout fund, or any investment vehicle whose purpose is to acquire or fund companies and then hold interests in those companies as capital assets for investment purposes.

| Part XXIII | Excepted Nonfinancial Entity in Liquidation or Bankruptcy |
|---|---|

**36** ☐ I certify that the entity identified in Part I:

• Filed a plan of liquidation, filed a plan for reorganization, or filed for bankruptcy on the following date: _____ ;

• Has not been engaged during the past 5 years in business as a financial institution or acted as a passive NFFE;

• Is either liquidating or emerging from a reorganization or bankruptcy with the intent to continue or recommence operations as a nonfinancial entity; **and**

• Has provided, or will provide, documentary evidence such as a bankruptcy filing or other public documentation that supports its claim if it remains in bankruptcy or liquidation for more than 3 years.

| Part XXIV | Publicly Traded NFFE or NFFE Affiliate of a Publicly Traded Corporation |
|---|---|

**Check the box on line 37a or 37b, whichever applies.**

**37a** ☐ I certify that:
- The entity identified in Part I is a foreign corporation that is not a financial institution; **and**
- The stock of such corporation is regularly traded on one or more established securities markets, including _____ .

**b** ☐ I certify that:
- The entity identified in Part I is a foreign corporation that is not a financial institution;
- The entity identified in Part I is a member of the same expanded affiliated group as an entity the stock of which is regularly traded on an established securities market;
- The name of the entity, the stock of which is regularly traded on an established securities market, is _____ ; **and**
- The name of the securities market on which the stock is regularly traded is ▶ _____ .

| Part XXV | Excepted Territory NFFE |
|---|---|

**38** ☐ I certify that:
- The entity identified in Part I is an entity that is organized in a possession of the United States;
- All of the owners of the entity identified in Part I are bona fide residents of the possession in which the NFFE is organized or incorporated; **and**
- The entity identified in Part I:
  - **(i)** Does not accept deposits in the ordinary course of a banking or similar business;
  - **(ii)** Does not hold, as a substantial portion of its business, financial assets for the account of others; **and**
  - **(iii)** Is not an insurance company (or the holding company of an insurance company) that issues or is obligated to make payments with respect to a financial account.

| Part XXVI | Active NFFE |
|---|---|

**39** ☐ I certify that:
- The entity identified in Part I is a foreign entity that is not a financial institution;
- Less than 50% of such entity's gross income for the preceding calendar year is passive income; **and**
- Less than 50% of the assets held by such entity are assets that produce or are held for the production of passive income (calculated as a weighted average of the percentage of passive assets measured quarterly). See the instructions for the definition of passive income.

| Part XXVII | Passive NFFE |
|---|---|

**40** ☑ I certify that the entity identified in Part I:
- Is a foreign entity that is not a financial institution (this category includes an entity organized in a possession of the United States that engages (or holds itself out as being engaged) primarily in the business of investing, reinvesting, or trading in securities, partnership interests, commodities, notional principal contracts, insurance or annuity contracts, or any interest in such security, partnership interest, commodity, notional principal contract, insurance contract, or annuity contract); **and**
- Is using this form to transmit withholding certificates and/or other documentation and has provided or will provide a withholding statement, as required.

| Part XXVIII | Sponsored Direct Reporting NFFE |
|---|---|

**41** Name of sponsoring entity: ▶ _____

**42** ☐ I certify that the entity identified in Part I is a direct reporting NFFE that is sponsored by the entity identified on line 41.

| Part XXIX | Certification |
|---|---|

Under penalties of perjury, I declare that I have examined the information on this form, and to the best of my knowledge and belief, it is true, correct, and complete. Furthermore, I authorize this form to be provided to any withholding agent that has control, receipt, or custody of the income or proceeds for which I am providing this form or any withholding agent that can disburse or make payments of the amounts for which I am providing this form.

**I agree that I will submit a new form within 30 days if any certification made on this form becomes incorrect.**

**Sign Here** ▶

| _John Tuck_ | Joshua Tucker | 04-12-2024 |
|---|---|---|
| Signature of authorized official | Print Name | Date (MM-DD-YYYY) |

**Non-Qualified Intermediary / Flow Through Entity Withholding Statement - Fixed Recipients**

**Intermediary Information**

| | |
|---|---|
| **Name of Intermediary / Account Holder** | Clearwater Recovery Partners LLP |
| **Address** | PO Box 1002, Oxford, OX1 9XH, United Kingdom |
| **Intermediary QI (Chapter 3) Entity Type** | Non-Withholding Foreign Partnership |
| **FATCA (Chapter 4) Status†** | NFFE—Passive NFFE identifying Substantial U.S. Owners (19) |
| **US Employer Identification Number (if any)** | ▓▓▓▓▓ |
| **Foreign TIN** | ▓▓▓▓▓ |

**Recipient Information\***

| Account Number If segregated by portolio, enter portfolio number | Recipient Name | Permanent Residence Address | Country of Tax Residence | US TIN (if any) | Foreign TIN (if any) | GIIN (if any) | US / Non-US Status | Tax Form Type | FATCA (Chapter 4) Status† | QI (Chapter 3) Status† | Dividend Income | | Interest Income | | Other Income | Income Allocation % Must total 100% per account |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | Tax Rate % | Basis for reduced rate N/A if no reduced rate applies | Tax Rate % | Basis for reduced rate N/A if no reduced rate applies | Please specify any other income type(s), applicable tax rate and the basis for reduced withholding. Otherwise leave blank or insert N/A | |
| | Ivory Tower Partners LLP | Office 7, 64 - 66 Wingate Square, London, SW4 0AF, United Kingdom | UK | ▓▓▓ | ▓▓▓ | n.a. | Foreign person | W-8IMY | NFFE—Passive NFFE identifying Substantial U.S. Owners (19) | Partnership—other than Withholding Foreign Partnership or Publicly Traded | 0% | N/A | 0% | N/A | 100% owned by US taxpayors | 50% |
| | RavenRose Family Partnership LLP | Office 7, 64 - 66 Wingate Square, London, SW4 0AF, United Kingdom | UK | n.a. | ▓▓▓ | n.a. | Foreign person | W-8IMY | NFFE—Passive NFFE with no Substantial U.S. Owners (20) | Partnership—other than Withholding Foreign Partnership or Publicly Traded | 15% | Treaty rate | 0% | Treaty rate | UK treaty | 50% |

**Certification:**
We hereby certify, under penalties of perjury, that the above information is true, correct and complete.

_[signature]_

_____     ___20-May-24___
**Signature of authorised official**          **Effective Start Date**

Form **W-8BEN**

(Rev. October 2021)

Department of the Treasury
Internal Revenue Service

## Certificate of Foreign Status of Beneficial Owner for United States Tax Withholding and Reporting (Individuals)

▶ For use by individuals. Entities must use Form W-8BEN-E.
▶ Go to *www.irs.gov/FormW8BEN* for instructions and the latest information.
▶ Give this form to the withholding agent or payer. Do not send to the IRS.

OMB No. 1545-1621

| Do NOT use this form if: | Instead, use Form: |
|---|---|
| • You are NOT an individual  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   . | W-8BEN-E |
| • You are a U.S. citizen or other U.S. person, including a resident alien individual  .   .   .   .   .   .   .   .   .   .   .   . | W-9 |
| • You are a beneficial owner claiming that income is effectively connected with the conduct of trade or business within the United States (other than personal services)  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   . | W-8ECI |
| • You are a beneficial owner who is receiving compensation for personal services performed in the United States  .   .   .   .   .   . | 8233 or W-4 |
| • You are a person acting as an intermediary  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   . | W-8IMY |

**Note:** If you are resident in a FATCA partner jurisdiction (that is, a Model 1 IGA jurisdiction with reciprocity), certain tax account information may be provided to your jurisdiction of residence.

## Part I    Identification of Beneficial Owner (see instructions)

| 1   Name of individual who is the beneficial owner | 2   Country of citizenship |
|---|---|
| David John Melrose Holdsworth | United Kingdom |

**3**    Permanent residence address (street, apt. or suite no., or rural route). **Do not use a P.O. box or in-care-of address.**

27th Floor, Block 46, Lower Baguio Villas, 550 Victoria Road

| City or town, state or province. Include postal code where appropriate. | Country |
|---|---|
| Hong Kong | Hong Kong SAR |

**4**    Mailing address (if different from above)

| City or town, state or province. Include postal code where appropriate. | Country |
|---|---|
| | |

**5**    U.S. taxpayer identification number (SSN or ITIN), if required (see instructions)

| 6a   Foreign tax identifying number (see instructions) | 6b   Check if FTIN not legally required  .   .   .   .   .   .   .   .   .   .   ☐ |
|---|---|

| 7   Reference number(s) (see instructions) | 8   Date of birth (MM-DD-YYYY) (see instructions)  ▉▉▉ |
|---|---|

## Part II    Claim of Tax Treaty Benefits (for chapter 3 purposes only) (see instructions)

**9**    I certify that the beneficial owner is a resident of _____ within the meaning of the income tax treaty between the United States and that country.

**10**    **Special rates and conditions** (if applicable—see instructions): The beneficial owner is claiming the provisions of Article and paragraph _____ of the treaty identified on line 9 above to claim a _____ % rate of withholding on (specify type of income): _____.

Explain the additional conditions in the Article and paragraph the beneficial owner meets to be eligible for the rate of withholding: _____

## Part III    Certification

Under penalties of perjury, I declare that I have examined the information on this form and to the best of my knowledge and belief it is true, correct, and complete. I further certify under penalties of perjury that:

• I am the individual that is the beneficial owner (or am authorized to sign for the individual that is the beneficial owner) of all the income or proceeds to which this form relates or am using this form to document myself for chapter 4 purposes;

• The person named on line 1 of this form is not a U.S. person;

• This form relates to:

  (a) income not effectively connected with the conduct of a trade or business in the United States;

  (b) income effectively connected with the conduct of a trade or business in the United States but is not subject to tax under an applicable income tax treaty;

  (c) the partner's share of a partnership's effectively connected taxable income; or

  (d) the partner's amount realized from the transfer of a partnership interest subject to withholding under section 1446(f);

• The person named on line 1 of this form is a resident of the treaty country listed on line 9 of the form (if any) within the meaning of the income tax treaty between the United States and that country; and

• For broker transactions or barter exchanges, the beneficial owner is an exempt foreign person as defined in the instructions.

Furthermore, I authorize this form to be provided to any withholding agent that has control, receipt, or custody of the income of which I am the beneficial owner or any withholding agent that can disburse or make payments of the income of which I am the beneficial owner. **I agree that I will submit a new form within 30 days if any certification made on this form becomes incorrect.**

**Sign Here** ▶

☑ I certify that I have the capacity to sign for the person identified on line 1 of this form.

_Signature of beneficial owner (or individual authorized to sign for beneficial owner)_

David Holdsworth
Print name of signer

03-31-2024
Date (MM-DD-YYYY)

**For Paperwork Reduction Act Notice, see separate instructions.**          Cat. No. 25047Z          Form **W-8BEN** (Rev. 10-2021)

| Form **W-8IMY** | **Certificate of Foreign Intermediary, Foreign Flow-Through Entity, or Certain U.S. Branches for United States Tax Withholding and Reporting** | OMB No. 1545-1621 |
|---|---|---|
| (Rev. October 2021) | ▶ Section references are to the Internal Revenue Code. | |
| Department of the Treasury<br>Internal Revenue Service | ▶ Go to *www.irs.gov/FormW8IMY* for instructions and the latest information.<br>▶ Give this form to the withholding agent or payer. Do not send to the IRS. | |

**Do not use this form for:**      **Instead, use Form:**

- A beneficial owner solely claiming foreign status or treaty benefits (other than a qualified intermediary (QI) acting as a qualified derivatives dealer (QDD)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . W-8BEN or W-8BEN-E
- A hybrid entity claiming treaty benefits on its own behalf (other than a QI acting as a QDD) . . . . . . . . W-8BEN-E
- A foreign person claiming that income is effectively connected with the conduct of a trade or business in the United States . . . . . W-8ECI
- A disregarded entity with a single foreign owner that is the beneficial owner (other than a QI acting as a QDD) of the income to which this form relates. Instead, the single foreign owner should use . . . . . . . . . . W-8BEN, W-8ECI, or W-8BEN-E
- A foreign government, international organization, foreign central bank of issue, foreign tax-exempt organization, foreign private foundation, or government of a U.S. possession claiming the applicability of section(s) 115(2), 501(c), 892, 895, or 1443(b) . . . . . . . . . . W-8EXP
- U.S. entity or U.S. citizen or resident . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . W-9
- A foreign person documenting itself for purposes of section 6050W . . . . . . . . . . W-8BEN, W-8BEN-E, or W-8ECI

## Part I    Identification of Entity

| 1 Name of organization that is acting as intermediary | 2 Country of incorporation or organization |
|---|---|
| Ivory Tower Partners LLP | United Kingdom |

3 Name of disregarded entity (if applicable), see instructions

**4** Chapter 3 Status (entity type) (Must check one box only.):

- ☐ QI (including a QDD). Complete Part III.
- ☐ Nonqualified intermediary. Complete Part IV.
- ☐ Territory financial institution. Complete Part V.
- ☐ U.S. branch. Complete Part VI.
- ☐ Withholding foreign partnership. Complete Part VII.
- ☐ Withholding foreign trust. Complete Part VII.
- ☑ Nonwithholding foreign partnership. Complete Part VIII.
- ☐ Nonwithholding foreign simple trust. Complete Part VIII.
- ☐ Nonwithholding foreign grantor trust. Complete Part VIII.

**5** Chapter 4 Status (FATCA status) (See instructions for details and complete the certification below for the entity's applicable status.) (Must check one box only.)

- ☐ Nonparticipating foreign financial institution (FFI) (including an FFI related to a Reporting IGA FFI other than a deemed-compliant FFI, participating FFI, or exempt beneficial owner). Complete Part IX (if applicable).
- ☐ Participating FFI.
- ☐ Reporting Model 1 FFI.
- ☐ Reporting Model 2 FFI.
- ☐ Registered deemed-compliant FFI (other than a reporting Model 1 FFI, sponsored FFI, or nonreporting IGA FFI covered in Part XIX).
- ☐ Territory financial institution. Complete Part V.
- ☐ Sponsored FFI (other than a certified deemed-compliant sponsored, closely held investment vehicle). Complete Part X.
- ☐ Certified deemed-compliant nonregistering local bank. Complete Part XII.
- ☐ Certified deemed-compliant FFI with only low-value accounts. Complete Part XIII.
- ☐ Certified deemed-compliant sponsored, closely held investment vehicle. Complete Part XIV.
- ☐ Certified deemed-compliant limited life debt investment entity. Complete Part XV.
- ☐ Certain investment entities that do not maintain financial accounts. Complete Part XVI.
- ☐ Owner-documented FFI. Complete Part XI.
- ☐ Restricted distributor. Complete Part XVII.
- ☐ Foreign central bank of issue. Complete Part XVIII.
- ☐ Nonreporting IGA FFI. Complete Part XIX.
- ☐ Exempt retirement plans. Complete Part XX.
- ☐ Excepted nonfinancial group entity. Complete Part XXI.
- ☐ Excepted nonfinancial start-up company. Complete Part XXII.
- ☐ Excepted nonfinancial entity in liquidation or bankruptcy. Complete Part XXIII.
- ☐ Publicly traded NFFE or NFFE affiliate of a publicly traded corporation. Complete Part XXIV.
- ☐ Excepted territory NFFE. Complete Part XXV.
- ☐ Active NFFE. Complete Part XXVI.
- ☑ Passive NFFE. Complete Part XXVII.
- ☐ Direct reporting NFFE.
- ☐ Sponsored direct reporting NFFE. Complete Part XXVIII.

**6** Permanent residence address (street, apt. or suite no., or rural route). **Do not use a P.O. box or in-care-of address** (other than a registered address).

Office 7, 64-66 Wingate Square

| City or town, state or province. Include postal code where appropriate. | Country |
|---|---|
| Clapham, London, SW4 0AF | United Kingdom |

**7** Mailing address (if different from above)

28 Old Park Avenue

| City or town, state or province. Include postal code where appropriate. | Country |
|---|---|
| London, SW12 8RH | United Kingdom |

**8** U.S. taxpayer identification number, if required ▶ ███████

☐ QI-EIN     ☐ WP-EIN     ☐ WT-EIN     ☑ EIN

**9a** GIIN (if applicable) ▶

   **b** Foreign taxpayer identification number, if required ▶

**10** Reference number(s) (see instructions)

| **Part II** | **Disregarded Entity or Branch Receiving Payment.** (Complete only if a disregarded entity with a GIIN or a branch of an FFI in a country other than the FFI's country of residence. Do not complete Part II for QDD branches. See instructions.) |
|---|---|

**11**  Chapter 4 Status (FATCA status) of disregarded entity or branch receiving payment.

    ☐ Branch treated as nonparticipating FFI.    ☐ Reporting Model 1 FFI.    ☐ U.S. Branch.

    ☐ Participating FFI.    ☐ Reporting Model 2 FFI.

**12**  Address of branch (street, apt. or suite no., or rural route). **Do not use a P.O. box or in-care-of address** (other than a registered address).

City or town, state or province. Include postal code where appropriate. | Country

**13**  GIIN (if any) ▶

# Chapter 3 Status Certifications

| **Part III** | **Qualified Intermediary** |
|---|---|

**All Qualified Intermediaries**

**14**  ☐ I certify that the entity identified in Part I (or branch, if relevant):

    • Is a QI with respect to the accounts identified on line 10 or in a withholding statement associated with this form (as required) that is one or more of the following:

    **(i)**  Not acting for its own account;

    **(ii)**  A QDD receiving payments on underlying securities and/or potential section 871(m) transactions;

    **(iii)**  A QI assuming primary withholding responsibility for payments of substitute interest, as permitted by the QI Agreement.

    • Has provided or will provide a withholding statement (as required) for purposes of chapters 3 and 4, and section 1446(a), or section 1446(f), subject to the certifications made on this form.

    • To the extent it acts as a disclosing QI for purposes of section 1446(a) or (f) for  payments associated with this form, the QI is to provide the required payee documentation to associate with an amount realized or an amount subject to withholding on a PTP distribution.

**Qualified Intermediaries When Not Acting As Qualified Derivatives Dealers (check all that apply)**

**15a**  ☐ I certify that the entity identified in Part I of this form assumes primary withholding responsibility for purposes of chapters 3 and 4 for each account identified on a withholding statement attached to this form (or, if no withholding statement is attached to this form, for all accounts).

  **b**  ☐ I certify that the entity identified in Part I of this form assumes primary withholding and reporting responsibility for each payment of an amount realized from the sale of an interest in a publicly traded partnership under section 1446(f) associated with each account identified on a withholding statement attached to this form for receiving such amounts (or, if no withholding statement is attached to this form, for all accounts).

  **c**  ☐ I certify that the entity identified in Part I of this form assumes primary withholding as a nominee under Regulations section 1.1446-4(b)(3) for each distribution from a publicly traded partnership associated with each account identified on a withholding statement attached to this form for receiving such distributions (or, if no withholding statement is attached to this form, for all accounts).

  **d**  ☐ I certify that the entity identified in Part I of this form is a QI acting as a qualified securities lender assuming primary withholding and reporting responsibilities with respect to payments that are U.S. source substitute dividends received from the withholding agent associated with each account identified on a withholding statement attached to this form (or, if no withholding statement is attached to this form, for all accounts).

  **e**  ☐ I certify that the entity identified in Part I of this form assumes primary withholding responsibility for purposes of chapters 3 and 4 and primary Form 1099 reporting and backup withholding responsibility for all payments of U.S. source interest and substitute interest associated with this form, as permitted by the QI Agreement.

  **f**  ☐ I certify that the entity identified in Part I of this form assumes primary Form 1099 reporting and backup withholding responsibility or reporting responsibility as a participating FFI or registered deemed-compliant FFI with respect to accounts that it maintains that are held by specified U.S. persons as permitted under Regulations sections 1.6049-4(c)(4)(i) or (c)(4)(ii) in lieu of Form 1099 reporting for each account identified on a withholding statement attached to this form (or, if no withholding statement is attached to this form, for all accounts).

  **g**  ☐ I certify that the entity identified in Part I of this form does not assume primary Form 1099 reporting and backup withholding responsibility for each account identified on a withholding statement attached to this form (or, if no withholding statement is attached to this form, for all accounts).

  **h**  ☐ (Complete only to the extent the entity identified in Part I of this form does not assume primary Form 1099 reporting and backup withholding responsibility.) If the entity identified in Part I of this form has allocated or will allocate a portion of a payment to a chapter 4 withholding rate pool of U.S. payees on a withholding statement associated with this form, I certify that the entity meets the requirements of Regulations section 1.6049-4(c)(4)(iii) with respect to any account holder of an account that is included in such a withholding rate pool.

  **i**  ☐ (Complete only to the extent the entity identified in Part I of this form does not assume primary Form 1099 reporting and backup withholding responsibility.) If the entity identified in Part I of this form has allocated or will allocate a portion of a payment to a chapter 4 withholding rate pool of U.S. payees on a withholding statement associated with this form, to the extent the U.S. payees are account holders of an intermediary or flow-through entity receiving a payment from the entity, I certify that the entity has obtained, or will obtain, documentation sufficient to establish each such intermediary or flow-through entity status as a participating FFI, registered deemed-compliant FFI, or FFI that is a QI.

**Qualified Derivatives Dealers**

**16a** ☐ I certify that each QDD identified in Part I of this form or on a withholding statement associated with this form meets the requirements to act as a QDD (including approval by the IRS to so act) and assumes primary withholding and reporting responsibilities under chapters 3, 4, and 61 and section 3406 with respect to any payments it makes with respect to potential section 871(m) transactions.

**b** Entity classification of QDD: ☐ Corporation    ☐ Partnership    ☐ Disregarded Entity

## Part IV    Nonqualified Intermediary

**Check all that apply.**

**17a** ☐ (All nonqualified intermediaries and QIs that are not acting in their capacity as such check here.) I certify that the entity identified in Part I of this form is not acting as a QI with respect to each account(s) for which this form is provided and is not acting for its own account.

**b** ☐ I certify that the entity identified in Part I of this form is using this form to transmit withholding certificates and/or other documentation and has provided, or will provide, a withholding statement, as required. **Note:** If this form is provided for purposes of the entity's interest in a publicly traded partnership, see the instructions for Part IV before checking this **box.**

**c** ☐ I certify that the entity identified in Part I of this form meets the requirements of Regulations section 1.6049-4(c)(4)(iii) with respect to any account holder of an account it maintains that is included in a withholding rate pool of U.S. payees provided on a withholding statement associated with this form (excluding a distribution from a publicly traded partnership).

**d** ☐ I certify that the entity identified in Part I of this form is acting as a qualified securities lender (other than a QI) assuming primary withholding and reporting responsibilities with respect to payments associated with this form that are U.S. source substitute dividends received from the withholding agent.

**e** ☐ To the extent the entity identified in Part I of this form is providing an alternative withholding statement described in Regulations section 1.1441-1(e)(3)(iv)(C)(3) for any payments associated with the form, the entity represents that the information on all of the withholding statements associated with this withholding certificate have been (or will be) verified for inconsistency with any other account information the entity has for the beneficial owners for determining the rate of withholding with respect to each payee (applying the standards of knowledge under section 1441 or section 1471, as applicable).

## Part V    Territory Financial Institution

**18a** ☐ I certify that the entity identified in Part I is a financial institution (other than an investment entity that is not also a depository institution, custodial institution, or specified insurance company) that is incorporated or organized under the laws of a territory of the United States.

**Check the box on line 18b or 18c, whichever applies.**

**b** ☐ I further certify that the entity identified in Part I is using this form as evidence of its agreement with the withholding agent to be treated as a U.S. person for purposes of chapters 3 and 4 with respect to any reportable amounts and withholdable payments associated with this withholding certificate.

**c** ☐ I further certify that the entity identified in Part I:
• Is using this form to transmit withholding certificates and/or other documentation for the persons for whom it receives a payment of a reportable amount or a withholdable payment; **and**
• Has provided or will provide a withholding statement, as required.

**Check the boxes on lines 18d, and 18e or 18f, as applicable.**

**d** ☐ I certify that the entity identified in Part I agrees to be treated as a U.S. person under Regulations section 1.1446(f)-4(a)(2)(i)(B) with respect to amounts realized on sales of interests in publicly traded partnerships.

**e** ☐ I certify that the entity identified in Part I agrees to be treated as a U.S. person (as described in Regulations section 1.1441-1(b)(2)(iv)(A)) and as a nominee under Regulations section 1.1446-4(b)(3) with respect to distributions by publicly traded partnerships, **or**

**f** ☐ Is not acting as a nominee for distributions from publicly traded partnerships and is providing withholding statements for the distributions. **Note:** If this form is provided for an amount realized, see the instructions for Part V before providing a withholding statement for an amount realized when the entity does not check the box on line 18d.

## Part VI    Certain U.S. Branches

**19a** ☐ I certify that the entity identified in Part I is a U.S. branch receiving reportable amounts or withholdable payments that are not income effectively connected with the conduct of a trade or business in the United States, distributions from publicly traded partnerships, or amounts realized on sales of interests in publicly traded partnerships.

**Check the box on line 19b or 19c, whichever applies.**

**b** ☐ I certify that the entity identified in Part I is a U.S. branch of a foreign bank or insurance company described in Regulations section 1.1441-1(b)(2)(iv)(A) that is using this form as evidence of its agreement with the withholding agent to be treated as a U.S. person with respect to any reportable amounts or withholdable payments associated with this withholding certificate.

**c** ☐ I certify that the entity identified in Part I:
• Is using this form to transmit withholding certificates and/or other documentation for the persons for whom the branch receives a payment of a reportable amount;
• Has provided or will provide a withholding statement, as required; **and**
• In the case of a withholdable payment, is applying the rules described in Regulations section 1.1471-4(d)(2)(iii)(C).

**Check the boxes on lines 19d, and 19e or 19f, as applicable.**

**d** ☐ I certify that the entity identified in Part I is a U.S. branch (as described in Regulations section 1.1446(f)-4(a)(2)(i)(B)) that is acting as a U.S. person with respect to amounts realized on the sales of interests in publicly traded partnerships,

**e** ☐ I certify that the entity identified in Part I is a U.S. branch (as described in Regulations section 1.1441-1(b)(2)(iv)(A)) that is treated as a U.S. person and as a nominee with respect to distributions by publicly traded partnerships under Regulations section 1.1446-4(b)(3), or

**f** ☐ Is not acting as a nominee for distributions from publicly traded partnerships and is providing withholding statements for the distributions. **Note:** If this form is provided for an amount realized, see the instructions for Part VI before providing a withholding statement for an amount realized when the U.S. branch does not check the box on line 19d.

| Part VII | Withholding Foreign Partnership (WP) or Withholding Foreign Trust (WT) |
|---|---|

**20** ☐ I certify that the entity identified in Part I is a withholding foreign partnership or a withholding foreign trust that is compliant with the terms of its WP or WT agreement.

| Part VIII | Nonwithholding Foreign Partnership, Simple Trust, or Grantor Trust |
|---|---|

**Check all that apply.**

**21a** ☑ I certify that the entity identified in Part I:

• Is a nonwithholding foreign partnership, a nonwithholding foreign simple trust, or a nonwithholding foreign grantor trust and is providing this form for payments that are not effectively connected, or are not treated as effectively connected, with the conduct of a trade or business in the United States; **and**

• Is using this form to transmit withholding certificates and/or other documentation and has provided or will provide a withholding statement, as required for purposes of chapters 3 and 4, that is subject to the certifications made on this form.

**b** ☐ I certify that the entity identified in Part I is a foreign partnership or foreign grantor trust that is a partner in a lower-tier partnership and is providing this Form W-8IMY for purposes of section 1446(a).

**c** ☐ I certify that the entity identified in Part I is a foreign partnership receiving an amount realized on the transfer of an interest in a partnership for purposes of section 1446(f).

**d** ☐ I certify that the entity identified in Part I is a foreign partnership providing a withholding statement for a modified amount realized from the transfer (check, when applicable, only if box 21c is checked).

**e** ☐ I certify that the entity identified in Part I is a foreign grantor trust providing the form on behalf of each grantor or other owner of the trust under Regulations section 1.1446(f)-1(c)(2)(vii) that is transmitting withholding certificates and providing a withholding statement to allocate the amount realized to each grantor or other owner.

**f** ☐ To the extent the entity identified in Part I of this form is providing an alternative withholding statement described in Regulations section 1.1441-1(e)(3)(iv)(C)(3) for any payments associated with the form, the entity represents that the information on all of the withholding certificates associated with the withholding statement may be relied on based on the standards of knowledge under section 1441 or section 1471 applicable to the entity.

# Chapter 4 Status Certifications

| Part IX | Nonparticipating FFI with Exempt Beneficial Owners |
|---|---|

**22** ☐ I certify that the entity identified in Part I is using this form to transmit withholding certificates and/or other documentation and has provided or will provide a withholding statement that indicates the portion of the payment allocated to one or more exempt beneficial owners.

| Part X | Sponsored FFI |
|---|---|

**23a** Name of sponsoring entity: ▶

**Check the box on line 23b or 23c, whichever applies.**

**b** ☐ I certify that the entity identified in Part I:

• Is an investment entity;

• Is not a QI, WP (except to the extent permitted in the withholding foreign partnership agreement), or WT; **and**

• Has agreed with the entity identified above (that is not a nonparticipating FFI) to act as the sponsoring entity for this entity.

**c** ☐ I certify that the entity identified in Part I:

• Is a controlled foreign corporation as defined in section 957(a);

• Is not a QI, WP, or WT;

• Is  wholly owned, directly or indirectly, by the U.S. financial institution identified above that agrees to act as the sponsoring entity for this entity; **and**

• Shares a common electronic account system with the sponsoring entity (identified above) that enables the sponsoring entity to identify all account holders and payees of the entity and to access all account and customer information maintained by the entity including, but not limited to, customer identification information, customer documentation, account balance, and all payments made to account holders or payees.

| Part XI | Owner-Documented FFI |
|---|---|

**Note:** This status only applies if the U.S. financial institution, participating FFI, reporting Model 1 FFI, or reporting Model 2 FFI to which this form is given has agreed that it will treat the FFI as an owner-documented FFI. The owner-documented FFI must make the certifications below.

**24a** ☐ I certify that the FFI identified in Part I:

• Does not act as an intermediary;

• Does not accept deposits in the ordinary course of a banking or similar business;

• Does not hold, as a substantial portion of its business, financial assets for the account of others;

• Is not an insurance company (or the holding company of an insurance company) that issues or is obligated to make payments with respect to a financial account;

• Is not affiliated with an entity (other than an FFI that is also treated as an owner-documented FFI) that accepts deposits in the ordinary course of a banking or similar business, holds, as a substantial portion of its business, financial assets for the account of others, or is an insurance company (or the holding company of an insurance company) that issues or is obligated to make payments with respect to a financial account; **and**

• Does not maintain a financial account for any nonparticipating FFI**.**

| Part XI | Owner-Documented FFI *(continued)* |
|---------|-------------------------------------|

**Check the box on line 24b or 24c, whichever applies.**

**b** ☐ I certify that the FFI identified in Part I:

- Has provided, or will provide, an FFI owner reporting statement (including any applicable owner documentation) that contains:

  **(i)** The name, address, TIN (if any), chapter 4 status, and type of documentation provided (if required) of every individual and specified U.S. person that owns a direct or indirect equity interest in the owner-documented FFI (looking through all entities other than specified U.S. persons);

  **(ii)** The name, address, TIN (if any), chapter 4 status, and type of documentation provided (if required) of every individual and specified U.S. person that owns a debt interest in the owner-documented FFI (including any indirect debt interest, which includes debt interests in any entity that directly or indirectly owns the payee or any direct or indirect equity interest in a debt holder of the payee) that constitutes a financial account in excess of $50,000 (disregarding all such debt interests owned by participating FFIs, registered deemed-compliant FFIs, certified deemed-compliant FFIs, excepted NFFEs, exempt beneficial owners, or U.S. persons other than specified U.S. persons); **and**

  **(iii)** Any additional information the withholding agent requests in order to fulfill its obligations with respect to the entity.

**c** ☐ I certify that the FFI identified in Part I:

- Has provided, or will provide, an auditor's letter, signed no more than 4 years prior to the date of payment, from an independent accounting firm or legal representative with a location in the United States stating that the firm or representative has reviewed the FFI's documentation with respect to all of its owners and debt holders identified in Regulations section 1.1471-3(d)(6)(iv)(A)(2) and that the FFI meets all the requirements to be an owner-documented FFI. The FFI identified in Part I has also provided, or will provide, an FFI owner reporting statement and Form W-9, with applicable waivers, as described in Regulations section 1.1471-3(d)(6)(iv).

| Part XII | Certified Deemed-Compliant Nonregistering Local Bank |
|----------|------------------------------------------------------|

**25** ☐ I certify that the FFI identified in Part I:

- Operates and is licensed solely as a bank or credit union (or similar cooperative credit organization operated without profit) in its country of incorporation or organization;

- Engages primarily in the business of receiving deposits from and making loans to, with respect to a bank, retail customers unrelated to such bank and, with respect to a credit union or similar cooperative credit organization, members, provided that no member has a greater than 5% interest in such credit union or cooperative credit organization;

- Does not solicit account holders outside its country of organization;

- Has no fixed place of business outside such country (for this purpose, a fixed place of business does not include a location that is not advertised to the public and from which the FFI performs solely administrative support functions);

- Has no more than $175 million in assets on its balance sheet and, if it is a member of an expanded affiliated group, the group has no more than $500 million in total assets on its consolidated or combined balance sheets; **and**

- Does not have any member of its expanded affiliated group that is an FFI, other than an FFI that is incorporated or organized in the same country as the FFI identified in Part I and that meets the requirements set forth in this Part XII.

| Part XIII | Certified Deemed-Compliant FFI With Only Low-Value Accounts |
|-----------|-------------------------------------------------------------|

**26** ☐ I certify that the FFI identified in Part I:

- Is not engaged primarily in the business of investing, reinvesting, or trading in securities, partnership interests, commodities, notional principal contracts, insurance or annuity contracts, or any interest (including a futures or forward contract or option) in such security, partnership interest, commodity, notional principal contract, insurance contract, or annuity contract;

- No financial account maintained by the FFI or any member of its expanded affiliated group, if any, has a balance or value in excess of $50,000 (as determined after applying applicable account aggregation rules); **and**

- Neither the FFI nor the FFI's entire expanded affiliated group, if any, has more than $50 million in assets on its consolidated or combined balance sheet as of the end of its most recent accounting year.

| Part XIV | Certified Deemed-Compliant Sponsored, Closely Held Investment Vehicle |
|----------|----------------------------------------------------------------------|

**27a**  Name of sponsoring entity: ▶

**b** ☐ I certify that the FFI identified in Part I:

- Is an FFI solely because it is an investment entity described in Regulations section 1.1471-5(e)(4);

- Is not a QI, WP, or WT;

- Will have all of its due diligence, withholding, and reporting responsibilities (determined as if the FFI were a participating FFI) fulfilled by the sponsoring entity identified on line 27a; **and**

- 20 or fewer individuals own all of the debt and equity interests in the entity (disregarding debt interests owned by U.S. financial institutions, participating FFIs, registered deemed-compliant FFIs, and certified deemed-compliant FFIs and equity interests owned by an entity that owns 100% of the equity interests in the FFI identified in Part I and is itself a sponsored FFI).

| Part XV | Certified Deemed-Compliant Limited Life Debt Investment Entity |
|---------|---------------------------------------------------------------|

**28** ☐ I certify that the FFI identified in Part I:

- Was in existence as of January 17, 2013;

- Issued all classes of its debt or equity interests to investors on or before January 17, 2013, pursuant to a trust indenture or similar agreement; **and**

- Is certified deemed-compliant because it satisfies the requirements to be treated as a limited life debt investment entity (such as the restrictions with respect to its assets and other requirements under Regulations section 1.1471-5(f)(2)(iv)).

| Part XVI | **Certain Investment Entities That Do Not Maintain Financial Accounts** |
|---|---|

**29** ☐ I certify that the entity identified in Part I:

- Is a financial institution solely because it is an investment entity described in Regulations section 1.1471-5(e)(4)(i)(A); **and**
- Does not maintain financial accounts.

| Part XVII | **Restricted Distributor** |
|---|---|

**30a** ☐ (All restricted distributors check here.) I certify that the entity identified in Part I:

- Operates as a distributor with respect to debt or equity interests of the restricted fund with respect to which this form is furnished;

- Provides investment services to at least 30 customers unrelated to each other and less than half of its customers are related to each other;

- Is required to perform AML due diligence procedures under the anti-money laundering laws of its country of organization (which is a FATF-compliant jurisdiction);

- Operates solely in its country of incorporation or organization, has no fixed place of business outside of that country, and has the same country of incorporation or organization as all members of its affiliated group, if any;

- Does not solicit customers outside its country of incorporation or organization;

- Has no more than $175 million in total assets under management and no more than $7 million in gross revenue on its income statement for the most recent accounting year;

- Is not a member of an expanded affiliated group that has more than $500 million in total assets under management or more than $20 million in gross revenue for its most recent accounting year on a combined or consolidated income statement; **and**

- Does not distribute any debt or securities of the restricted fund to specified U.S. persons, passive NFFEs with one or more substantial U.S. owners, or nonparticipating FFIs.

**Check the box on line 30b or 30c, whichever applies.**

I further certify that with respect to all sales of debt or equity interests in the restricted fund with respect to which this form is furnished that are made after December 31, 2011, the entity identified in Part I:

**b** ☐ Has been bound by a distribution agreement that contained a general prohibition on the sale of debt or securities to U.S. entities and U.S. resident individuals and is currently bound by a distribution agreement that contains a prohibition of the sale of debt or securities to any specified U.S. person, passive NFFE with one or more substantial U.S. owners, or nonparticipating FFI.

**c** ☐ Is currently bound by a distribution agreement that contains a prohibition on the sale of debt or securities to any specified U.S. person, passive NFFE with one or more substantial U.S. owners, or nonparticipating FFI and, for all sales made prior to the time that such a restriction was included in its distribution agreement, has reviewed all accounts related to such sales in accordance with the procedures identified in Regulations section 1.1471-4(c) applicable to preexisting accounts and has redeemed or retired any securities which were sold to specified U.S. persons, passive NFFEs with one or more substantial U.S. owners, or nonparticipating FFIs, or will transfer the securities to a distributor that is a participating FFI, reporting Model 1 FFI, or reporting Model 2 FFI.

| Part XVIII | **Foreign Central Bank of Issue** |
|---|---|

**31** ☐ I certify that the entity identified in Part I is treated as the beneficial owner of the payment solely for purposes of chapter 4 under Regulations section 1.1471-6(d)(4).

| Part XIX | **Nonreporting IGA FFI** |
|---|---|

**32** ☐ I certify that the entity identified in Part I:

- Meets the requirements to be considered a nonreporting financial institution pursuant to an applicable IGA between the United States and _____ . The applicable IGA is a ☐ Model 1 IGA or a ☐ Model 2 IGA; and is treated as a _____ under the provisions of the applicable IGA or Treasury regulations (if applicable, see instructions); **and**

- If you are a trustee documented trust or a sponsored entity, provide the name of the trustee or sponsor _____ . The trustee is: ☐ U.S. ☐ Foreign

| Part XX | **Exempt Retirement Plans** |
|---|---|

**Check the box on line 33a, b, c, d, e, or f, whichever applies.**

**33a** ☐ I certify that the entity identified in Part I:

- Is established in a country with which the United States has an income tax treaty in force;

- Is operated principally to administer or provide pension or retirement benefits; **and**

- Is entitled to treaty benefits on income that the fund derives from U.S. sources (or would be entitled to benefits if it derived any such income) as a resident of the other country which satisfies any applicable limitation on benefits requirement.

**b** ☐ I certify that the entity identified in Part I:

- Is organized for the provision of retirement, disability, or death benefits (or any combination thereof) to beneficiaries that are former employees of one or more employers in consideration for services rendered;

- No single beneficiary has a right to more than 5% of the FFI's assets;
- Is subject to government regulation and provides annual information reporting about its beneficiaries to the relevant tax authorities in the country in which the fund is established or operated; **and**

| **Part XX** | **Exempt Retirement Plans** *(continued)* |
|---|---|

    **(i)**  Is generally exempt from tax on investment income under the laws of the country in which it is established or operates due to its status as a retirement or pension plan;

    **(ii)**  Receives at least 50% of its total contributions from sponsoring employers (disregarding transfers of assets from other plans described in this part, retirement and pension accounts described in an applicable Model 1 or Model 2 IGA, other retirement funds described in an applicable Model 1 or Model 2 IGA, or accounts described in Regulations section 1.1471-5(b)(2)(i)(A));

    **(iii)**  Either does not permit or penalizes distributions or withdrawals made before the occurrence of specified events related to retirement, disability, or death (except rollover distributions to accounts described in Regulations section 1.1471-5(b)(2)(i)(A) (referring to retirement and pension accounts), to retirement and pension accounts described in an applicable Model 1 or Model 2 IGA, or to other retirement funds described in this part or in an applicable Model 1 or Model 2 IGA); **or**

    **(iv)**  Limits contributions by employees to the fund by reference to earned income of the employee or may not exceed $50,000 annually.

**c** ☐ I certify that the entity identified in Part I:

• Is organized for the provision of retirement, disability, or death benefits (or any combination thereof) to beneficiaries that are former employees of one or more employers in consideration for services rendered;

• Has fewer than 50 participants;

• Is sponsored by one or more employers, each of which is not an investment entity or passive NFFE;

• Employee and employer contributions to the fund (disregarding transfers of assets from other plans described in this part, retirement and pension accounts described in an applicable Model 1 or Model 2 IGA, or accounts described in Regulations section 1.1471-5(b)(2)(i)(A)) are limited by reference to earned income and compensation of the employee, respectively;

• Participants that are not residents of the country in which the fund is established or operated are not entitled to more than 20% of the fund's assets; **and**

• Is subject to government regulation and provides annual information reporting about its beneficiaries to the relevant tax authorities in the country in which the fund is established or operates.

**d** ☐ I certify that the entity identified in Part I is formed pursuant to a pension plan that would meet the requirements of section 401(a), other than the requirement that the plan be funded by a trust created or organized in the United States.

**e** ☐ I certify that the entity identified in Part I is established exclusively to earn income for the benefit of one or more retirement funds described in this part or in an applicable Model 1 or Model 2 IGA, accounts described in Regulations section 1.1471-5(b)(2)(i)(A) (referring to retirement and pension accounts), or retirement and pension accounts described in an applicable Model 1 or Model 2 IGA.

**f** ☐ I certify that the entity identified in Part I:

• Is established and sponsored by a foreign government, international organization, central bank of issue, or government of a U.S. possession (each as defined in Regulations section 1.1471-6) or an exempt beneficial owner described in an applicable Model 1 or Model 2 IGA to provide retirement, disability, or death benefits to beneficiaries or participants that are current or former employees of the sponsor (or persons designated by such employees); **or**

• Is established and sponsored by a foreign government, international organization, central bank of issue, or government of a U.S. possession (each as defined in Regulations section 1.1471-6) or an exempt beneficial owner described in an applicable Model 1 or Model 2 IGA to provide retirement, disability, or death benefits to beneficiaries or participants that are not current or former employees of such sponsor, but are in consideration of personal services performed for the sponsor.

| **Part XXI** | **Excepted Nonfinancial Group Entity** |
|---|---|

**34** ☐ I certify that the entity identified in Part I:

• Is a holding company, treasury center, or captive finance company and substantially all of the entity's activities are functions described in Regulations section 1.1471-5(e)(5)(i)(C) through (E);

• Is a member of a nonfinancial group described in Regulations section 1.1471-5(e)(5)(i)(B);

• Is not a depository or custodial institution (other than for members of the entity's expanded affiliated group); **and**

• Does not function (or hold itself out) as an investment fund, such as a private equity fund, venture capital fund, leveraged buyout fund, or any investment vehicle with an investment strategy to acquire or fund companies and then hold interests in those companies as capital assets for investment purposes.

| **Part XXII** | **Excepted Nonfinancial Start-Up Company** |
|---|---|

**35** ☐ I certify that the entity identified in Part I:

• Was formed on (or in the case of a new line of business, the date of board resolution approving the new line of business)

_____ (date must be less than 24 months prior to date of payment);

• Is not yet operating a business and has no prior operating history or is investing capital in assets with the intent to operate a new line of business other than that of a financial institution or passive NFFE; **and**

• Does not function (or hold itself out) as an investment fund, such as a private equity fund, venture capital fund, leveraged buyout fund, or any investment vehicle whose purpose is to acquire or fund companies and then hold interests in those companies as capital assets for investment purposes.

| **Part XXIII** | **Excepted Nonfinancial Entity in Liquidation or Bankruptcy** |
|---|---|

**36** ☐ I certify that the entity identified in Part I:

• Filed a plan of liquidation, filed a plan for reorganization, or filed for bankruptcy on the following date: _____ ;

• Has not been engaged during the past 5 years in business as a financial institution or acted as a passive NFFE;

• Is either liquidating or emerging from a reorganization or bankruptcy with the intent to continue or recommence operations as a nonfinancial entity; **and**

• Has provided, or will provide, documentary evidence such as a bankruptcy filing or other public documentation that supports its claim if it remains in bankruptcy or liquidation for more than 3 years.

| Part XXIV | Publicly Traded NFFE or NFFE Affiliate of a Publicly Traded Corporation |

**Check the box on line 37a or 37b, whichever applies.**

**37a** ☐ I certify that:
- The entity identified in Part I is a foreign corporation that is not a financial institution; **and**
- The stock of such corporation is regularly traded on one or more established securities markets, including _____.

**b** ☐ I certify that:
- The entity identified in Part I is a foreign corporation that is not a financial institution;
- The entity identified in Part I is a member of the same expanded affiliated group as an entity the stock of which is regularly traded on an established securities market;
- The name of the entity, the stock of which is regularly traded on an established securities market, is _____; **and**
- The name of the securities market on which the stock is regularly traded is ▶ _____.

| Part XXV | Excepted Territory NFFE |

**38** ☐ I certify that:
- The entity identified in Part I is an entity that is organized in a possession of the United States;
- All of the owners of the entity identified in Part I are bona fide residents of the possession in which the NFFE is organized or incorporated; **and**
- The entity identified in Part I:
    **(i)** Does not accept deposits in the ordinary course of a banking or similar business;
    **(ii)** Does not hold, as a substantial portion of its business, financial assets for the account of others; **and**
    **(iii)** Is not an insurance company (or the holding company of an insurance company) that issues or is obligated to make payments with respect to a financial account.

| Part XXVI | Active NFFE |

**39** ☐ I certify that:
- The entity identified in Part I is a foreign entity that is not a financial institution;
- Less than 50% of such entity's gross income for the preceding calendar year is passive income; **and**
- Less than 50% of the assets held by such entity are assets that produce or are held for the production of passive income (calculated as a weighted average of the percentage of passive assets measured quarterly). See the instructions for the definition of passive income.

| Part XXVII | Passive NFFE |

**40** ☑ I certify that the entity identified in Part I:
- Is a foreign entity that is not a financial institution (this category includes an entity organized in a possession of the United States that engages (or holds itself out as being engaged) primarily in the business of investing, reinvesting, or trading in securities, partnership interests, commodities, notional principal contracts, insurance or annuity contracts, or any interest in such security, partnership interest, commodity, notional principal contract, insurance contract, or annuity contract); **and**
- Is using this form to transmit withholding certificates and/or other documentation and has provided or will provide a withholding statement, as required.

| Part XXVIII | Sponsored Direct Reporting NFFE |

**41** Name of sponsoring entity: ▶ _____

**42** ☐ I certify that the entity identified in Part I is a direct reporting NFFE that is sponsored by the entity identified on line 41.

| Part XXIX | Certification |

Under penalties of perjury, I declare that I have examined the information on this form, and to the best of my knowledge and belief, it is true, correct, and complete. Furthermore, I authorize this form to be provided to any withholding agent that has control, receipt, or custody of the income or proceeds for which I am providing this form or any withholding agent that can disburse or make payments of the amounts for which I am providing this form.

**I agree that I will submit a new form within 30 days if any certification made on this form becomes incorrect.**

**Sign Here** ▶

| _Signature of authorized official_ | Joshua Tucker | 03-31-2024 |
| | Print Name | Date (MM-DD-YYYY) |

**Non-Qualified Intermediary / Flow Through Entity Withholding Statement - Fixed Recipients**

**Intermediary Information**

| | |
|---|---|
| **Name of Intermediary / Account Holder** | Ivory Tower Partners |
| **Permanent Residential Address** | PO Box 1002, Oxford, OX1 9XH, United Kingdom |
| **Intermediary QI (Chapter 3) Entity Type** | Non-Withholding Foreign Partnership |
| **FATCA (Chapter 4) Status†** | NFFE—Passive NFFE identifying Substantial U.S. Owners (19) |
| **US Employer Identification Number (if any)** | ▇▇▇▇▇▇ |
| **Foreign TIN** | ▇▇▇▇▇▇▇▇ |

**Recipient Information***

| Account Number If segregated by portolio, enter portfolio number | Recipient Name | Permanent Residence Address | Country of Tax Residence | US TIN (if any) | Foreign TIN (if any) | US / Non-US Status | Tax Form Type | FATCA (Chapter 4) Status† | QI (Chapter 3) Status† | Dividend Income | | Interest Income | | Other Income | Income Allocation % Must total 100% per account |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | Tax Rate % | Basis for reduced rate N/A if no reduced rate applies | Tax Rate % | Basis for reduced rate N/A if no reduced rate applies | Please specify any other income type(s), applicable tax rate and the basis for reduced withholding. Otherwise leave blank or insert N/A | |
| | Joshua Roland Amador Tucker | 28 Old Park Avenue, London, SW12 8RH, United Kingdom | UK & USA | ▇▇▇▇ | ▇▇▇▇ | US non-exempt recipient | W-9 | Individual (23) | Individual (16) | 0% | Other exemption (please specify) | 0% | Other exemption (please specify) | US taxpayer | 100% |

**Certification:**
We hereby certify, under penalties of perjury, that the above information is true, correct and complete.

_Signature of authorised official_

**20-May-24**
**Effective Start Date**

## Certificate of Foreign Status of Beneficial Owner for United States Tax Withholding and Reporting (Individuals)

▶ For use by individuals. Entities must use Form W-8BEN-E.
▶ Go to *www.irs.gov/FormW8BEN* for instructions and the latest information.
▶ Give this form to the withholding agent or payer. Do not send to the IRS.

OMB No. 1545-1621

| **Do NOT use this form if:** | **Instead, use Form:** |
|---|---|
| • You are NOT an individual . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | W-8BEN-E |
| • You are a U.S. citizen or other U.S. person, including a resident alien individual . . . . . . . . . . . . . . | W-9 |
| • You are a beneficial owner claiming that income is effectively connected with the conduct of trade or business within the United States (other than personal services) . . . . . . . . . . . . . . . . . . . . . . . . | W-8ECI |
| • You are a beneficial owner who is receiving compensation for personal services performed in the United States . . . . . . | 8233 or W-4 |
| • You are a person acting as an intermediary . . . . . . . . . . . . . . . . . . . . . . . | W-8IMY |

**Note:** If you are resident in a FATCA partner jurisdiction (that is, a Model 1 IGA jurisdiction with reciprocity), certain tax account information may be provided to your jurisdiction of residence.

### Part I    Identification of Beneficial Owner (see instructions)

| 1   Name of individual who is the beneficial owner | 2   Country of citizenship |
|---|---|
| James Luke Holdsworth | United Kingdom |

**3**    Permanent residence address (street, apt. or suite no., or rural route). **Do not use a P.O. box or in-care-of address.**

Lowick, Lincombe Lane, Boar's Hill

| City or town, state or province. Include postal code where appropriate. | Country |
|---|---|
| Oxford, OX1 5DZ | United Kingdom |

**4**    Mailing address (if different from above)

| City or town, state or province. Include postal code where appropriate. | Country |
|---|---|
| | |

**5**    U.S. taxpayer identification number (SSN or ITIN), if required (see instructions)

| 6a   Foreign tax identifying number (see instructions) | 6b   Check if FTIN not legally required . . . . . . . . . . . ☐ |
|---|---|
| ███████ | |
| **7**   Reference number(s) (see instructions) | **8**   Date of birth (MM-DD-YYYY) (see instructions) ███████ |

### Part II    Claim of Tax Treaty Benefits (for chapter 3 purposes only) (see instructions)

**9**    I certify that the beneficial owner is a resident of <u>United Kingdom</u> within the meaning of the income tax treaty between the United States and that country.

**10**    **Special rates and conditions** (if applicable—see instructions): The beneficial owner is claiming the provisions of Article and paragraph _____ of the treaty identified on line 9 above to claim a _____ % rate of withholding on (specify type of income): _____.

Explain the additional conditions in the Article and paragraph the beneficial owner meets to be eligible for the rate of withholding: _____

### Part III    Certification

Under penalties of perjury, I declare that I have examined the information on this form and to the best of my knowledge and belief it is true, correct, and complete. I further certify under penalties of perjury that:

• I am the individual that is the beneficial owner (or am authorized to sign for the individual that is the beneficial owner) of all the income or proceeds to which this form relates or am using this form to document myself for chapter 4 purposes;

• The person named on line 1 of this form is not a U.S. person;

• This form relates to:

(a) income not effectively connected with the conduct of a trade or business in the United States;

(b) income effectively connected with the conduct of a trade or business in the United States but is not subject to tax under an applicable income tax treaty;

(c) the partner's share of a partnership's effectively connected taxable income; or

(d) the partner's amount realized from the transfer of a partnership interest subject to withholding under section 1446(f);

• The person named on line 1 of this form is a resident of the treaty country listed on line 9 of the form (if any) within the meaning of the income tax treaty between the United States and that country; and

• For broker transactions or barter exchanges, the beneficial owner is an exempt foreign person as defined in the instructions.

Furthermore, I authorize this form to be provided to any withholding agent that has control, receipt, or custody of the income of which I am the beneficial owner or any withholding agent that can disburse or make payments of the income of which I am the beneficial owner. **I agree that I will submit a new form within 30 days if any certification made on this form becomes incorrect.**

**Sign Here** ▶

☑ I certify that I have the capacity to sign for the person identified on line 1 of this form.

_____
Signature of beneficial owner (or individual authorized to sign for beneficial owner)

James Holdsworth
Print name of signer

03-31-2024
Date (MM-DD-YYYY)

**For Paperwork Reduction Act Notice, see separate instructions.**    Cat. No. 25047Z    Form **W-8BEN** (Rev. 10-2021)

Form **W-9**
(Rev. October 2018)
Department of the Treasury
Internal Revenue Service

# Request for Taxpayer
# Identification Number and Certification

▶ Go to *www.irs.gov/FormW9* for instructions and the latest information.

Give Form to the
requester. Do not
send to the IRS.

**1** Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.

Joshua R. Tucker

**2** Business name/disregarded entity name, if different from above

**3** Check appropriate box for federal tax classification of the person whose name is entered on line 1. Check only **one** of the following seven boxes.

[✓] Individual/sole proprietor or single-member LLC    [ ] C Corporation    [ ] S Corporation    [ ] Partnership    [ ] Trust/estate

[ ] Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=Partnership) ▶ _____

**Note:** Check the appropriate box in the line above for the tax classification of the single-member owner. Do not check LLC if the LLC is classified as a single-member LLC that is disregarded from the owner unless the owner of the LLC is another LLC that is **not** disregarded from the owner for U.S. federal tax purposes. Otherwise, a single-member LLC that is disregarded from the owner should check the appropriate box for the tax classification of its owner.

[ ] Other (see instructions) ▶

**4** Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any) _____

Exemption from FATCA reporting code (if any) _____

*(Applies to accounts maintained outside the U.S.)*

**5** Address (number, street, and apt. or suite no.) See instructions.

28 Old Park Avenue

**6** City, state, and ZIP code

London, SW12 8RH, United Kingdom

Requester's name and address (optional)

**7** List account number(s) here (optional)

*Print or type. See Specific Instructions on page 3.*

---

## Part I   Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN,* later.

**Note:** If the account is in more than one name, see the instructions for line 1. Also see *What Name and Number To Give the Requester* for guidelines on whose number to enter.

Social security number

█ █ █ – █ █ – █ █ █ █

**or**

Employer identification number

| | | | – | | | | | |

---

## Part II   Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person (defined below); and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

**Sign Here**    Signature of U.S. person ▶     Date ▶ **31 March 2024**

---

# General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/FormW9*.

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following.

• Form 1099-INT (interest earned or paid)

• Form 1099-DIV (dividends, including those from stocks or mutual funds)

• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)

• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)

• Form 1099-S (proceeds from real estate transactions)

• Form 1099-K (merchant card and third party network transactions)

• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)

• Form 1099-C (canceled debt)

• Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See* What is backup withholding, *later.*

Form **W-8BEN**

(Rev. October 2021)

Department of the Treasury
Internal Revenue Service

## Certificate of Foreign Status of Beneficial Owner for United States Tax Withholding and Reporting (Individuals)

▶ For use by individuals. Entities must use Form W-8BEN-E.
▶ Go to *www.irs.gov/FormW8BEN* for instructions and the latest information.
▶ Give this form to the withholding agent or payer. Do not send to the IRS.

OMB No. 1545-1621

| **Do NOT use this form if:** | **Instead, use Form:** |
|---|---|
| • You are NOT an individual . . . . . . . . . . . . . . . . . . . . . . . . . . . | W-8BEN-E |
| • You are a U.S. citizen or other U.S. person, including a resident alien individual . . . . . . . . . . . . | W-9 |
| • You are a beneficial owner claiming that income is effectively connected with the conduct of trade or business within the United States (other than personal services) . . . . . . . . . . . . . . . . . . . . . . | W-8ECI |
| • You are a beneficial owner who is receiving compensation for personal services performed in the United States . . . . . . | 8233 or W-4 |
| • You are a person acting as an intermediary . . . . . . . . . . . . . . . . . . . . . | W-8IMY |

**Note:** If you are resident in a FATCA partner jurisdiction (that is, a Model 1 IGA jurisdiction with reciprocity), certain tax account information may be provided to your jurisdiction of residence.

## Part I  Identification of Beneficial Owner (see instructions)

**1** Name of individual who is the beneficial owner

Elizabeth Rose Holdsworth

**2** Country of citizenship

United Kingdom

**3** Permanent residence address (street, apt. or suite no., or rural route). **Do not use a P.O. box or in-care-of address.**

Lowick, Lincombe Lane, Boar's Hill

City or town, state or province. Include postal code where appropriate.

Oxford, OX1 5DZ

Country

United Kingdom

**4** Mailing address (if different from above)

City or town, state or province. Include postal code where appropriate.

Country

**5** U.S. taxpayer identification number (SSN or ITIN), if required (see instructions)

**6a** Foreign tax identifying number (see instructions)

████████

**6b** Check if FTIN not legally required . . . . . . . . . . . ☐

**7** Reference number(s) (see instructions)

**8** Date of birth (MM-DD-YYYY) (see instructions)

████████

## Part II  Claim of Tax Treaty Benefits (for chapter 3 purposes only) (see instructions)

**9** I certify that the beneficial owner is a resident of United Kingdom _____ within the meaning of the income tax treaty between the United States and that country.

**10** **Special rates and conditions** (if applicable—see instructions): The beneficial owner is claiming the provisions of Article and paragraph _____ of the treaty identified on line 9 above to claim a _____ % rate of withholding on (specify type of income): _____.

Explain the additional conditions in the Article and paragraph the beneficial owner meets to be eligible for the rate of withholding: _____

## Part III  Certification

Under penalties of perjury, I declare that I have examined the information on this form and to the best of my knowledge and belief it is true, correct, and complete. I further certify under penalties of perjury that:

• I am the individual that is the beneficial owner (or am authorized to sign for the individual that is the beneficial owner) of all the income or proceeds to which this form relates or am using this form to document myself for chapter 4 purposes;

• The person named on line 1 of this form is not a U.S. person;

• This form relates to:

(a) income not effectively connected with the conduct of a trade or business in the United States;

(b) income effectively connected with the conduct of a trade or business in the United States but is not subject to tax under an applicable income tax treaty;

(c) the partner's share of a partnership's effectively connected taxable income; or

(d) the partner's amount realized from the transfer of a partnership interest subject to withholding under section 1446(f);

• The person named on line 1 of this form is a resident of the treaty country listed on line 9 of the form (if any) within the meaning of the income tax treaty between the United States and that country; and

• For broker transactions or barter exchanges, the beneficial owner is an exempt foreign person as defined in the instructions.

Furthermore, I authorize this form to be provided to any withholding agent that has control, receipt, or custody of the income of which I am the beneficial owner or any withholding agent that can disburse or make payments of the income of which I am the beneficial owner. **I agree that I will submit a new form within 30 days if any certification made on this form becomes incorrect.**

**Sign Here** ▶

☑ I certify that I have the capacity to sign for the person identified on line 1 of this form.

_Signature of beneficial owner (or individual authorized to sign for beneficial owner)_

Elizabeth Holdsworth
Print name of signer

03-31-2024
Date (MM-DD-YYYY)

**For Paperwork Reduction Act Notice, see separate instructions.**

Cat. No. 25047Z

Form **W-8BEN** (Rev. 10-2021)

| Form **W-8IMY** | **Certificate of Foreign Intermediary, Foreign Flow-Through Entity, or Certain U.S. Branches for United States Tax Withholding and Reporting** | |
|---|---|---|
| (Rev. October 2021) | ▶ Section references are to the Internal Revenue Code. | OMB No. 1545-1621 |
| Department of the Treasury<br>Internal Revenue Service | ▶ Go to *www.irs.gov/FormW8IMY* for instructions and the latest information.<br>▶ Give this form to the withholding agent or payer. Do not send to the IRS. | |

| **Do not use this form for:** | **Instead, use Form:** |
|---|---|
| • A beneficial owner solely claiming foreign status or treaty benefits (other than a qualified intermediary (QI) acting as a qualified derivatives dealer (QDD)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . W-8BEN or W-8BEN-E | |
| • A hybrid entity claiming treaty benefits on its own behalf (other than a QI acting as a QDD) . . . . . . . . . . . . . . W-8BEN-E | |
| • A foreign person claiming that income is effectively connected with the conduct of a trade or business in the United States . . . . . W-8ECI | |
| • A disregarded entity with a single foreign owner that is the beneficial owner (other than a QI acting as a QDD) of the income to which this form relates. Instead, the single foreign owner should use . . . . . . . . . . . . . W-8BEN, W-8ECI, or W-8BEN-E | |
| • A foreign government, international organization, foreign central bank of issue, foreign tax-exempt organization, foreign private foundation, or government of a U.S. possession claiming the applicability of section(s) 115(2), 501(c), 892, 895, or 1443(b) . . . . . . . . . W-8EXP | |
| • U.S. entity or U.S. citizen or resident . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . W-9 | |
| • A foreign person documenting itself for purposes of section 6050W . . . . . . . . . . . W-8BEN, W-8BEN-E, or W-8ECI | |

## Part I — Identification of Entity

**1** Name of organization that is acting as intermediary

**Ravenrose Family Partnership LLP**

**2** Country of incorporation or organization

**United Kingdom**

**3** Name of disregarded entity (if applicable), see instructions

**4** Chapter 3 Status (entity type) (Must check one box only.):
- [ ] QI (including a QDD). Complete Part III.
- [ ] Nonqualified intermediary. Complete Part IV.
- [ ] Territory financial institution. Complete Part V.
- [ ] U.S. branch. Complete Part VI.
- [ ] Withholding foreign partnership. Complete Part VII.
- [ ] Withholding foreign trust. Complete Part VII.
- [x] Nonwithholding foreign partnership. Complete Part VIII.
- [ ] Nonwithholding foreign simple trust. Complete Part VIII.
- [ ] Nonwithholding foreign grantor trust. Complete Part VIII.

**5** Chapter 4 Status (FATCA status) (See instructions for details and complete the certification below for the entity's applicable status.) (Must check one box only.)
- [ ] Nonparticipating foreign financial institution (FFI) (including an FFI related to a Reporting IGA FFI other than a deemed-compliant FFI, participating FFI, or exempt beneficial owner). Complete Part IX (if applicable).
- [ ] Participating FFI.
- [ ] Reporting Model 1 FFI.
- [ ] Reporting Model 2 FFI.
- [ ] Registered deemed-compliant FFI (other than a reporting Model 1 FFI, sponsored FFI, or nonreporting IGA FFI covered in Part XIX).
- [ ] Territory financial institution. Complete Part V.
- [ ] Sponsored FFI (other than a certified deemed-compliant sponsored, closely held investment vehicle). Complete Part X.
- [ ] Certified deemed-compliant nonregistering local bank. Complete Part XII.
- [ ] Certified deemed-compliant FFI with only low-value accounts. Complete Part XIII.
- [ ] Certified deemed-compliant sponsored, closely held investment vehicle. Complete Part XIV.
- [ ] Certified deemed-compliant limited life debt investment entity. Complete Part XV.
- [ ] Certain investment entities that do not maintain financial accounts. Complete Part XVI.
- [ ] Owner-documented FFI. Complete Part XI.
- [ ] Restricted distributor. Complete Part XVII.
- [ ] Foreign central bank of issue. Complete Part XVIII.
- [ ] Nonreporting IGA FFI. Complete Part XIX.
- [ ] Exempt retirement plans. Complete Part XX.
- [ ] Excepted nonfinancial group entity. Complete Part XXI.
- [ ] Excepted nonfinancial start-up company. Complete Part XXII.
- [ ] Excepted nonfinancial entity in liquidation or bankruptcy. Complete Part XXIII.
- [ ] Publicly traded NFFE or NFFE affiliate of a publicly traded corporation. Complete Part XXIV.
- [ ] Excepted territory NFFE. Complete Part XXV.
- [ ] Active NFFE. Complete Part XXVI.
- [x] Passive NFFE. Complete Part XXVII.
- [ ] Direct reporting NFFE.
- [ ] Sponsored direct reporting NFFE. Complete Part XXVIII.

**6** Permanent residence address (street, apt. or suite no., or rural route). **Do not use a P.O. box or in-care-of address** (other than a registered address).

**Office 7, 64-66 Wingate Square**

City or town, state or province. Include postal code where appropriate.

**Clapham, London, SW4 0AF**

Country

**United Kingdom**

**7** Mailing address (if different from above)

**Lowick, Lincombe Lane, Boar's Hill**

City or town, state or province. Include postal code where appropriate.

**Oxford, OX1 5DZ**

Country

**United Kingdom**

**8** U.S. taxpayer identification number, if required ▶
- [ ] QI-EIN
- [ ] WP-EIN
- [ ] WT-EIN
- [ ] EIN

**9a** GIIN (if applicable) ▶

**b** Foreign taxpayer identification number, if required ▶

**10** Reference number(s) (see instructions)

**For Paperwork Reduction Act Notice, see separate instructions.**  Cat. No. 25402Q  Form **W-8IMY** (Rev. 10-2021)

**Part II**   **Disregarded Entity or Branch Receiving Payment.** (Complete only if a disregarded entity with a GIIN or a branch of an FFI in a country other than the FFI's country of residence. Do not complete Part II for QDD branches. See instructions.)

11   Chapter 4 Status (FATCA status) of disregarded entity or branch receiving payment.

☐ Branch treated as nonparticipating FFI.        ☐ Reporting Model 1 FFI.        ☐ U.S. Branch.

☐ Participating FFI.        ☐ Reporting Model 2 FFI.

12   Address of branch (street, apt. or suite no., or rural route). **Do not use a P.O. box or in-care-of address** (other than a registered address).

| City or town, state or province. Include postal code where appropriate. | Country |
|---|---|
|  |  |

13   GIIN (if any) ▶

# Chapter 3 Status Certifications

**Part III**   **Qualified Intermediary**

**All Qualified Intermediaries**

14   ☐ I certify that the entity identified in Part I (or branch, if relevant):

• Is a QI with respect to the accounts identified on line 10 or in a withholding statement associated with this form (as required) that is one or more of the following:

**(i)**   Not acting for its own account;

**(ii)**   A QDD receiving payments on underlying securities and/or potential section 871(m) transactions;

**(iii)**   A QI assuming primary withholding responsibility for payments of substitute interest, as permitted by the QI Agreement.

• Has provided or will provide a withholding statement (as required) for purposes of chapters 3 and 4, and section 1446(a), or section 1446(f), subject to the certifications made on this form.

• To the extent it acts as a disclosing QI for purposes of section 1446(a) or (f) for payments associated with this form, the QI is to provide the required payee documentation to associate with an amount realized or an amount subject to withholding on a PTP distribution.

**Qualified Intermediaries When Not Acting As Qualified Derivatives Dealers (check all that apply)**

15a   ☐ I certify that the entity identified in Part I of this form assumes primary withholding responsibility for purposes of chapters 3 and 4 for each account identified on a withholding statement attached to this form (or, if no withholding statement is attached to this form, for all accounts).

b   ☐ I certify that the entity identified in Part I of this form assumes primary withholding and reporting responsibility for each payment of an amount realized from the sale of an interest in a publicly traded partnership under section 1446(f) associated with each account identified on a withholding statement attached to this form for receiving such amounts (or, if no withholding statement is attached to this form, for all accounts).

c   ☐ I certify that the entity identified in Part I of this form assumes primary withholding as a nominee under Regulations section 1.1446-4(b)(3) for each distribution by a publicly traded partnership associated with each account identified on a withholding statement attached to this form for receiving such distributions (or, if no withholding statement is attached to this form, for all accounts).

d   ☐ I certify that the entity identified in Part I of this form is a QI acting as a qualified securities lender assuming primary withholding and reporting responsibilities with respect to payments that are U.S. source substitute dividends received from the withholding agent associated with each account identified on a withholding statement attached to this form (or, if no withholding statement is attached to this form, for all accounts).

e   ☐ I certify that the entity identified in Part I of this form assumes primary withholding responsibility for purposes of chapters 3 and 4 and primary Form 1099 reporting and backup withholding responsibility for all payments of U.S. source interest and substitute interest associated with this form, as permitted by the QI Agreement.

f   ☐ I certify that the entity identified in Part I of this form assumes primary Form 1099 reporting and backup withholding responsibility or reporting responsibility as a participating FFI or registered deemed-compliant FFI with respect to accounts that it maintains that are held by specified U.S. persons as permitted under Regulations sections 1.6049-4(c)(4)(i) or (c)(4)(ii) in lieu of Form 1099 reporting for each account identified on a withholding statement attached to this form (or, if no withholding statement is attached to this form, for all accounts).

g   ☐ I certify that the entity identified in Part I of this form does not assume primary Form 1099 reporting and backup withholding responsibility for each account identified on a withholding statement attached to this form (or, if no withholding statement is attached to this form, for all accounts).

h   ☐ (Complete only to the extent the entity identified in Part I of this form does not assume primary Form 1099 reporting and backup withholding responsibility.) If the entity identified in Part I of this form has allocated or will allocate a portion of a payment to a chapter 4 withholding rate pool of U.S. payees on a withholding statement associated with this form, I certify that the entity meets the requirements of Regulations section 1.6049-4(c)(4)(iii) with respect to any account holder of an account it maintains that is included in such a withholding rate pool.

i   ☐ (Complete only to the extent the entity identified in Part I of this form does not assume primary Form 1099 reporting and backup withholding responsibility.) If the entity identified in Part I of this form has allocated or will allocate a portion of a payment to a chapter 4 withholding rate pool of U.S. payees on a withholding statement associated with this form, to the extent the U.S. payees are account holders of an intermediary or flow-through entity receiving a payment from the entity, I certify that the entity has obtained, or will obtain, documentation sufficient to establish each such intermediary or flow-through entity status as a participating FFI, registered deemed-compliant FFI, or FFI that is a QI.

**Qualified Derivatives Dealers**

16a ☐ I certify that each QDD identified in Part I of this form or on a withholding statement associated with this form meets the requirements to act as a QDD (including approval by the IRS to so act) and assumes primary withholding and reporting responsibilities under chapters 3, 4, and 61 and section 3406 with respect to any payments it makes with respect to potential section 871(m) transactions.

b    Entity classification of QDD: ☐ Corporation    ☐ Partnership    ☐ Disregarded Entity

**Part IV    Nonqualified Intermediary**

Check all that apply.

17a ☐ (All nonqualified intermediaries and QIs that are not acting in their capacity as such check here.) I certify that the entity identified in Part I of this form is not acting as a QI with respect to each account(s) for which this form is provided and is not acting for its own account.

b ☐ I certify that the entity identified in Part I of this form is using this form to transmit withholding certificates and/or other documentation and has provided, or will provide, a withholding statement, as required. **Note:** If this form is provided for purposes of the entity's interest in a publicly traded partnership, see the instructions for Part IV before checking this **box.**

c ☐ I certify that the entity identified in Part I of this form meets the requirements of Regulations section 1.6049-4(c)(4)(iii) with respect to any account holder of an account it maintains that is included in a withholding rate pool of U.S. payees provided on a withholding statement associated with this form (excluding a distribution from a publicly traded partnership).

d ☐ I certify that the entity identified in Part I of this form is acting as a qualified securities lender (other than a QI) assuming primary withholding and reporting responsibilities with respect to payments associated with this form that are U.S. source substitute dividends received from the withholding agent.

e ☐ To the extent that the entity identified in Part I of this form is providing an alternative withholding statement described in Regulations section 1.1441-1(e)(3)(iv)(C)(3) for any payments associated with the form, the entity represents that the information on all of the withholding statements associated with this withholding certificate have been (or will be) verified for inconsistency with any other account information the entity has for the beneficial owners for determining the rate of withholding with respect to each payee (applying the standards of knowledge under section 1441 or section 1471, as applicable).

**Part V    Territory Financial Institution**

18a ☐ I certify that the entity identified in Part I is a financial institution (other than an investment entity that is not also a depository institution, custodial institution, or specified insurance company) that is incorporated or organized under the laws of a territory of the United States.

**Check the box on line 18b or 18c, whichever applies.**

b ☐ I further certify that the entity identified in Part I is using this form as evidence of its agreement with the withholding agent to be treated as a U.S. person for purposes of chapters 3 and 4 with respect to any reportable amounts and withholdable payments associated with this withholding certificate.

c ☐ I further certify that the entity identified in Part I:
   • Is using this form to transmit withholding certificates and/or other documentation for the persons for whom it receives a payment of a reportable amount or a withholdable payment; **and**
   • Has provided or will provide a withholding statement, as required.

**Check the boxes on lines 18d, and 18e or 18f, as applicable.**

d ☐ I certify that the entity identified in Part I agrees to be treated as a U.S. person under Regulations section 1.1446(f)-4(a)(2)(i)(B) with respect to amounts realized on sales of interests in publicly traded partnerships.

e ☐ I certify that the entity identified in Part I agrees to be treated as a U.S. person (as described in Regulations section 1.1441-1(b)(2)(iv)(A)) and as a nominee under Regulations section 1.1446-4(b)(3) with respect to distributions by publicly traded partnerships, **or**

f ☐ Is not acting as a nominee for distributions from publicly traded partnerships and is providing withholding statements for the distributions. **Note:** If this form is provided for an amount realized, see the instructions for Part V before providing a withholding statement for an amount realized when the entity does not check the box on line 18d.

**Part VI    Certain U.S. Branches**

19a ☐ I certify that the entity identified in Part I is a U.S. branch receiving reportable amounts or withholdable payments that are not income effectively connected with the conduct of a trade or business in the United States, distributions from publicly traded partnerships, or amounts realized on sales of interests in publicly traded partnerships.

**Check the box on line 19b or 19c, whichever applies.**

b ☐ I certify that the entity identified in Part I is a U.S. branch of a foreign bank or insurance company described in Regulations section 1.1441-1(b)(2)(iv)(A) that is using this form as evidence of its agreement with the withholding agent to be treated as a U.S. person with respect to any reportable amounts or withholdable payments associated with this withholding certificate.

c ☐ I certify that the entity identified in Part I:
   • Is using this form to transmit withholding certificates and/or other documentation for the persons for whom the branch receives a payment of a reportable amount;
   • Has provided or will provide a withholding statement, as required; **and**
   • In the case of a withholdable payment, is applying the rules described in Regulations section 1.1471-4(d)(2)(iii)(C).

**Check the boxes on lines 19d, and 19e or 19f, as applicable.**

d ☐ I certify that the entity identified in Part I is a U.S. branch (as described in Regulations section 1.1446(f)-4(a)(2)(i)(B)) that is acting as a U.S. person with respect to amounts realized on the sales of interests in publicly traded partnerships,

e ☐ I certify that the entity identified in Part I is a U.S. branch (as described in Regulations section 1.1441-1(b)(2)(iv)(A)) that is treated as a U.S. person and as a nominee with respect to distributions by publicly traded partnerships under Regulations section 1.1446-4(b)(3), or

f ☐ Is not acting as a nominee for distributions from publicly traded partnerships and is providing withholding statements for the distributions. **Note:** If this form is provided for an amount realized, see the instructions for Part VI before providing a withholding statement for an amount realized when the U.S. branch does not check the box on line 19d.

| **Part VII** | **Withholding Foreign Partnership (WP) or Withholding Foreign Trust (WT)** |

20  ☐ I certify that the entity identified in Part I is a withholding foreign partnership or a withholding foreign trust that is compliant with the terms of its WP or WT agreement.

| **Part VIII** | **Nonwithholding Foreign Partnership, Simple Trust, or Grantor Trust** |

**Check all that apply.**

21a  ☑ I certify that the entity identified in Part I:
  - Is a nonwithholding foreign partnership, a nonwithholding foreign simple trust, or a nonwithholding foreign grantor trust and is providing this form for payments that are not effectively connected, or are not treated as effectively connected, with the conduct of a trade or business in the United States; **and**
  - Is using this form to transmit withholding certificates and/or other documentation and has provided or will provide a withholding statement, as required for purposes of chapters 3 and 4, that is subject to the certifications made on this form.

  b  ☐ I certify that the entity identified in Part I is a foreign partnership or foreign grantor trust that is a partner in a lower-tier partnership and is providing this Form W-8IMY for purposes of section 1446(a).

  c  ☐ I certify that the entity identified in Part I is a foreign partnership receiving an amount realized on the transfer of an interest in a partnership for purposes of section 1446(f).

  d  ☐ I certify that the entity identified in Part I is a foreign partnership providing a withholding statement for a modified amount realized from the transfer (check, when applicable, only if box 21c is checked).

  e  ☐ I certify that the entity identified in Part I is a foreign grantor trust providing the form on behalf of each grantor or other owner of the trust under Regulations section 1.1446(f)-1(c)(2)(vii) that is transmitting withholding certificates and providing a withholding statement to allocate the amount realized to each grantor or other owner.

  f  ☐ To the extent the entity identified in Part I of this form is providing an alternative withholding statement described in Regulations section 1.1441-1(e)(3)(iv)(C)(3) for any payments associated with the form, the entity represents that the information on all of the withholding certificates associated with the withholding statement may be relied on based on the standards of knowledge under section 1441 or section 1471 applicable to the entity.

# Chapter 4 Status Certifications

| **Part IX** | **Nonparticipating FFI with Exempt Beneficial Owners** |

22  ☐ I certify that the entity identified in Part I is using this form to transmit withholding certificates and/or other documentation and has provided or will provide a withholding statement that indicates the portion of the payment allocated to one or more exempt beneficial owners.

| **Part X** | **Sponsored FFI** |

23a  Name of sponsoring entity: ▶

**Check the box on line 23b or 23c, whichever applies.**

  b  ☐ I certify that the entity identified in Part I:
  - Is an investment entity;
  - Is not a QI, WP (except to the extent permitted in the withholding foreign partnership agreement), or WT; **and**
  - Has agreed with the entity identified above (that is not a nonparticipating FFI) to act as the sponsoring entity for this entity.

  c  ☐ I certify that the entity identified in Part I:
  - Is a controlled foreign corporation as defined in section 957(a);
  - Is not a QI, WP, or WT;
  - Is wholly owned, directly or indirectly, by the U.S. financial institution identified above that agrees to act as the sponsoring entity for this entity; **and**
  - Shares a common electronic account system with the sponsoring entity (identified above) that enables the sponsoring entity to identify all account holders and payees of the entity and to access all account and customer information maintained by the entity including, but not limited to, customer identification information, customer documentation, account balance, and all payments made to account holders or payees.

| **Part XI** | **Owner-Documented FFI** |

**Note:** This status only applies if the U.S. financial institution, participating FFI, reporting Model 1 FFI, or reporting Model 2 FFI to which this form is given has agreed that it will treat the FFI as an owner-documented FFI. The owner-documented FFI must make the certifications below.

24a  ☐ I certify that the FFI identified in Part I:
  - Does not act as an intermediary;
  - Does not accept deposits in the ordinary course of a banking or similar business;
  - Does not hold, as a substantial portion of its business, financial assets for the account of others;
  - Is not an insurance company (or the holding company of an insurance company) that issues or is obligated to make payments with respect to a financial account;
  - Is not affiliated with an entity (other than an FFI that is also treated as an owner-documented FFI) that accepts deposits in the ordinary course of a banking or similar business, holds, as a substantial portion of its business, financial assets for the account of others, or is an insurance company (or the holding company of an insurance company) that issues or is obligated to make payments with respect to a financial account; **and**
  - Does not maintain a financial account for any nonparticipating FFI.

| Part XI | Owner-Documented FFI *(continued)* |
| --- | --- |

**Check the box on line 24b or 24c, whichever applies.**

**b** ☐ I certify that the FFI identified in Part I:

* Has provided, or will provide, an FFI owner reporting statement (including any applicable owner documentation) that contains:

  **(i)** The name, address, TIN (if any), chapter 4 status, and type of documentation provided (if required) of every individual and specified U.S. person that owns a direct or indirect equity interest in the owner-documented FFI (looking through all entities other than specified U.S. persons);

  **(ii)** The name, address, TIN (if any), chapter 4 status, and type of documentation provided (if required) of every individual and specified U.S. person that owns a debt interest in the owner-documented FFI (including any indirect debt interest, which includes debt interests in any entity that directly or indirectly owns the payee or any direct or indirect equity interest in a debt holder of the payee) that constitutes a financial account in excess of $50,000 (disregarding all such debt interests owned by participating FFIs, registered deemed-compliant FFIs, certified deemed-compliant FFIs, excepted NFFEs, exempt beneficial owners, or U.S. persons other than specified U.S. persons); **and**

  **(iii)** Any additional information the withholding agent requests in order to fulfill its obligations with respect to the entity.

**c** ☐ I certify that the FFI identified in Part I:

* Has provided, or will provide, an auditor's letter, signed no more than 4 years prior to the date of payment, from an independent accounting firm or legal representative with a location in the United States stating that the firm or representative has reviewed the FFI's documentation with respect to all of its owners and debt holders identified in Regulations section 1.1471-3(d)(6)(iv)(A)(2) and that the FFI meets all the requirements to be an owner-documented FFI. The FFI identified in Part I has also provided, or will provide, an FFI owner reporting statement and Form W-9, with applicable waivers, as described in Regulations section 1.1471-3(d)(6)(iv).

| Part XII | Certified Deemed-Compliant Nonregistering Local Bank |
| --- | --- |

**25** ☐ I certify that the FFI identified in Part I:

* Operates and is licensed solely as a bank or credit union (or similar cooperative credit organization operated without profit) in its country of incorporation or organization;

* Engages primarily in the business of receiving deposits from and making loans to, with respect to a bank, retail customers unrelated to such bank and, with respect to a credit union or similar cooperative credit organization, members, provided that no member has a greater than 5% interest in such credit union or cooperative credit organization;

* Does not solicit account holders outside its country of organization;

* Has no fixed place of business outside such country (for this purpose, a fixed place of business does not include a location that is not advertised to the public and from which the FFI performs solely administrative support functions);

* Has no more than $175 million in assets on its balance sheet and, if it is a member of an expanded affiliated group, the group has no more than $500 million in total assets on its consolidated or combined balance sheets; **and**

* Does not have any member of its expanded affiliated group that is an FFI, other than an FFI that is incorporated or organized in the same country as the FFI identified in Part I and that meets the requirements set forth in this Part XII.

| Part XIII | Certified Deemed-Compliant FFI With Only Low-Value Accounts |
| --- | --- |

**26** ☐ I certify that the FFI identified in Part I:

* Is not engaged primarily in the business of investing, reinvesting, or trading in securities, partnership interests, commodities, notional principal contracts, insurance or annuity contracts, or any interest (including a futures or forward contract or option) in such security, partnership interest, commodity, notional principal contract, insurance contract, or annuity contract;

* No financial account maintained by the FFI or any member of its expanded affiliated group, if any, has a balance or value in excess of $50,000 (as determined after applying applicable account aggregation rules); **and**

* Neither the FFI nor the FFI's entire expanded affiliated group, if any, has more than $50 million in assets on its consolidated or combined balance sheet as of the end of its most recent accounting year.

| Part XIV | Certified Deemed-Compliant Sponsored, Closely Held Investment Vehicle |
| --- | --- |

**27a** Name of sponsoring entity: ▶ _____

**b** ☐ I certify that the FFI identified in Part I:

* Is an FFI solely because it is an investment entity described in Regulations section 1.1471-5(e)(4);

* Is not a QI, WP, or WT;

* Will have all of its due diligence, withholding, and reporting responsibilities (determined as if the FFI were a participating FFI) fulfilled by the sponsoring entity identified on line 27a; **and**

* 20 or fewer individuals own all of the debt and equity interests in the entity (disregarding debt interests owned by U.S. financial institutions, participating FFIs, registered deemed-compliant FFIs, and certified deemed-compliant FFIs and equity interests owned by an entity that owns 100% of the equity interests in the FFI identified in Part I and is itself a sponsored FFI).

| Part XV | Certified Deemed-Compliant Limited Life Debt Investment Entity |
| --- | --- |

**28** ☐ I certify that the FFI identified in Part I:

* Was in existence as of January 17, 2013;

* Issued all classes of its debt or equity interests to investors on or before January 17, 2013, pursuant to a trust indenture or similar agreement; **and**

* Is certified deemed-compliant because it satisfies the requirements to be treated as a limited life debt investment entity (such as the restrictions with respect to its assets and other requirements under Regulations section 1.1471-5(f)(2)(iv)).

## Part XVI Certain Investment Entities That Do Not Maintain Financial Accounts

29 ☐ I certify that the entity identified in Part I:
- Is a financial institution solely because it is an investment entity described in Regulations section 1.1471-5(e)(4)(i)(A); **and**
- Does not maintain financial accounts.

## Part XVII Restricted Distributor

30a ☐ (All restricted distributors check here.) I certify that the entity identified in Part I:
- Operates as a distributor with respect to debt or equity interests of the restricted fund with respect to which this form is furnished;

- Provides investment services to at least 30 customers unrelated to each other and less than half of its customers are related to each other;

- Is required to perform AML due diligence procedures under the anti-money laundering laws of its country of organization (which is a FATF-compliant jurisdiction);

- Operates solely in its country of incorporation or organization, has no fixed place of business outside of that country, and has the same country of incorporation or organization as all members of its affiliated group, if any;

- Does not solicit customers outside its country of incorporation or organization;

- Has no more than $175 million in total assets under management and no more than $7 million in gross revenue on its income statement for the most recent accounting year;

- Is not a member of an expanded affiliated group that has more than $500 million in total assets under management or more than $20 million in gross revenue for its most recent accounting year on a combined or consolidated income statement; **and**

- Does not distribute any debt or securities of the restricted fund to specified U.S. persons, passive NFFEs with one or more substantial U.S. owners, or nonparticipating FFIs.

**Check the box on line 30b or 30c, whichever applies.**

I further certify that with respect to all sales of debt or equity interests in the restricted fund with respect to which this form is furnished that are made after December 31, 2011, the entity identified in Part I:

b ☐ Has been bound by a distribution agreement that contained a general prohibition on the sale of debt or securities to U.S. entities and U.S. resident individuals and is currently bound by a distribution agreement that contains a prohibition of the sale of debt or securities to any specified U.S. person, passive NFFE with one or more substantial U.S. owners, or nonparticipating FFI.

c ☐ Is currently bound by a distribution agreement that contains a prohibition on the sale of debt or securities to any specified U.S. person, passive NFFE with one or more substantial U.S. owners, or nonparticipating FFI and, for all sales made prior to the time that such a restriction was included in its distribution agreement, has reviewed all accounts related to such sales in accordance with the procedures identified in Regulations section 1.1471-4(c) applicable to preexisting accounts and has redeemed or retired any securities which were sold to specified U.S. persons, passive NFFEs with one or more substantial U.S. owners, or nonparticipating FFIs, or will transfer the securities to a distributor that is a participating FFI, reporting Model 1 FFI, or reporting Model 2 FFI.

## Part XVIII Foreign Central Bank of Issue

31 ☐ I certify that the entity identified in Part I is treated as the beneficial owner of the payment solely for purposes of chapter 4 under Regulations section 1.1471-6(d)(4).

## Part XIX Nonreporting IGA FFI

32 ☐ I certify that the entity identified in Part I:
- Meets the requirements to be considered a nonreporting financial institution pursuant to an applicable IGA between the United States and _____. The applicable IGA is a ☐ Model 1 IGA or a ☐ Model 2 IGA; and is treated as a _____ under the provisions of the applicable IGA or Treasury regulations (if applicable, see instructions); **and**
- If you are a trustee documented trust or a sponsored entity, provide the name of the trustee or sponsor _____ .

The trustee is: ☐ U.S. ☐ Foreign

## Part XX Exempt Retirement Plans

**Check the box on line 33a, b, c, d, e, or f, whichever applies.**

33a ☐ I certify that the entity identified in Part I:
- Is established in a country with which the United States has an income tax treaty in force;

- Is operated principally to administer or provide pension or retirement benefits; **and**

- Is entitled to treaty benefits on income that the fund derives from U.S. sources (or would be entitled to benefits if it derived any such income) as a resident of the other country which satisfies any applicable limitation on benefits requirement.

b ☐ I certify that the entity identified in Part I:
- Is organized for the provision of retirement, disability, or death benefits (or any combination thereof) to beneficiaries that are former employees of one or more employers in consideration for services rendered;

- No single beneficiary has a right to more than 5% of the FFI's assets;

- Is subject to government regulation and provides annual information reporting about its beneficiaries to the relevant tax authorities in the country in which the fund is established or operated; **and**

### Part XX    Exempt Retirement Plans *(continued)*

    **(i)** Is generally exempt from tax on investment income under the laws of the country in which it is established or operates due to its status as a retirement or pension plan;

    **(ii)** Receives at least 50% of its total contributions from sponsoring employers (disregarding transfers of assets from other plans described in this part, retirement and pension accounts described in an applicable Model 1 or Model 2 IGA, other retirement funds described in an applicable Model 1 or Model 2 IGA, or accounts described in Regulations section 1.1471-5(b)(2)(i)(A));

    **(iii)** Either does not permit or penalizes distributions or withdrawals made before the occurrence of specified events related to retirement, disability, or death (except rollover distributions to accounts described in Regulations section 1.1471-5(b)(2)(i)(A) (referring to retirement and pension accounts), to retirement and pension accounts described in an applicable Model 1 or Model 2 IGA, or to other retirement funds described in this part or in an applicable Model 1 or Model 2 IGA); **or**

    **(iv)** Limits contributions by employees to the fund by reference to earned income of the employee or may not exceed $50,000 annually.

**c** ☐ I certify that the entity identified in Part I:

    • Is organized for the provision of retirement, disability, or death benefits (or any combination thereof) to beneficiaries that are former employees of one or more employers in consideration for services rendered;

    • Has fewer than 50 participants;

    • Is sponsored by one or more employers, each of which is not an investment entity or passive NFFE;

    • Employee and employer contributions to the fund (disregarding transfers of assets from other plans described in this part, retirement and pension accounts described in an applicable Model 1 or Model 2 IGA, or accounts described in Regulations section 1.1471-5(b)(2)(i)(A) are limited by reference to earned income and compensation of the employee, respectively;

    • Participants that are not residents of the country in which the fund is established or operated are not entitled to more than 20% of the fund's assets; **and**

    • Is subject to government regulation and provides annual information reporting about its beneficiaries to the relevant tax authorities in the country in which the fund is established or operates.

**d** ☐ I certify that the entity identified in Part I is formed pursuant to a pension plan that would meet the requirements of section 401(a), other than the requirement that the plan be funded by a trust created or organized in the United States.

**e** ☐ I certify that the entity identified in Part I is established exclusively to earn income for the benefit of one or more retirement funds described in this part or in an applicable Model 1 or Model 2 IGA, pension accounts described in Regulations section 1.1471-5(b)(2)(i)(A) (referring to retirement and pension accounts), or retirement and pension accounts described in an applicable Model 1 or Model 2 IGA.

**f** ☐ I certify that the entity identified in Part I:

    • Is established and sponsored by a foreign government, international organization, central bank of issue, or government of a U.S. possession (each as defined in Regulations section 1.1471-6) or an exempt beneficial owner described in an applicable Model 1 or Model 2 IGA to provide retirement, disability, or death benefits to beneficiaries or participants that are current or former employees of the sponsor (or persons designated by such employees); **or**

    • Is established and sponsored by a foreign government, international organization, central bank of issue, or government of a U.S. possession (each as defined in Regulations section 1.1471-6) or an exempt beneficial owner described in an applicable Model 1 or Model 2 IGA to provide retirement, disability, or death benefits to beneficiaries or participants that are not current or former employees of such sponsor, but are in consideration of personal services performed for the sponsor.

### Part XXI    Excepted Nonfinancial Group Entity

**34** ☐ I certify that the entity identified in Part I:

    • Is a holding company, treasury center, or captive finance company and substantially all of the entity's activities are functions described in Regulations section 1.1471-5(e)(5)(i)(C) through (E);

    • Is a member of a nonfinancial group described in Regulations section 1.1471-5(e)(5)(i)(B);

    • Is not a depository or custodial institution (other than for members of the entity's expanded affiliated group); **and**

    • Does not function (or hold itself out) as an investment fund, such as a private equity fund, venture capital fund, leveraged buyout fund, or any investment vehicle with an investment strategy to acquire or fund companies and then hold interests in those companies as capital assets for investment purposes.

### Part XXII    Excepted Nonfinancial Start-Up Company

**35** ☐ I certify that the entity identified in Part I:

    • Was formed on (or in the case of a new line of business, the date of board resolution approving the new line of business)

    _____ (date must be less than 24 months prior to date of payment);

    • Is not yet operating a business and has no prior operating history or is investing capital in assets with the intent to operate a new line of business other than that of a financial institution or passive NFFE; **and**

    • Does not function (or hold itself out) as an investment fund, such as a private equity fund, venture capital fund, leveraged buyout fund, or any investment vehicle whose purpose is to acquire or fund companies and then hold interests in those companies as capital assets for investment purposes.

### Part XXIII    Excepted Nonfinancial Entity in Liquidation or Bankruptcy

**36** ☐ I certify that the entity identified in Part I:

    • Filed a plan of liquidation, filed a plan for reorganization, or filed for bankruptcy on the following date: _____ ;

    • Has not been engaged during the past 5 years in business as a financial institution or acted as a passive NFFE;

    • Is either liquidating or emerging from a reorganization or bankruptcy with the intent to continue or recommence operations as a nonfinancial entity; **and**

    • Has provided, or will provide, documentary evidence such as a bankruptcy filing or other public documentation that supports its claim if it remains in bankruptcy or liquidation for more than 3 years.

### Part XXIV Publicly Traded NFFE or NFFE Affiliate of a Publicly Traded Corporation

**Check the box on line 37a or 37b, whichever applies.**

**37a** ☐ I certify that:
- The entity identified in Part I is a foreign corporation that is not a financial institution; **and**
- The stock of such corporation is regularly traded on one or more established securities markets, including _____ .

**b** ☐ I certify that:
- The entity identified in Part I is a foreign corporation that is not a financial institution;
- The entity identified in Part I is a member of the same expanded affiliated group as an entity the stock of which is regularly traded on an established securities market;
- The name of the entity, the stock of which is regularly traded on an established securities market, is _____ ; **and**
- The name of the securities market on which the stock is regularly traded is ▶ _____ .

### Part XXV Excepted Territory NFFE

**38** ☐ I certify that:
- The entity identified in Part I is an entity that is organized in a possession of the United States;
- All of the owners of the entity identified in Part I are bona fide residents of the possession in which the NFFE is organized or incorporated; **and**
- The entity identified in Part I:
  - **(i)** Does not accept deposits in the ordinary course of a banking or similar business;
  - **(ii)** Does not hold, as a substantial portion of its business, financial assets for the account of others; **and**
  - **(iii)** Is not an insurance company (or the holding company of an insurance company) that issues or is obligated to make payments with respect to a financial account.

### Part XXVI Active NFFE

**39** ☐ I certify that:
- The entity identified in Part I is a foreign entity that is not a financial institution;
- Less than 50% of such entity's gross income for the preceding calendar year is passive income; **and**
- Less than 50% of the assets held by such entity are assets that produce or are held for the production of passive income (calculated as a weighted average of the percentage of passive assets measured quarterly). See the instructions for the definition of passive income.

### Part XXVII Passive NFFE

**40** ☑ I certify that the entity identified in Part I:
- Is a foreign entity that is not a financial institution (this category includes an entity organized in a possession of the United States that engages (or holds itself out as being engaged) primarily in the business of investing, reinvesting, or trading in securities, partnership interests, commodities, notional principal contracts, insurance or annuity contracts, or any interest in such security, partnership interest, commodity, notional principal contract, insurance contract, or annuity contract); **and**
- Is using this form to transmit withholding certificates and/or other documentation and has provided or will provide a withholding statement, as required.

### Part XXVIII Sponsored Direct Reporting NFFE

**41** Name of sponsoring entity: ▶

**42** ☐ I certify that the entity identified in Part I is a direct reporting NFFE that is sponsored by the entity identified on line 41.

### Part XXIX Certification

Under penalties of perjury, I declare that I have examined the information on this form, and to the best of my knowledge and belief, it is true, correct, and complete. Furthermore, I authorize this form to be provided to any withholding agent that has control, receipt, or custody of the income or proceeds for which I am providing this form or any withholding agent that can disburse or make payments of the amounts for which I am providing this form.

**I agree that I will submit a new form within 30 days if any certification made on this form becomes incorrect.**

**Sign Here** ▶

| | | |
|---|---|---|
| Signature of authorized official | James Holdsworth | 31-03-2024 |
| | Print Name | Date (MM-DD-YYYY) |

Form **W-8IMY** (Rev. 10-2021)

**Non-Qualified Intermediary / Flow Through Entity Withholding Statement - Fixed Recipients**

**Intermediary Information**

| | |
|---|---|
| **Name of Intermediary / Account Holder** | Ravenrose Family Partnership LLP |
| **Permanent Residential Address** | Office 7, 64 - 66 Wingate Square, London, SW4 0AF, United Kingdom |
| **Intermediary QI (Chapter 3) Entity Type** | Non-Withholding Foreign Partnership |
| **FATCA (Chapter 4) Status†** | NFFE—Passive NFFE with no Substantial U.S. Owners (20) |
| **US Employer Identification Number (if any)** | n.a. |
| **Foreign TIN** | ███████████ |

**Recipient Information\***

| Account Number If segregated by portolio, enter portfolio number | Recipient Name | Permanent Residence Address | Country of Tax Residence | US TIN (if any) | Foreign TIN (if any) | US / Non-US Status | Tax Form Type | FATCA (Chapter 4) Status† | QI (Chapter 3) Status† | Dividend Income | | Interest Income | | Other Income Please specify any other income type(s), applicable tax rate and the basis for reduced withholding. Otherwise leave blank or insert N/A | Income Allocation % Must total 100% per account |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | Tax Rate % | Basis for reduced rate N/A if no reduced rate applies | Tax Rate % | Basis for reduced rate N/A if no reduced rate applies | | |
| | James Luke Holdsworth | Lowick, Lincombe Lane, Boar's Hill, Oxford, OX1 5DZ, United Kingdom | UK | n.a. | ████████ | Foreign person | W-8BEN | Individual (23) | Individual (16) | 15% | Treaty rate | 0% | Treaty rate | - | 25% |
| | Elizabeth Rose Holdsworth | Lowick, Lincombe Lane, Boar's Hill, Oxford, OX1 5DZ, United Kingdom | UK | n.a. | ████████ | Foreign person | W-8BEN | Individual (23) | Individual (16) | 15% | Treaty rate | 0% | Treaty rate | - | 25% |
| | David John Melrose Holdsworth | 27th Floor, Block 46, Lower Baguio Villas, 550 Victoria Road, Hong Kong | Hong Kong | n.a. | ████████ | Foreign person | W-8BEN | Individual (23) | Individual (16) | 30% | Treaty rate | 30% | N/A | - | 50% |

**Certification:**
We hereby certify, under penalties of perjury, that the above information is true, correct and complete.

James Holdsworth
_____
**Signature of authorised official**

20-May-24
_____
**Effective Start Date**

ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS

## Request to Determine Foreign Vendor Tax Payments

For any questions regarding the taxability of your foreign vendor payment, please contact the Payment Management Branch by phone at 202-502-4829 or via email at tax_compliance@ao.uscourts.gov.  All Fields outlined in red are required.

Payee Name:  Clearwater Recovery Partners LLP                    Vendor Code: _____

**Amount to be paid** *(In Dollars)*:

Principal:  $ 1,033,929.82                         Interest *(if applicable)*: _____

**Type of Payment** *(select one)*:

❑  Restitution;

☑  Unclaimed Funds;

❑  Registry Funds;

❑  Criminal Bond;

❑  Contract;

❑  Criminal Justice Act *(Attorney)*;

❑  Criminal Justice Act *(Services Other than Counsel)*; or

❑  Other *(Explain)*:

_____

If a service contract or CJA vendor, will the service be performed in the United States?  _____

**Funding Information:**

| Fiscal Year | Fund | Budget Org | Cost Org | Object Code |
|---|---|---|---|---|

**Obligation:**

| Number | Type | Item Line | Accounting Line |
|---|---|---|---|

**Proposed Payment Method:**  Electronic Funds Transfer (EFT)

ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS

## Request to Determine Foreign Vendor Tax Payments

**If payment is to be made via international wire transfer, provide the following Bank information as applicable:**

Legal Name on Account: Clearwater Recovery Partners LLP

Account Holders Address:
PO Box 841951
Boston, MA 02284-1951
United States

### Receiving Bank
SWIFT Routing # or SWIFTBIC: _____

Bank Name: _____

Bank Address:

_____

Bank Account Number: _____

IBAN, BSB *(Australia)* or CLABE *(Mexico)*: _____

Sort Code: _____

### Domestic United States Intermediary Bank *(If applicable)*
ABA Routing # or SWIFTBIC: ███████

Bank Name: Valley National Bank

Bank Address:
350 Madison Avenue, 5th Floor
New York, NY 10017
United States

Bank Account Number: ███████

### International Intermediary Bank *(If applicable)*
SWIFT Bank Identifier Code (SWIFTBIC): _____

Bank Name: _____

Bank Address:

_____

Bank Account Number: _____

IBAN, BSB *(Australia)* or CLABE *(Mexico)*: _____

Sort Code: _____

Joshua Tucker
_____          _____
Name of Requester                          *Court Unit/FPDO*